UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FLOWSERVE CORPORATION, | ) | **NOTICE OF MOTION TO DISMISS** |
| | ) | **BURNS' COUNTERCLAIMS IV AND V** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-1294-JJF |
| | ) | |
| BURNS INTERNATIONAL SERVICES | ) | |
| CORPORATION and BORG-WARNER | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF/COUNTER-DEFENDANT, FLOWSERVE CORPORATION'S MOTION TO DISMISS BURNS INTERNATIONAL SERVICES CORPORATION'S COUNTERCLAIMS COUNTS IV AND V

PLEASE TAKE NOTICE, that upon the annexed affirmation of ERICH GLEBER, Esq, together with the pleadings and prior proceedings had herein, the Plaintiff/Counter-Defendant, FLOWSERVE CORPORATION (hereafter "FLOWSERVE"), through its attorneys, will move this court at a motion term thereof to be held at the United States Courthouse for the District of Delaware, on the return date to be determined by this Court, for an Order, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, granting FLOWSERVE's motion to dismiss BURNS INTERNATIONAL SERVICES CORPORATION'S ("BURNS") counterclaims IV and V. No prior request for this relief has been sought.

Dated: New York, New York
February _28_, 2005

Respectfully submitted,

*/s/ Ted McCullough*
_____
William Mahoney, Esq.
Gregory E. Rogus, Esq.
Ted McCullough, Esq.
Erich Gleber, Esq.
SEGAL McCAMBRIDGE SINGER & MAHONEY, LTD.
805 Third Avenue, 19th Floor
New York, NY 10022
(212) 912-3565
**Attorneys for Plaintiff**

and

_____
Danielle K. Yearick, Esq. (#3668)
TYBOUT, REDFEARN & PELL
300 Delaware Avenue, 11th Floor
P.O. Box 2092
Wilmington, DE 19899-2092
(302) 658-6901
**Local Counsel for Plaintiff**

419495-1                            2

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FLOWSERVE CORPORATION, | ) ) ) ) ) | **AFFIRMATION IN SUPPORT OF FLOWSERVE'S MOTION TO DISMISS BURNS' COUNTERCLAIMS IV AND V** |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 04-1294-JJF |
| BURNS INTERNATIONAL SERVICES CORPORATION and BORG-WARNER CORPORATION, | ) ) ) ) ) | |
| Defendants. | ) | |

Erich Gleber, an attorney admitted *pro hac vice* to this Court, under the penalties of perjury, hereby affirms the following:

1. I am associated with SEGAL McCAMBRIDGE SINGER & MAHONEY, LTD., attorneys for plaintiff/counter-defendant, Flowserve Corporation ("FLOWSERVE") in the above-referenced matter, and as such have access to the records maintained by this office and am fully familiar with the facts and circumstances set forth herein.

2. This affirmation is submitted in support of Flowserve's motion to dismiss BURNS INTERNATIONAL SERVICES CORPORATION ("BURNS") counterclaims IV and V pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. No prior request for this relief has been sought.

    **I.   PARTIES**

3. FLOWSERVE is a corporation organized under the laws of the State of New York with its principal office located at 5215 N. O'Connor Blvd., Suite 2300 in Irving, Texas.

4.  BURNS is a corporation organized under the laws of the State of Delaware with its principal office located in the State of New Jersey.

## II.  CORPORATE HISTORY

5.  In 1987, BWIP Acquisition Corporation purchased the stock of Borg-Warner Corporation's wholly-owned subsidiary Borg-Warner Industrial Products, Inc. ("1987 Sale"). As a result of the 1987 Sale, BWIP Acquisition Corporation acquired substantially all of Borg-Warner Industrial Products's assets, including, *inter alia*, products manufactured and sold under the trade name Byron Jackson.  The underlying dispute arises from breach and anticipatory breach of the seller's contractual indemnification obligations to the buyer, established pursuant to the 1987 Sale, for a series of asbestos-related personal injury claims alleging asbestos exposure from products manufactured prior to 1987 brought in various jurisdictions throughout the United States ("Underlying Asbestos Claims").

