UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FLOWSERVE CORPORATION, | ) ) ) ) | **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS BURNS' COUNTERCLAIMS IV AND V** |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 04-1294-JJF |
| BURNS INTERNATIONAL SERVICES CORPORATION and BORG-WARNER CORPORATION, | ) ) ) ) | |
| Defendants. | ) | |

The Plaintiff/Counter-Defendant, FLOWSERVE CORPORATION (hereafter "Flowserve"), through its attorneys, hereby respectfully submits the following Memorandum of Law to the Court supporting its motion to dismiss BURNS INTERNATIONAL SERVICES CORPORATION'S ("Burns") counterclaims IV and V pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

I.  **MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) IS APPLICABLE WHERE PLAINTIFF FAILS TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED**

A motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure is warranted if it appears beyond doubt, based on allegations contained in the complaint or counterclaim, that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Jung v. Association of American Medical Colleges*, 339 F.Supp.2d 26 (D.D.C., 2004). Such a motion can be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Sprint Telephony PCS, L.P. v. County of San Diego*, 311 F. Supp.2d 898 (S.D.Cal., 2004).

A court's inquiry on a Rule 12(b)(6) motion is whether the challenged pleadings set forth allegations sufficient to make out the elements of right to relief. *Branch Intern. Services, Inc. v. Budde*, 890 F.Supp. 659 (E.D.Mich.S.Div., 1995).

## II    BURNS' COUNTERCLAIMS IV AND V FAIL TO MAKE OUT A COGNIZABLE LEGAL CLAIM AND SHOULD BE DISMISSED AS A MATTER OF LAW

Burns' counterclaims against Flowserve for Restitution (Counterclaim IV) and Unjust Enrichment (Counterclaim V) should be dismissed for failure to state a claim for which relief can be granted. Both counterclaims seek payment from Flowserve in the amount of $10,000,000 for insurance benefits alleged to have been wrongfully received by Flowserve from Borg-Warner Corporation's insurance carriers. Exh. B. Burns neither bestowed, nor alleged in its pleadings that it bestowed, any monetary benefit upon Flowserve.[1] Nevertheless, Burns asserts counterclaims for restitution and unjust enrichment based solely upon allegations in its pleadings that Borg Warner Corporation's insurance carriers ("Borg Warner's carriers") purportedly provided Flowserve with benefits to which Flowserve was not entitled, including defense and indemnity for Underlying Asbestos Claims against Flowserve. Exh. B. Burns does not have legal standing under the law of restitution and unjust enrichment to seek compensation from Flowserve for monies alleged to have been paid by a third party, i.e. Borg Warner's carriers. Accordingly, accepting each of Burns' allegations in its pleadings as true, Burns' counterclaims IV and V should be dismissed with prejudice.

Delaware Courts follow the Restatement of Restitution's legal analysis of the law of restitution and unjust enrichment. *See Highlands Insurance Group v. Halliburton*, 852 A.2d 1 (Ch. 2003); *Willingham v. Kraul Music Inc.*, 505 A.2d 34 (Super.Ct. 1985); *Chrysler Corp. v. Airtemp Corp.*, 426

---

[1] The only benefit alleged by Burns conferred on Flowserve is the defense and indemnity provided to Flowserve "*through insurance carried by Borg Warner*." Exh. B, Counterclaim IV, ¶30. Thus, pursuant to the terms of the allegation, the Borg Warner carriers, and not Burns, actually conferred the alleged benefit – if at all – upon Flowserve.

2

A.2d 845 (Super. Ct. 1980). According to the Restatement First of Restitution §1, "A person who has been unjustly enriched at the expense of another is required to make restitution to the other."

For a court to order restitution, it must first find that a defendant was unjustly enriched at the expense of the plaintiff. *Schock v. Nash*, 732 A.2d 217 (1999). Unjust enrichment is defined as the "unjust retention of a benefit to the loss of another, or the retention of money or property of another against the fundamental principles of justice or equity and good conscience." *Schock v. Nash*, 732 A.2d at 232.

A person confers a benefit upon another if he "gives to the other possession of, or some other interest in, money, land, chattels, or choses in action, performs services beneficial to or at the request of the other, or in any way adds to the other's security or advantage." Restatement First of Restitution, § 1, Comment b. "Even where a person has received a benefit from another, he is liable to pay only if the circumstances of its receipt or retention are such that, *as between the two persons*, it is unjust for him to retain it." Restatement First of Restitution, § 1, Comment c (emphasis added).

