## STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING

This action arises out of a dispute between plaintiff Flowserve Corporation ("Flowserve") and defendant Burns International Services Corporation ("Burns") over which of them is ultimately liable for tens of thousands of pending underlying asbestos product liability claims and future claims brought by individual plaintiffs for personal injuries allegedly caused by exposure to asbestos from Byron Jackson pumps and other industrial products. Flowserve filed this action on September 24, 2004. Flowserve's Complaint contains four counts and, among other things, seeks a declaratory judgment as to the meaning and application of certain indemnity provisions which control the liability issue. Burns answered the Complaint and asserted a Counterclaim containing six counts, including two counts seeking a declaratory judgment in its favor on the same indemnity provisions cited by Flowserve. A resolution of this action will ultimately turn on the Court's interpretation of the provisions in the written indemnity agreements.

Burns' Counterclaim also seeks relief in the form of damages based on restitution (Count IV) and unjust enrichment (Count V). Those Counts relate to insurance benefits that Flowserve has obtained under policies that are the property of Burns and that Burns provided to Flowserve with the understanding that Flowserve was acknowledging liability, as between Burns and Flowserve, for the underlying Byron Jackson asbestos claims. In Burns view, if Flowserve is now claiming that it is not responsible for the underlying claims, it is hardly entitled to Burns' insurance proceeds. Flowserve has moved, under Fed. R. Civ. Pro. 12(b)(6) to dismiss Counts IV and V of Burns' Counterclaim. This is Burns' answering brief in opposition to Flowserve's motion.

120168

1

## STATEMENT OF FACTS[1]

Flowserve is a corporation organized under the laws of the State of New York and its principal office is located in Texas. CC at 10. Burns is a Delaware corporation and its principal office is located in New Jersey. CC at 10. Federal jurisdiction in this matter is based upon diversity of citizenship under 28 U.S.C. § 1332. CC at 10.

### Flowserve Corporation

Flowserve alleges that it is the corporate successor of BWIP Acquisition Corporation ("BWIP-AC") and Borg-Warner Industrial Products, Inc. ("BWIP") so that it is entitled to the benefit of, and liable under, the indemnity provisions mentioned below. Complaint ¶18; CC at 10-12. Prior to 1987, BWIP was a wholly owned subsidiary of Borg-Warner Corporation ("Borg-Warner"). CC at 10-12. During the period from approximately 1955 to 1987, Borg-Warner, either directly or through BWIP, manufactured and sold Byron Jackson industrial pumps. CC at 1. In a March 12, 1987 Stock Purchase Agreement, BWIP-AC purchased all of the stock of BWIP from Borg-Warner (the "1987 Stock Sale"). CC at 3, 10. As part of the 1987 Stock Sale transaction, BWIP acquired all of the Byron Jackson industrial pump business. CC at 3. Because BWIP-AC purchased all of the stock of BWIP in the same transaction, it thereby acquired the Byron Jackson industrial pump product line. CC at 3, 11.

---

[1] The Statement of Facts is drawn from Burns' Answer and Counterclaims (Exhibit A hereto), and therefore must be taken as true for purposes of Flowserve's motion to dismiss. See Argument at 9. Citations to pages of the Answer and Counterclaims will be denoted "CC at ___."

After the 1987 transaction closed, BWIP continued to manufacture and sell the Byron

Jackson pump line, and operated as a subsidiary of BWIP-AC. CC at 11. Through a series of

corporate transactions, Flowserve alleges that it succeeded to the rights and liabilities of BWIP-

AC. CC at 2.

### Burns International Services Corporation

Burns International Services Corporation is a Delaware corporation. CC at 10. Burns is

entitled to the rights and benefits of the 1987 Stock Purchase Agreement and is responsible for

the original Borg-Warner's contractual indemnity obligations, if any, under the Agreement. CC at

4, 8, 11. Burns is engaged in the security business and has never manufactured or sold Byron

Jackson pumps. CC at 1.

### The Underlying Asbestos Claims

After BWIP-AC (for purposes of this motion, "Flowserve") acquired the Byron Jackson

pump line, numerous asbestos-related product liability lawsuits were filed in various jurisdictions

throughout the United States (the "Underlying Asbestos Claims") related to alleged asbestos

exposure from Byron Jackson pumps. CC at 13. Some of the suits have been served on

Flowserve, and others name Borg-Warner or Burns. CC at 5-7. To date, the Underlying

Asbestos Claims have been sent to Burns and tendered by Burns to insurance carriers providing

products liability coverage under insurance policies carried by Borg-Warner. CC at 13. Until

recently, the insurers have been providing a complete defense and full indemnity for the

Underlying Asbestos Claims for both Burns and Flowserve. CC at 13.

Within the past year, however, insurers under the primary insurance policies carried by

Borg-Warner announced that their limits of liability had been exhausted and that they will no

longer pay for the defense or indemnity of the Underlying Asbestos Claims under these primary

policies. CC at 13. Certain umbrella insurance carriers providing excess coverage under policies carried by Borg-Warner have indicated that they will pay a portion of the continuing defense and indemnity expenses, but these insurers have not agreed to pay 100% of these expenses. CC at 13.

Recently, in connection with one of the Underlying Asbestos Claims in which Burns was named as a defendant, Burns was advised that the insurance carriers that had been providing the defense and indemnity for the claim would not pay 100% of the defense and indemnity costs associated with that claim or any other Underlying Asbestos Claims. CC at 13. Immediately upon learning that 100% of the defense and indemnity would not be paid by the insurance carriers, Burns made a demand upon Flowserve for defense and indemnity under the terms of the 1987 Stock Purchase Agreement. CC at 13. Flowserve denied it had any obligation under the Agreement to provide such defense or indemnity and refused Burns' demand. CC at 13-14.

### The Indemnity Provisions at Issue

On March 12, 1987, Borg-Warner and BWIP-AC entered into the Stock Purchase Agreement pursuant to which Borg-Warner sold all of the stock of BWIP (and hence the Byron Jackson pump product line) to BWIP-AC. CC at 10-11. Section 9.04 of the 1987 Stock Purchase Agreement contains the indemnity provisions. CC at 11. Section 9.04(a) of the Agreement sets forth Borg-Warner's indemnity obligations to BWIP-AC and its subsidiaries, CC at 11, which obligations are now the responsibility of Burns. CC at 8. Section 9.04(b) sets forth BWIP-AC's indemnity obligations (assumed by Flowserve) to Borg-Warner and its subsidiaries and Burns. CC at 11.

Section 9.04(b) of the Agreement provides, in part:

120168                                                4