# EXHIBIT A

00071306.DOC

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FLOWSERVE CORPORATION )<br>)<br>) C.A. No.: 04-1294-JJF<br>Plaintiff, )<br>)<br>v. )<br>)<br>BURNS INTERNATIONAL SERVICES )<br>CORPORATION and BORG-WARNER )<br>CORPORATION, )<br>)<br>Defendants. )<br>) | |

ANSWER AND COUNTERCLAIMS OF DEFENDANT
BURNS INTERNATIONAL SERVICES CORPORATION

Defendants Burns International Services Corporation ("Burns") states as its answer to the Complaint filed by plaintiff Flowserve Corporation ("Flowserve") as follows:

FIRST DEFENSE

Response to Preliminary Statement

Burns submits the following response to the "Preliminary Statement" alleged by Flowserve. Burns denies that it has any obligation to defend or indemnify Flowserve for asbestos-related product liability lawsuits now pending or hereafter filed arising out of the manufacture and sale of Byron Jackson industrial pumps. Burns denies that it ever manufactured or sold Byron Jackson pumps. Burns admits that Borg-Warner Corporation ("Borg-Warner") manufactured and sold Byron Jackson industrial pumps through its Byron Jackson Division and/or subsidiaries from approximately 1955 until 1987. Burns further admits that all of the businesses of Borg-Warner's Byron Jackson Division were transferred to Borg-Warner's wholly

00116653

owned subsidiary, Borg-Warner Industrial Products, Inc. ("BWIP"), or to wholly owned subsidiaries of BWIP, and thereafter all of the stock of BWIP was sold to BWIP Acquisition Corporation ("BWIP-AC") pursuant to a Stock Purchase Agreement. Burns further admits that, in connection with the BWIP stock sale, BWIP-AC expressly indemnified Borg-Warner for, among other things, all products liability claims arising out of its prior manufacture and sale of Byron Jackson industrial pumps and that, as the result of transactions undertaken in connection with the liquidation of Borg-Warner, Burns is entitled to the benefits of those indemnity provisions. Burns further admits that Flowserve has alleged that, through a series of corporate mergers, Flowserve succeeded to the rights and liabilities of BWIP-AC under the 1987 BWIP Stock Purchase Agreement. Burns lacks knowledge or information sufficient to form a belief as to the truth of those allegations. Any allegations made in Flowserve's "Preliminary Statement" not specifically admitted or denied herein are denied.

### Response to Numbered Paragraphs of the Complaint

1. Admitted on information and belief.

2. Admitted, except deny that Burns' principal office is located in Chicago, Illinois.

3. Denied. The Borg-Warner Corporation identified in the Complaint no longer exists.

4. Admitted.

5. Admitted, except deny any breach or anticipatory breach by Defendants.

6. Admitted that venue is proper in Delaware. Denied that any choice of law provision establishes venue in Delaware.

7. Admitted that in 1987, BWIP-AC purchased all the stock of Borg-Warner's wholly-owned subsidiary BWIP ("1987 Stock Sale") and that, as a result of the 1987 Stock Sale, BWIP-AC acquired the businesses that manufactured and sold substantially all of Borg-Warner's industrial products, including the businesses that manufactured and sold Byron Jackson industrial pumps. Denied that there has been has been any breach or anticipatory breach by Burns or Borg-Warner of any of their obligations arising out of the 1987 Stock Sale, including indemnification obligations pertaining to any asbestos-related personal injury claims based upon products manufactured and sold prior to the 1987 Stock Sale ("Underlying Asbestos Claims"). All other allegations made in paragraph 7 not expressly admitted or denied herein are denied.

8. Burns lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 8.

9. Admitted that, in or around 1983, Borg-Warner incorporated BWIP and that BWIP was wholly owned and operated by Borg-Warner until 1987. Admitted that Byron Jackson pumps were manufactured and sold by Borg-Warner and/or its subsidiaries and/or division(s) since at least 1955. All other allegations made in paragraph 9 not expressly admitted herein are denied.

