Underlying Asbestos Claims. Burns has done so with the express understanding that Flowserve was asserting its rights under the May 1, 1987 letter because Flowserve recognized and agreed that it was the legal successor to BWIP and was responsible for Losses arising out of the Underlying Asbestos Claims to the extent such Losses were not covered by insurance carried by Borg-Warner.

26. More recently, however, following purported exhaustion of the primary coverage, when one or more of the insurance carriers providing umbrella coverage under the Borg-Warner policies refused to pay the full amount of defense costs and settlement payments in the Underlying Asbestos Claims, Flowserve disavowed its liability for Losses arising out of such Claims. Instead, Flowserve now contends that it is not responsible for such Losses and that it is entitled to indemnity for such Losses under heretofore unmentioned indemnity provisions of the 1987 Stock Purchase Agreement.

27. Had Burns known that Flowserve intended to disavow its responsibility for Losses arising out of the Underlying Asbestos Claims, it would not have allowed Flowserve to obtain the benefit of the available insurance to cover such Claims because the terms of the May 1, 1987 letter apply only to Losses for which Flowserve is responsible in the absence of insurance carried by Borg-Warner.

28. An actual controversy exists between the parties concerning that parties' rights and obligations under the terms of the May 1, 1987 letter.

Wherefore, Defendant/Counter-plaintiff Burns International Services Corporation prays that a declaratory judgment be entered in its favor and against Plaintiff/Counter-defendant Flowserve Corporation and that the Court:

(a)     Declare that Flowserve was not and is not entitled to obtain the benefits of any insurance carried by Borg-Warner for the defense and indemnity of the Underlying Asbestos Claims or any other claims for which Flowserve contends it is not responsible;

(c)     Declare and order that Flowserve shall not further seek, nor be granted, any further access to or any further benefits from any insurance carried by Borg-Warner for the Underlying Asbestos Claims or any claims which Flowserve contends it is not responsible;

(d)     Order Flowserve to pay to Burns the sum of not less than $10,000,000 or such further amount as determined by the proofs to reimburse Burns for the full value of all benefits Flowserve has received to date under any policy of insurance carried by Borg-Warner, including the value of all defense and indemnity payments made on its behalf or on behalf of any of its affiliates or subsidiaries, to the extent such payments were made with respect to the Underlying Asbestos Claims or any other claims for which Flowserve claims it is not responsible;

(e)     Award Burns its costs of suit, including reasonable attorney's fees; and

(f)     Grant such other or further relief as the Court deems just.

## COUNT IV
## ACTION FOR RESTITUTION

29.     Burns incorporates and re-alleges paragraphs 1 through 15 and 23 through 28 above as paragraph 29 of this Count IV.

30.     Burns conferred a substantial benefit on Flowserve by providing it with a defense and indemnity in the Underlying Asbestos Claims through insurance carried by Borg-Warner.

31.     Burns conferred this benefit upon Flowserve because of its mistaken belief that Flowserve, by requesting Burns to provide such defense and indemnity pursuant to the May 1,

18

1987 letter, was acknowledging its responsibility for the Underlying Asbestos claims to the extent the Claims were not covered by insurance carried by Borg-Warner.

32.  Had Flowserve disavowed its ultimate responsibility for the Underlying Asbestos Claims in the absence of insurance carried by Borg-Warner, Burns never would have tendered the Underlying Asbestos Claims to the available insurance carriers, except in those cases where Burns was named as a defendant, and would have preserved such insurance coverage for itself and any others entitled to the benefits of the insurance coverage.

33.  Burn's mistake caused the conferring of the foregoing benefit upon Flowserve.

Wherefore, Defendant/Counter-plaintiff Burns International Services Corporation prays that a judgment be entered in its favor and against Plaintiff/Counter-defendant Flowserve Corporation and that the Court:

(a)  Order restitution to Burns of the sum of not less than $10,000,000, or the full value of the insurance benefits Flowserve has received to date for the defense and indemnity of the Underlying Asbestos Claims and any other claims for which it contends it is not responsible;

(b)  Award Burns its costs of suit, including reasonable attorney's fees; and

(c)  Grant such other or further relief as the Court deems just.

## COUNT V
### ACTION FOR UNJUST ENRICHMENT

34.     Burns incorporates and re-alleges paragraphs 29 through 33 above as paragraph 34 of this Count V.

35.     Flowserve has realized in excess of $10,000,000 in insurance benefits by wrongfully seeking insurance coverage under the terms of the May 1, 1987 letter for claims which it now contends it is not responsible.

36.     Flowserve's retention of these benefits, to the detriment of Burns, is contrary to fundamental principles of equity and good conscience.

37.     By reason of its actions, Flowserve has been unjustly enriched and should be required to disgorge the full value of its ill-gotten gains.

Wherefore, Defendant/Counter-plaintiff Burns International Services Corporation prays that a judgment be entered in its favor and against Plaintiff/Counter-defendant Flowserve Corporation and that the Court:

(a)     Order Flowserve to pay to Burns the sum of not less than $10,000,000, or the full value of the insurance benefits Flowserve has received to date for the defense and indemnity of the Underlying Asbestos Claims and any other claims for which it contends it is not responsible;

(b)     Award Burns its costs of suit, including reasonable attorney's fees; and

(c)     Grant such other or further relief as the Court deems just.

## COUNT VI
### ACTION FOR COMMON LAW INDEMNITY

38. Burns incorporates and re-alleges paragraphs 1 through 15 above as paragraph 38 of this Count VI.

39. On information and belief, Flowserve is the legal successor by merger to BWIP and all the businesses that manufactured Byron Jackson industrial pumps containing asbestos.

40. As the legal successor to these businesses, Flowserve is responsible as a matter of law for all claims arising out of the manufacture and sale of the products produced by these businesses including specifically any asbestos containing Byron Jackson industrial pumps.

41. Burns has been named as a defendant in numerous Underlying Asbestos Claims.

42. Burns has never manufactured or sold Byron Jackson pumps and had no responsibility for the manufacture or sale of any Byron Jackson pumps.

43. Burns, as the sole and proximate result of the actions of Flowserve and its predecessors, has incurred and will continue to incur substantial legal fees and expenses in defending itself in, and in arranging and assisting in the defense of, the Underlying Asbestos Claims and related litigation brought by third-parties.

44. Burns became involved in and incurred these expenses solely because of the tortious conduct of Flowserve and its predecessors.

45. By reason of the foregoing, Burns is entitled to indemnity from Flowserve under common law principles for all expenses it has incurred in connection with its defense of the Underlying Asbestos Claims.

Wherefore, Defendant/Counter-plaintiff Burns International Services Corporation prays that a judgment be entered in its favor and against Plaintiff/Counter-defendant Flowserve Corporation and that the Court:

(a)  Order Flowserve to indemnify and reimburse Burns for all costs and expenses, including reasonable attorneys' fees, it has incurred and will incur in the defense of the Underlying Asbestos Claims;

(b)  Award Burns its costs of suit, including reasonable attorney's fees; and

(c)  Grant such other or further relief as the Court deems just.

MURPHY SPADARO & LANDON

*/s/ Francis J. Murphy*
Francis J. Murphy, I.D. No. 223
1011 Centre Road, Suite 210
Wilmington, DE 19805
Tel: (302) 472-8100
Fax: (302) 472-8135
E-Mail: Fmurphy@msllaw.com

Attorneys for Defendant Burns International Services Corporation