1998 WL 83068, Union Texas Petroleum Holdings, Inc. v. Travelers Indemnity Co., (Del.Ch. 1998)      Page 4

plaintiffs' claim under its policies in order for plaintiffs to assert a question of liability under its insurance contract. (FN13) To the contrary, "[t]he question of liability under insurance contracts has proved to be particularly susceptible to declaratory adjudication.... [I]t is now generally accepted that declaratory relief is appropriate for settlement of the question of liability of the insurance carrier; and, according to the decided weight of authority the issue of such liability is ripe for adjudication even though judgment has not been obtained against the party who asserts coverage." (FN14)

Neither must plaintiffs submit their claims to Allied-Signal (and presumably be rejected by Allied-Signal) in order to assert a legally cognizable claim. Plaintiffs have a very real and obvious interest in knowing whether the Settlement Agreement has altered or terminated altogether their pre-1985 coverage under the Travelers policies. In their current position, plaintiffs remain exposed to the risk of additional defense costs and damages, both with respect to this action and other potential actions. Thus, I find that plaintiffs' claims are ripe for adjudication and decline to dismiss them on this ground.

C. *Subject Matter Jurisdiction*

**\*5** Defendants further maintain that, even if the Court finds this controversy ripe for adjudication, this Court must still dismiss plaintiffs' Amended Complaint because it lacks subject matter jurisdiction over the suit. Defendants correctly assert that the Court of Chancery has jurisdiction over a claim for declaratory relief only if equity would independently have subject matter jurisdiction over the controversy without reference to the declaratory judgment statute. (FN15) Thus, "the Court of Chancery has jurisdiction over a declaratory judgment action only if there exists an underlying basis for equity jurisdiction measured by traditional standards...." (FN16)

Defendants argue that plaintiffs fail to assert claims that provide the necessary underlying basis for equity jurisdiction. First, defendants assert that plaintiffs' fiduciary claim, which is indisputably within the ambit of equity jurisdiction, "is of no significance" because plaintiffs have not alleged facts to support it and the claim, therefore, cannot provide the required basis in equity to support this Court's jurisdiction over a declaratory judgment action. (FN17) Second, having declared plaintiffs' fiduciary duty claim a nullity, defendants argue that plaintiffs cannot invoke the Court's equitable jurisdiction based solely on their request for injunctive relief, because this form of relief is not complementary to the declaratory judgment claim, but is instead *an alternative to* the declaratory relief sought.

I disagree with both of defendants' arguments. Not only do I find that plaintiffs have asserted a proper claim for breach of fiduciary duty, but I also find that plaintiffs' request for injunctive relief independently confers subject matter jurisdiction over plaintiffs' claims. My reasons are as follows.

1. *Fiduciary Duty*

Defendants contend that the Amended Complaint fails to state a claim for breach of fiduciary duty. Defendants concede that plaintiffs allege an agency relationship existed between Allied-Signal and plaintiffs with respect to provisions of the Travelers policies. (FN18) Nonetheless, defendants argue that plaintiffs must plead specific facts which "would tend to show that Allied-Signal breached a duty arising from this agency relationship," and that plaintiffs have failed to do so. (FN19) Defendants raise the alternative argument that, if the Court finds plaintiffs do state a claim for breach of fiduciary duty, that claim should be heard in the Superior Court and not the Court of Chancery because the fiduciary duty stems from an agency relationship, not a relationship between a corporate officer and a shareholder. (FN20)

I disagree with both of defendants' arguments. With respect to defendants' argument that plaintiffs have not pleaded their claim of breach of fiduciary duty with enough specificity, I find that plaintiffs' pleadings are sufficient to state a claim under the notice pleading standards applicable to a claim for breach of fiduciary duty. (FN21) The gist of plaintiffs' claims against Allied-Signal for breach of fiduciary duty is that in executing the Travelers/Allied-Signal Settlement Agreement, Allied-Signal misused any authority conferred upon it pursuant to the sole agency clause by preferring its own interests to those of plaintiffs. In particular, the Amended Complaint alleges that Allied-Signal secretly, without seeking the authorization or consent of plaintiffs, sold out plaintiffs' insurance coverage by entering into the Travelers/Allied-Signal Settlement

© 2005 Thomson/West. No claim to original U.S. Govt. works.

