# EXHIBIT C

00071306.DOC

1998 WL 83068, Union Texas Petroleum Holdings, Inc. v. Travelers Indemnity Co., (Del.Ch. 1998)    Page 1

*83068    Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.

Court of Chancery of Delaware.

UNION TEXAS PETROLEUM HOLDINGS, INC., a Delaware corporation, Union Texas Petroleum Corporation (f/k/a Union Texas Properties, Inc .), a Delaware corporation, Union Texas International Corporation (f/k/a Union Texas Petroleum Corporation), a Delaware Corporation, Union Texas Petrochemicals Corporation, a Delaware corporation, and Unistar, Inc., a Delaware corporation, Plaintiffs,
v.
The TRAVELERS INDEMNITY COMPANY, a Connecticut Corporation, and Allied-Signal, Inc., a Delaware corporation, Defendants.

No. 15448.
Feb. 19, 1998.

A. Gilchrist Sparks, III, and Donna L. Culver, of Morris, Nichols, Arsht & Tunnell, Wilmington, Delaware, for plaintiffs.

Thomas J. Allingham II, Kevin F. Brady, and Kevin M. Maloy, of Skadden, Arps, Slate, Meagher & Flom Llp, Wilmington, Delaware, for defendants.

MEMORANDUM OPINION

CHANDLER, Chancellor.

**1 Plaintiffs are former subsidiaries of defendant Allied-Signal, Inc. ("Allied-Signal"). Defendant The Travelers Indemnity Company ("Travelers") is an insurance company that provided insurance coverage to Allied-Signal and plaintiffs. Plaintiffs seek declaratory relief that a settlement agreement entered into between Allied-Signal and Travelers does not alter plaintiffs' right to pre-1985 insurance coverage under the Travelers policies. In the alternative, plaintiffs request an injunction requiring Allied-Signal to place plaintiffs in the same economic position they would be in had the Settlement Agreement not been executed. Defendants seek to dismiss plaintiffs' action based on their twin assertions that plaintiffs' claims are premature and that this Court lacks subject matter jurisdiction over them. Defendants also seek to dismiss plaintiffs' remaining counts on grounds that they fail to state a claim for relief. Because I find that plaintiffs' claims are ripe for adjudication and that this Court has subject matter jurisdiction over them, I deny defendants' motion. I also decline to dismiss plaintiffs' other counts, because I find that they state valid claims for relief.

I. BACKGROUND

A. *The Parties*

For the purpose of a motion to dismiss, all well-pleaded allegations of the Complaint are accepted as true. (FN1) The facts that follow are alleged in the Complaint and are accepted as true for purposes of this motion. Plaintiffs are segments or former subsidiaries of Allied-Signal, a defendant in this lawsuit. Plaintiff Union Texas Petroleum Corporation ("UTPC") is a wholly-owned subsidiary of Union Texas Petroleum Holdings, Inc. ("Holdings"), as are plaintiffs Union Texas Petrochemicals Corporation and Unistar (collectively referred to as "UTP"). Plaintiff Union Texas International Corporation is a subsidiary of UTPC. All plaintiffs are Delaware corporations with their principal place of business in Houston, Texas.

Defendant Allied-Signal, also a Delaware corporation, is an advanced technology company with divisions in aerospace, automotive products and engineered materials. Defendant Travelers, a Connecticut corporation, is an insurance company that provided insurance coverage to Allied-Signal and certain of its predecessors and subsidiaries from the date of their respective incorporations until 1985.

B. *The 1985 Insurance Agreement*

On July 2, 1985, Allied-Signal sold about 50% of its stock in Holdings to Kohlberg, Kravis, Roberts & Co. ("KKR"). In connection with that transaction, on June 27, 1985, Holdings and Allied-Signal entered into an Insurance Agreement (the "1985 Insurance Agreement") setting forth the parties' respective rights and obligations with respect to, inter alia, the handling of insurance matters following the sale to KKR. Pursuant to this

© 2005 Thomson/West. No claim to original U.S. Govt. works.

agreement, Holdings would continue as an insured under certain, if not all, of Allied-Signal's Travelers insurance policies that provided pre-1985 coverage. In addition, to the extent that Holdings was entitled to receive payment under the Travelers policies, Allied-Signal agreed to make reasonable efforts to obtain payment of insurance proceeds.