6.  Through a series of corporate successions, the named parties to the instant motion, FLOWSERVE and BURNS, have acquired their respective indemnification rights and obligations through the original buyer ("BWIP Acquisition Corporation") and seller ("Borg-Warner Corporation") to the 1987 Sale.  Flowserve has succeeded to the rights of BWIP Acquisition Corporation, while Burns (and/or Borg-Warner Corporation, upon information and belief now Burns) has succeeded to the rights and obligations of Borg-Warner Corporation.  A more extensive explanation of the corporate history and relationships of the parties is provided in ¶¶9-18 of Flowserve's Complaint, attached hereto as Exhibit A.

## II  PROCEDURAL HISTORY

7.  On or about September 24, 2004, FLOWSERVE filed a Complaint in this Court seeking *inter alia* a declaration that FLOWSERVE is entitled to indemnification pursuant to a 1987 stock purchase agreement for asbestos-related claims based on pre-1987 exposure to products.

manufactured by Borg-Warner Corporation or Borg Warner Industrial Products, Inc. ("Underlying Asbestos Claims"). Exh. A.

8. On or about January 10, 2004, BURNS filed an Answer and Counterclaims to FLOWSERVE'S Complaint. Burns' Answer and Counterclaims, attached hereto as Exhibit B.

## II. BURNS' THIRD PARTY COUNTERCLAIMS IV AND V

9. BURNS has asserted, *inter alia*, two counterclaims against FLOWSERVE for restitution (Counterclaim IV) and unjust enrichment (Counterclaim V), both of which seek payment from FLOWSERVE in the amount of $10,000,000 for insurance benefits allegedly wrongfully received by FLOWSERVE from Borg-Warner Corporation's insurance carriers.

10. The counterclaims allege that FLOWSERVE received an unspecified benefit from BURNS which provided FLOWSERVE with "a defense and indemnity in the Underlying Asbestos Claims through insurance carried by Borg-Warner." Exh. B, Counterclaim IV, ¶30.

11. BURNS has neither bestowed, nor alleged that it has bestowed, any monetary benefit upon FLOWSERVE. BURNS' counterclaims for restitution and unjust enrichment merely allege that Borg-Warner Corporation's insurance carriers have purportedly provided FLOWSERVE with benefits, including defense and indemnity for Underlying Asbestos Claims against FLOWSERVE. Exh. B, Counterclaim IV ¶30.

12. Leaving aside the issue of whether or not Borg-Warner Corporation's carriers have in fact bestowed unwarranted defense and indemnification benefits upon FLOWSERVE -- allegations that FLOWSERVE vigorously denies – BURNS does not have standing to assert claims for restitution and/or unjust enrichment where the alleged monetary benefit to FLOWSERVE was provided by a third-party insurance carrier and not by BURNS.

3

13.   Under Delaware law, a person who has not personally provided a benefit to another does not have legal standing to assert a claim for restitution or unjust enrichment. (See annexed memo of law)

14.   BURNS has not given anything, nor alleged that it has given anything, to FLOWSERVE. Exh. B, Counterclaim IV ¶30. Accordingly, BURNS does not have legal standing to assert a claim for restitution or unjust enrichment against FLOWSERVE.

15.   In sum, there is no factual or legal basis set forth in BURNS' counterclaims IV or V that would entitle BURNS' to the restitution sought therein.

**WHEREFORE**, it is respectfully requested that the Court issue an Order dismissing BURNS' counterclaims IV (Restitution) and V (Unjust Enrichment) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for BURNS' failure to state a claim upon which relief can be granted.

Dated: New York, New York
      February 28, 2005

                              Respectfully submitted,

                              _____
                              Erich Gleber, Esq.

                              SEGAL McCAMBRIDGE SINGER & MAHONEY, LTD.
                              805 Third Avenue, 19th Floor
                              New York, NY 10022
                              (212) 912-3665
                              **Attorneys for Plaintiff/Third Party Defendant Flowserve Corporation**