Ordinarily, party A can seek restitution from party B if party B has been enriched at the expense of party A. However, if party A and party B enter into a contract, and third party C gains some benefit from that contract, party A does not have standing to collect restitution from party C. *See Chrysler Corp. v. Airtemp Corp.*, 426 A.2d 845 (Sup.Ct. 1980). In *Chrsyler*, the Delaware Superior Court held that the defendant company, Airtemp (Party "C") was a third-party beneficiary of a contract between the plaintiff Chrysler (Party "A") and another company, Fedders (Party "B"). Accordingly, Chrysler had standing to seek restitution from Fedders but not from Airtemp. Chrysler had no contractual relationship with Airtemp and, thus, could not seek restitution from Airtemp. *Chrysler Corp. v. Airtemp Corp.*, 426 A.2d 845.

Here, Flowserve is similar to Airtemp, the third-party beneficiary in *Chrysler*.[2] Burns alleges that it provided Flowserve with a benefit "through the Borg Warner carriers." Exh. B. Counterclaim IV, ¶30. Accordingly, Flowserve is alleged to have received insurance benefits as a third-party beneficiary to the insurance contract(s) between Burns (as successor in interest to Borg Warner Corportion) and the Borg Warner carriers. As in *Chrysler*, Burns does not have a right to restitution from the alleged third-party beneficiary Flowserve for monies allegedly paid by the Borg Warner insurance carriers.

Even where a payor confers a benefit upon a payee based on a mistake in law, and a third-party stakeholder later asserts a legal right to the payment wrongfully made to the payee, the third-party has no standing to assert a claim for restitution or unjust enrichment against the payee. *Home Ins. Co. v. Honaker*, 480 A.2d 652 (1984); *see also* Restatement First of Restitution, § 45, Comment c (principal may not seek restitution from payee where agent paid debt on behalf of principal for which no actual duty in law existed).

Similarly, Burns has not alleged that it has personally given any benefit to Flowserve and, thus, does not have legal standing to seek equitable restitution from Flowserve. In its pleadings, Burns has alleged only that a third party, Borg Warner's carriers, bestowed a benefit on Flowserve by providing defense and indemnity for certain asbestos-related claims. Under the law of restitution and unjust enrichment, however, Burns cannot stand in the shoes of third-party insurance companies in order to seek restitution from Flowserve for a benefit allegedly provided solely by the carriers. *Compare Highlands Insurance Group v. Halliburton*, 852 A.2d 1, 8 (Ch. 2003) (Insurance company payor entitled to restition from insured for improper payments to third party asbestos claimants). Under the facts alleged in Burns' pleadings, the payor/payee relationship that gives rise to any putative claim for

---

[2] In Chrysler, third party Airtemp had received payment from Chrysler, the party seeking restitution, even though the court found no right to restitution. In the present case, in contrast, there is no allegation at all that Burns ever paid monies to third-party beneficiary Flowserve.

restitution exists – if at all – between Borg Warner's carriers and Flowserve, not between Burns and Flowserve.

In sum, Burns does not allege that it paid Flowserve the monies Burns now seeks in restitution in counterclaims IV and V; such monies were allegedly paid to Flowserve – if at all – by Borg Warner's insurance carriers. Since Flowserve did not receive any payment from Burns, Burns cannot claim that Flowserve was unjustly enriched at Burns' expense. Accordingly, under Delaware law, Burns cannot demonstrate a loss that would establish standing to assert a claim against Flowserve for restitution or unjust enrichment.

## CONCLUSION

For all of the foregoing reasons, it is respectfully requested that the Court issue an Order dismissing Burns' counterclaims IV and V pursuant to Rule 12(b)(6) of the Federal Rule of Civil Procedure.

Respectfully submitted,

William Mahoney, Esq.
Gregory E. Rogus, Esq.
Ted McCullough, Esq.
Erich Gleber, Esq.
SEGAL McCAMBRIDGE SINGER & MAHONEY, LTD.
805 Third Avenue, 19th Floor
New York, NY 10022
(212) 912-3665
**Attorneys for Plaintiff**

Danielle K. Yearick, Esq. (#3668)
TYBOUT, REDFEARN & PELL
300 Delaware Avenue, 11th Floor
P.O. Box 2092
Wilmington, DE 19899-2092
(302) 658-6901
**Local Counsel for Plaintiff**

5

## CERTIFICATE OF SERVICE

I, DANIELLE K. YEARICK, ESQUIRE, certify that I have had deposited in the mailbox at 300 Delaware Avenue, Wilmington, Delaware, on this _1_ day of _March_, 2005, true and correct copies of the attached document, addressed to:

Francis J. Murphy, Esquire
MURPHY, SPADARO & LANDON
1011 Centre Road, Suite 210
Wilmington, DE 19805

DANIELLE K. YEARICK
TYBOUT, REDFEARN & PELL
300 Delaware Avenue, 11th Floor
P.O. Box 2092
Wilmington, DE 19899-2092
(302) 658-6901