10. Admitted that, on or about March 12, 1987, Borg-Warner and BWIP-AC entered into a Stock Purchase Agreement (the "1987 Stock Purchase Agreement") pursuant to which Borg-Warner sold all of the stock of BWIP to BWIP-AC. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations made in paragraph 10 and therefore deny the same and demand strict proof thereof.

11. Admitted, on information and belief that, on or about May 1, 1987, BWIP-AC sent to Borg-Warner the letter attached as Exhibit B to the Complaint herein. The May 1, 1987 letter speaks for itself. All other allegations made in paragraph 11 not expressly admitted herein are denied.

12. Burns lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 12.

13. Burns lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 13.

14. Denied.

15. Admitted that, in 1987, a private group of investors organized a leveraged buyout of the outstanding stock of Borg-Warner. All other allegations made in paragraph 15 not expressly admitted herein are denied.

16. Denied.

17. Admitted that, on or about July 6, 1999, Borg-Warner Security Corporation changed its name to "Burns International Services Corporation". Further admitted that Burns is entitled to the rights and benefits of the indemnity provisions of the 1987 Stock Purchase Agreement and is responsible for Borg-Warner's contractual indemnity obligations, if any, under the 1987 Stock Purchase Agreement. All other allegations made in paragraph 17 not expressly admitted herein are denied.

18. Burns lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 18.

19. Admitted, that the parties to the 1987 Stock Sale executed the 1987 Stock Purchase Agreement dated as of March 12, 1987, that the Agreement was 125 pages in length and included various schedules and one or more subsequent amendments not attached as part of Exhibit A to the Complaint. Further admitted that the 1987 Stock Purchase Agreement was intended to govern the transaction. All other allegations made in paragraph 19 not expressly admitted herein are denied.

20. Admitted that the 1987 Stock Purchase Agreement contains indemnification provisions in section 9.04. The Agreement speaks for itself. All other allegations made in paragraph 20 not expressly admitted herein are denied.

21. Denied. The 1987 Stock Purchase Agreement speaks for itself.

22. Denied. The 1987 Stock Purchase Agreement speaks for itself.

23. Denied. The 1987 Stock Purchase Agreement speaks for itself.

24. Denied.

25. Denied.

26. Denied that the May 1, 1987 letter is quoted accurately.

27. Admitted that, at the time the May 1, 1987 letter was sent, certain collectible primary, umbrella and excess insurance policies were in place that provided, *inter alia*, defense and indemnification coverage for products that had been manufactured and sold by Borg-Warner prior to March 12, 1987. All other allegations made in paragraph 27 not expressly admitted herein are denied.

28. Admitted that Flowserve has been served with complaints in the Underlying Asbestos Claims and that, pursuant to the terms of the May 1, 1987 letter, Flowserve sought and

obtained, subject to Burns' reservations of rights, coverage for such claims under insurance carried by Borg-Warner. All other allegations made in paragraph 28 not expressly admitted herein are denied.

29. Denied.

30. Admitted that certain primary insurance carriers providing coverage for product liability claims arising out of the manufacture and sale of Byron Jackson industrial pumps provided Flowserve with defense and indemnification for the Underlying Asbestos Claims and that at least one of these primary insurers now contend that said defense and indemnification coverage was subject to a reservation of rights. All other allegations made in paragraph 30 not expressly admitted herein are denied.

31. Admitted that, prior to the filing of this action by Flowserve, a lawsuit captioned Continental Casualty Company. et al. v. Borg-Warner. Inc.. et al., Case No. 04CH01708, was filed in the Circuit Court of Cook County, Illinois, Chancery Division (hereinafter referred to as the "Coverage Lawsuit") by certain primary and excess general insurance carriers against Flowserve and others seeking a declaratory judgment as to, among other things, the scope of coverage under certain insurance policies issued to Borg-Warner with respect to claims for bodily injury arising out of the manufacture and sale of asbestos-containing products. All other allegations made in paragraph 31 not expressly admitted herein are denied.

32. Admitted that the insurers in the Coverage Lawsuit contend that the limits of the primary insurers liability have been exhausted and that various umbrella/excess insurers also dispute the scope of coverage for asbestos product liability claims filed against Flowserve and