1998 WL 83068, Union Texas Petroleum Holdings, Inc. v. Travelers Indemnity Co., (Del.Ch. 1998)                Page 5

Agreement, and accepted payment from Travelers for doing so, none of which has been paid to plaintiffs. As a result of this alleged self-dealing, according to plaintiffs, Allied-Signal "gained an enormous monetary benefit for itself without any benefit whatsoever, to the plaintiffs." (FN22) Under our liberal notice pleading standard, these allegations are sufficient to state a claim for breach of fiduciary duty.

**\*\*6** As to defendants' argument that the Superior Court is a more appropriate forum than the Court of Chancery to resolve plaintiffs' fiduciary duty claim, I cannot agree. Defendants may be correct that this Court does not have exclusive jurisdiction over such a claim. (FN23) Nonetheless, given the underlying facts in this lawsuit, I find plaintiffs' breach of fiduciary claim to be of an equitable nature, suitable for resolution in this Court. Therefore, I find that the Court of Chancery should retain jurisdiction over plaintiffs' fiduciary duty claim.

2. *Injunctive Relief*

Even if plaintiffs had not stated a claim for breach of fiduciary duty, I would still deny defendants' motion to dismiss, finding that plaintiffs' request for injunctive and other equitable relief against Allied-Signal establishes subject matter jurisdiction in this Court. Defendants argue that this Court does not have subject matter jurisdiction over plaintiffs' claims because plaintiffs have an adequate remedy at law in the form of money damages. Specifically, defendants assert that plaintiffs do not need an equitable remedy because they can seek reimbursement on an *ad hoc* basis for amounts expended defending individual actions.

In response, plaintiffs argue that injunctive relief that restores plaintiffs' insurance coverage is far superior and will provide more certain relief than sporadic litigation. Plaintiffs assert that the uncertainty surrounding the existence of pre-1985 insurance coverage for environmental damage claims has a present detrimental impact on their business operations. According to plaintiffs, as a result of defendants' actions, UTP cannot provide assurances regarding the state of its insurance coverage to lenders or prospective acquirers of any of its businesses. Plaintiffs further assert that, because defendants deny that plaintiffs are entitled to insurance coverage, plaintiffs also face the potential loss or impairment of their excess coverage.

I agree with plaintiffs that the type of relief they seek can only be granted in this Court. Plaintiffs should not have to seek reimbursement on a case-by-case basis. Such a remedy would cause piecemeal compensation and piecemeal justice, rather than complete and adequate relief. Accordingly, I find that the injunctive relief sought by plaintiffs provides a necessary independent basis for equity jurisdiction.

D. *Remaining Claims*

Defendants' motion to dismiss also asserts that there is no merit to plaintiffs' claims against Travelers for aiding and abetting Allied-Signal, nor to plaintiffs' claims against Allied-Signal for breaching the 1985 Insurance Agreement. As previously stated, on a motion to dismiss, all reasonable inferences will be drawn in favor of the plaintiffs. Given this lenient standard of review, I find that plaintiffs state valid claims for both aiding and abetting and for breach of contract and decline to dismiss these claims at this time.

1. *Aiding and Abetting*

**\*\*7.** With respect to the aiding and abetting claim, the allegations of the Amended Complaint are sufficient to raise the inference that Travelers knowingly participated in Allied-Signal's alleged breach of fiduciary duty. I base this finding on the following facts alleged in plaintiffs' Amended Complaint. Travelers was aware of the sole agency provision in the Travelers policies. (FN24) After Allied-Signal's sale of Holdings stock to KKR, Travelers knew that plaintiffs were entities separate from Allied-Signal. Moreover, Travelers had dealt directly with UTP on matters relating to plaintiffs' insurance coverage under the Travelers' policies. Travelers did not invite any of the plaintiffs to participate in the negotiations leading up to the execution of the Settlement Agreement, nor did Travelers notify any of the plaintiffs of the existence of the Settlement Agreement. (FN25) When plaintiffs inquired as to the content of the Settlement Agreement, Travelers refused to disclose any information. Given the totality of the facts and the reasonable inferences to be drawn from them, I find that plaintiffs do state a valid claim for aiding and abetting.