### C. *The Insurance Coverage Settlement*

**\*\*2** On September 13, 1990, Allied-Signal and Travelers entered into a comprehensive settlement agreement (the "Settlement Agreement") that resolved a long-standing dispute over the availability of insurance coverage for more than 250 environmental pollution claims that Allied-Signal had submitted to Travelers over a period of several years. (FN2) The Settlement Agreement obligated Travelers to pay a multi-million dollar lump sum to Allied-Signal, in exchange for Allied-Signal's releasing and discharging Travelers from liability for any and all present and future environmental property damage claims. (FN3) Pursuant to the Settlement Agreement, Allied-Signal released Travelers from liability for, *inter alia,* any claims under any policy that had been or could have been asserted against Travelers with respect to any environmental pollution damage. (FN4) Significantly, Travelers' settlement payment exhausted all property damage liability coverage for environmental pollution claims for *all insureds* under the policies. (FN5) The Settlement Agreement further provided that Allied-Signal would indemnify Travelers against any and all present and future claims relating to environmental pollution claims under the policies. Neither Travelers nor Allied-Signal consulted with or notified plaintiffs prior to the execution of the Settlement Agreement.

### D. *Implementation of the Settlement Agreement*

Following the execution of the Settlement Agreement, UTP submitted environmental property damage claims to Travelers for which it sought insurance coverage under the Allied-Signal Travelers' policies. In response, Travelers disclaimed any coverage defense or indemnity obligations, asserting that any coverage that might have existed for such claims has been completely discharged by the Settlement Agreement.

Plaintiffs allege that UTP *has incurred* more than $2 million in defense costs and damages in connection with an ongoing pollution claim brought against it. Plaintiffs further allege that they remain exposed to the risk of additional defense costs and damages, both with respect to this action and possible future actions. Accordingly, plaintiffs seek declaratory relief pursuant to 10*Del . C.* § 6501 confirming that their coverage under the Travelers policies has not been extinguished or modified by the Settlement Agreement. (FN6)

Plaintiffs explain that they seek declaratory relief so as to avoid litigating separately each coverage issue involving environmental pollution disputes under the pre-1985 coverage. According to plaintiffs, a limited declaration from this Court would increase judicial economy, avoid relitigation of this issue stemming from coverage disputes, and avoid confusion with respect to processing routine claims. Alternatively, plaintiffs seek injunctive relief against Allied-Signal designed to place plaintiffs in the same economic position they would be in had the Settlement Agreement not been executed.

The Amended Complaint includes several counts. First, plaintiffs assert that, because Allied-Signal had no authority to enter into the Settlement Agreement or to compromise plaintiffs' insurance coverage, the Settlement Agreement does not affect plaintiffs' rights. Second, plaintiffs contend that if the Court, nonetheless, finds that Allied-Signal entered into the Settlement Agreement as plaintiffs' agent and that Allied-Signal has bound plaintiffs to the Settlement Agreement, then: 1) Allied-Signal breached its fiduciary duties owed to plaintiffs, 2) Travelers knowingly participated in that breach, 3) Allied-Signal breached its 1985 Insurance Agreement, and 4) Travelers breached the implied covenant of good faith and fair dealing owed to plaintiffs. Third, plaintiffs urge the Court to find that they were included in the Settlement Agreement either by the mutual mistake of Travelers and Allied-Signal, or by a mistake of Allied-Signal, accompanied by knowledge and silence by Travelers. Finally, plaintiffs allege that as a result of their reasonable reliance on the existence of the pre-1985 coverage, defendants are estopped from denying plaintiffs' pre-1985 coverage.

### E. *Defendants' Motion to Dismiss*

**\*\*3** Defendants have moved to dismiss this action based on their assertion that plaintiffs' Amended

© 2005 Thomson/West. No claim to original U.S. Govt. works.