2. *Breach of Contract*

© 2005 Thomson/West. No claim to original U.S. Govt. works.

1998 WL 83068, Union Texas Petroleum Holdings, Inc. v. Travelers Indemnity Co., (Del.Ch. 1998)        Page 6

Defendants also assert that plaintiffs have failed to state a claim against Allied-Signal for breach of contract because plaintiffs have "failed to plead that they have properly presented a claim which would constitute a covered loss under the terms and conditions of the Travelers policies issued to Allied-Signal and Plaintiffs." (FN26) In other words, because plaintiffs have presented no evidence of a "covered loss" under the terms of the Travelers policies, defendants argue plaintiffs have no basis to assert that there are any insurance proceeds to which they are entitled under the 1985 Insurance Agreement.

Defendants, themselves, acknowledge that they refused to provide the evidence they now demand from plaintiffs. "[I]n a series of letters postdating the execution of the [Settlement Agreement], Travelers asserted that any Pre-1985 Coverage that might have existed for environmental pollution claims was completely discharged by the [Settlement Agreement]...." (FN27) Accordingly, the "presentation" requirement urged by defendants is not tenable. As a direct consequence of the Settlement Agreement, plaintiffs cannot even ascertain whether their claim constitutes a "covered loss" under the terms of the Travelers policies. Defendants may not now claim that such evidence is a condition precedent to stating a claim for breach of contract. Thus, I find that plaintiffs have pled a breach of contract claim sufficient to withstand a motion to dismiss under Rule 12(b)(6).

For all of the reasons discussed above, I deny defendants' motion to dismiss.

IT IS SO ORDERED.

(FN1.) *Havens v. Attar,* Del.Ch., C.A. No. 15134, Chandler, V.C. (Jan. 30, 1997), slip op. at 10.

(FN2.) In 1988, Travelers sued Allied-Signal in the United States District Court for the District of Maryland, seeking a declaration that the Travelers policies did not cover Allied-Signal's environmental pollution claims. That same year, Allied-Signal filed a comprehensive suit in New Jersey seeking environmental pollution coverage for some 200 remediation sites. The Settlement Agreement disposed of the Maryland and New Jersey litigations.

(FN3.) Specifically, the Settlement Agreement released Travelers:

from any and all liability ... for any and all claims, demand, allegations or obligations, whether or not presently known, which have been, could have been or may be asserted by any Person against Allied-Signal or any entity for whom Allied-Signal is or may be liable, or directly against Travelers, or by Allied-Signal against Travelers, arising out of or related to any obligation of Travelers to indemnify Allied-Signal for or against Environmental Pollution Claims including, without limitation any liability arising out of (a) any claim asserted by Allied-Signal against Travelers in the Maryland or the New Jersey Action; (b) any alleged bad faith ...; (c) any liability arising out of any allegedly negligent or otherwise improper engineering services provided ... concerning any site that is, was, or may be the subject of an Environmental Pollution Claim.

Agreement of Settlement, Compromise and Release at 5-6, ¶ 5 [hereinafter "Settlement Agreement"].

(FN4.) The term, "environmental pollution claims" was defined broadly in the Settlement Agreement to include, *inter alia,* "all claims made or costs incurred with Environmental Pollution." Settlement Agreement at 3,¶ 2.5. The term, "Environmental Pollution" was also defined broadly and includes "the contamination, potential contamination, or alleged contamination of air, environmental, soil property (tangible or intangible), persons, water or the atmosphere...." *Id.* at 2-3, ¶ 2.4.

(FN5.) The Settlement Agreement broadly defined the term "policies" to include all policies, whether known or unknown as of September 1990, "issued or alleged to have been issued by Travelers to Allied-Signal at any time, up to the date of [the Settlement Agreement]." Settlement Agreement at 2, ¶ 2.1.

(FN6.) Specifically, plaintiffs request that the Court find that the Settlement Agreement did not "alter, cancel, discharge, reduce or release Travelers from any insurance coverage obligations to the plaintiffs under the Pre-1985 coverage." Am.Compl. at 8, ¶ 22.

(FN7.) *Ramunno v. Cawley,* Del.Supr., No. 530, 1996, Veasey, C.J. (Jan. 22, 1998), slip op. at 11;

© 2005 Thomson/West. No claim to original U.S. Govt. works.