1998 WL 83068, Union Texas Petroleum Holdings, Inc. v. Travelers Indemnity Co., (Del.Ch. 1998)         Page 3

Complaint fails to state a claim upon which relief can be granted. Specifically, defendants contend that plaintiffs' request for declaratory relief is premature, and that this Court lacks subject matter jurisdiction over plaintiffs' claims. Defendants also argue that plaintiffs' claims of breach of fiduciary duty, aiding and abetting, and breach of contract should be dismissed for failure to state a claim. Because I find that plaintiffs' claims are ripe and that this Court does have subject matter jurisdiction over them, however, I decline to grant defendants' motion to dismiss. As for plaintiffs' remaining counts, I also find that plaintiffs state valid claims for breach of fiduciary duty, aiding and abetting, and breach of contract and, therefore, I decline to dismiss those claims as well.

## II. DISCUSSION

### A. *Legal Standard*

It is well settled under Delaware law that a complaint will not be dismissed for failure to state a claim unless it appears reasonably certain "that a plaintiff would not be entitled to the relief sought under any set of facts which could be proven to support the action." (FN7) In considering the sufficiency of the complaint, all well-pleaded allegations are accepted as true, and all reasonable inferences are construed in favor of the plaintiff. (FN8) Having considered the sufficiency of the Amended Complaint, accepting as true all plaintiffs' well-pleaded allegations and drawing all reasonable inferences in favor of plaintiffs, I cannot conclude that plaintiffs would not be entitled to the relief sought under the set of facts alleged in their Amended Complaint. Accordingly, I cannot grant defendants' motion to dismiss. My specific reasons regarding the individual claims follow below.

### B. *Ripeness*

Defendants argue that plaintiffs' request for declaratory relief is premature because plaintiffs have failed to plead an actual controversy as required under the Delaware Declaratory Judgment Act ("the Act"). (FN9) Defendants assert that plaintiffs did not allege that they properly presented a claim to either Allied-Signal or Travelers, or that the claim was rejected by either Travelers or Allied-Signal due to an exhaustion of insurance coverage. According to defendants, because plaintiffs have not alleged facts that demonstrate a concrete claim was presented and rejected, there can be no actual controversy as to insurance coverage.

Defendants further contend that because plaintiffs do not claim that either Allied-Signal or Travelers has any current obligation to pay under the insurance policies, it is mere speculation as to whether these costs would become a covered loss under any Travelers policy. In addition, defendants believe it is unlikely that any environmental claim against any plaintiff will ever implicate coverage under the relevant policies. Accordingly, defendants urge the Court to dismiss plaintiffs' request for declaratory relief as premature.

**\*\*4** "In determining whether an issue is ripe for adjudication, the Court must balance between two competing interests. First, the Court must consider the purpose of the Act to provide early and comprehensive resolutions of disputes. This interest must be weighed against the policies of judicial economy and restraint." (FN10) It is clear to me that in balancing between the competing interests of providing an early and comprehensive resolution of the dispute between the parties, and exercising judicial restraint, the balance tips in favor of an early resolution of this dispute.

I base my conclusion on the fact that plaintiffs have *already incurred* costs of at least $2 million in connection with an ongoing environmental pollution claim. Second, plaintiffs requested that Travelers cover these costs under their existing Travelers' policies. Third, Travelers refused plaintiffs' request for coverage based *solely* on the terms of the Settlement Agreement with Allied-Signal. (FN11) Thus, plaintiffs have attempted to exercise their rights under the Travelers policies, and Travelers disputes the existence of those rights based solely on the existence of the Settlement Agreement. Accordingly, I am confident that a real issue, ripe for adjudication, now exists as to whether Travelers is obligated to cover plaintiffs under the Travelers policies, and if not, whether Allied-Signal is obligated to obtain pre-1985 coverage for its former subsidiaries who are now the plaintiffs in this action. (FN12)

Defendants' assertion that, because plaintiffs have not alleged facts to demonstrate that a concrete claim was presented and rejected, there cannot be an actual controversy as to insurance coverage, is simply not true. Travelers need not first deny

© 2005 Thomson/West. No claim to original U.S. Govt. works.