1998 WL 83068, Union Texas Petroleum Holdings, Inc. v. Travelers Indemnity Co., (Del.Ch. 1998)    Page 7

*Rabkin v. Philip A. Hunt Chem. Corp.,* Del.Supr., 498 A.2d 1099, 1104 (1985).

**\*\*7** (FN8.) *Havens v. Attar,* Del.Ch., C.A. No. 15134, Chandler, V.C. (Jan. 30, 1997), slip op. at 10.

(FN9.) 10 *Del.C.* § 6502. To merit declaratory relief, a controversy must satisfy four requirements. Specifically, the controversy must involve: 1) the rights or other legal relations of the party seeking declaratory relief; 2) a claim of right or other legal interest asserted against one who has an interest in contesting the claim; 3) parties whose interests are real and adverse; and 4) an issue in dispute that is ripe for judicial determination. *Id. Stroud v. Milliken Enters,* Del.Supr., 552 A.2d 476, 479 (1989), *quoting Rollins Int'l, Inc. v. International Hydronics Corp.,* Del.Supr., 303 A.2d 660, 662-63 (1973).

(FN10.) *Hoechst Celanese v. National Union Ins.,* Del.Supr., 623 A.2d 1133, 1137 (1992).

(FN11.) In response to plaintiffs' request for coverage of costs incurred in connection with an environmental pollution claim, Travelers sent plaintiffs a letter dated November 12, 1990, stating that the Settlement Agreement "addressed all past, present and future property damage environmental pollution claims, including the [referenced] matter. As a result, The Travelers will no longer have any involvement in the [ [referenced] matter." Am.Compl. ¶ 19, Ex. B.

(FN12.) *See Schick Inc. v. Amalgamated Clothing & Textile Workers Union,* Del.Ch., 553 A.2d 1235, 1238 (1987); 10 *Del.C.* § 6512 ("This chapter is declared to be remedial ... and is to be liberally construed and administered.").

(FN13.) The complaint, read fairly, indicates that plaintiffs *did* submit claims to Travelers, and that Travelers refused them, based solely on the release of obligation under the terms of the Settlement Agreement. Am.Compl. ¶ ¶ 19-21.

(FN14.) *Harleysville Mutual Casualty Ins. Co. v. Carroll,* Del.Super., 123 A.2d 128, 131 (1956).

(FN15.) *Burris v. Cross,* Del.Super., 583 A.2d 1364, 1377 (1990); *Heathergreen Commons Condominium Ass'n v. Paul,* Del.Ch., 503 A.2d 636, 642 (1985).

(FN16.) *Heathergreen Commons Condominium Ass'n,* 503 A.2d at 642.

(FN17.) Def.Br. at 18.

(FN18.) Am.Compl. ¶ 17. The provision in the Travelers policy provides:

12. Sole Agent. With respect to the insurance afforded by this policy and *any other* policy issued by the company as evidence of this insurance, [ [ [Allied-Signal] is authorized to act on behalf of all insureds with respect to the giving and receiving of notice of cancellation, receiving any return premium or dividend, *and changing any provision thereof.* (Emphasis added.)

Am.Comp., ¶ 12, Ex. A.

(FN19.) Def.Br. at 21-22.

(FN20.) *See Liquid Tank Services, Inc. v. Sullivan,* Del.Super., C.A. Nos. 92C-86-171, 92C-06-172, Balick, J. (Sept. 18, 1992).

(FN21.) *In re Wheelabrator Tech. Inc. Shareholders Litigation,* Del . Ch., C.A. No. 11495, Jacobs, V.C. (Sept. 1, 1992), slip op. at 23 n. 18.

(FN22.) *See* Am.Compl. ¶ ¶ 15-18, 28.

(FN23.) *See Liquid Tank Services, Inc. v. Sullivan, supra.*

(FN24.) *See supra* n. 18.

(FN25.) Plaintiffs first learned of the Settlement Agreement after reading an article in the *Wall Street Journal.* Am.Compl. at 6, ¶ 16.

(FN26.) Def.Br. at 27.

(FN27.) Am.Comp. ¶ 19.

© 2005 Thomson/West. No claim to original U.S. Govt. works.