UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FLOWSERVE CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-1294-JJF |
| | ) | |
| BURNS INTERNATIONAL SERVICES | ) | |
| CORPORATION and BORG-WARNER | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF/COUNTER-DEFENDANT FLOWSERVE CORPORATION'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS BURNS' COUNTERCLAIMS IV AND V**

Burns International Services Corporation's (hereafter "Burns") Response to Flowserve Corporation's (hereafter "Flowserve") Motion to Dismiss Burns' counterclaims IV and V entirely fails to answer the legal argument raised in Flowserve's motion, to wit: Burns lacks legal standing to raise equitable claims for restitution and unjust enrichment for monies allegedly paid by Borg Warner Corporation's insurance carriers ("Borg Warner's carriers") and not by Burns.

The *only* issue raised by Flowserve's motion to dismiss is whether Burns has standing to raise claims for restitution and unjust enrichment against Flowserve, not the ultimate merits of those claims. Nevertheless, Burns attempts to muddy the water by raising the irrelevant issue of Burns' basis for tendering the underlying claims to Borg Warner's carriers[1]. But Burns' arguments cannot create legal standing for its claims where none exists. Indeed, Burns does not dispute that it did not make the alleged payments for third-party asbestos claims

---

[1] Issues relating to the coverage provided by Borg Warner's carriers are currently being litigated before the Circuit Court of Cook County, Illinois, Continental Casualty Co. et al. v. Borg Warner, Inc. et al., case number 04 CH 1708. Both Flowserve and Burns are parties to that action. Burns' attempt to transform the present action into a quasi-coverage action must accordingly be rejected, as the coverage issues are already before the Illinois court.

1

against Flowserve for pre-1987 Byron Jackson liabilities (the "underlying claims"), Borg Warner's carriers did. Accordingly, under the law of Delaware, Burns cannot demonstrate standing for the equitable claims of restitution and unjust enrichment posited in counterclaims IV and V.

I. **BURNS' RELIANCE UPON "HISTORICAL INSURANCE COVERAGE" CASES FAILS TO OVERCOME BURNS' LACK OF STANDING TO ASSERT CLAIMS FOR RESTITUTION FOR MONIES ALLEGEDLY PAID BY BORG WARNERS' INSURANCE CARRIERS**

Under the Restatement First of Restitution, "[w]here a person has received a benefit from another, he is liable to pay only if the circumstances of its receipt or retention are such that, *as between the two persons*, it is unjust for him to retain it." Restatement First of Rest. §1, Comment c (emphasis added). Here, Burns tendered the underlying cases to Borg Warner's carriers, who in turn allegedly paid indemnity and defense costs for the underlying third-party claims. Burns has not made any payments out of its own pocket to third-parties for the underlying claims. Accordingly, Burns does not have a claim, as between Flowserve and Burns, for restitution. Assuming a claim for restitution could be made at all in the present case, it would have to be brought by the Borg Warner carriers who allegedly paid defense costs and indemnity for the underlying claims, not Burns. However, that issue is not before this Court in any fashion.

The cases Burns cites (and attaches as exhibits to its response) fail, upon close analysis, to establish the proposition under Delaware restitution law that historical insurance coverage provides a basis for a restitution action by an insured. In <u>Union Texas Petroleum Holdings, Inc. v. Travelers Indemnity</u>, C.A.No. 15448, Chandler, Ch. (mem. Op., Feb 19, 1998) 1998 WL 83068, plaintiff UTP entered into an agreement with Allied-Signal, Inc. to share the benefits of Allied's Travelers insurance policies. Subsequently, Allied and Travelers entered into an insurance coverage settlement agreement pursuant to which UTP's future rights under the policies were eliminated. UTP brought suit against Travelers and Allied seeking (1) a

2

declaration that the coverage settlement agreement did not alter UTP's right to the Travelers policies under UTP's prior agreement with Allied, and in the alternative (2) injunctive relief requiring Allied to obtain replacement coverage for the Travelers policies. Unlike Burns in the present case, however, UTP did not seek restitution of any monies paid by Travelers to Allied. Thus while, Union Texas Petroleum may support the general proposition that historical insurance coverage can comprise property, and its exhaustion may give rise to *a* cause of action, a position that Flowserve's motion does not dispute, the case does not establish that an insurance carrier's payment to a third-party gives rise to a claim of *restitution or unjust enrichment by an insured*. Union Texas Petroleum is silent on this point.

The other case Burns attaches to its Response, Tenneco Automotive Inc. v. El Paso Corp., C.A.No. 11810-NC, Noble-V.C. (Mem. Op., Nov. 29, 2001), 2001 WL 1641744, is also a red herring. In Tenneco, the plaintiff New Tenneco entered into an insurance agreement with Old Tenneco. Old Tenneco repudiated the agreement when it entered into a separate agreement with the insurance carriers. As in Union Texas Petroleum, the plaintiff sued for breach of contract and injunctive relief, not restitution.[2] If anything, the complete absence of claims for restitution or unjust enrichment against the co-insureds in both cases strongly suggests that standing does not exist for such claims. That is precisely Flowserve's argument here. Burns has no standing to assert a claim for restitution for monies it did not pay. Therefore, not only do Burns' cited cases fail to support Burns' position, they actually reinforce Flowserve's position.

II.  **Burns' Claims for Restitution and Unjust Enrichment are legally insufficient when measured against the Counterclaim's factual assertions and exhibit.**

While Burns' failure to squarely confront the threshold issue of standing raised by Flowserve's motion should be a sufficient basis for sounding the death knell for Counts IV and

---

[2] In Tenneco, the plaintiff brought claims against Old Tenneco for replacement coverage and/or compensation for the exhausted coverage, but these were based upon a theory of breach of contract (i.e., the separate insurance agreement) not restitution or unjust enrichment. Tenneco, supra at 9.

V, the balance of its response brief, despite its efforts to circumvent the lack of standing, actually highlights a second basis justifying dismissal under Rule 12(b)(6).

The response is long on rhetoric attempting to portray the tender of Flowserve's defense in the underlying asbestos cases to Borg Warner's insurers as somehow constituting a wrongful use of Burns' insurance property. But does the *factual* content of the counterclaim itself support that argument? Clearly, it does not, for the reasons that follow.

Burns' Counterclaim incorporates the language of the May 1, 1987 letter Agreement between BWIP-AC and Borg Warner, and specifically alleges that the letter was agreed to by a representative of Borg Warner. (See Burns Resp. Br. at pp.5, 6; Counterclaim at p.16, ¶23.)[3] That letter recites, in pertinent part:

> The purpose of this letter is to document our mutual agreement that, *notwithstanding anything to the contrary contained in the Agreement,* neither BWIP nor any of its Subsidiaries shall be responsible for any Losses to the extent that such Losses are covered by insurance carried by Borg-Warner.

(Emphasis added.) Burns further alleges that Flowserve has asserted that the defense and indemnity of the underlying asbestos claims was to be provided by available insurance carried by Borg Warner pursuant to the terms of that letter. (Counterclaim at p.16, ¶24.) Burns then asserts *its own* "understanding" regarding Flowserve's position and posits its own "mistaken belief" regarding that position as justification for seeking restitution. (Counterclaim, p.17, ¶¶25-27.)[4]

---

[3] The Counterclaim actually misquotes the language, mistakenly inserting the word "not" between the words "shall" and "be" in the second to last line. The correct language is set forth on Exhibit B attached to Flowserve's Complaint.

[4] Burns goes so far as to suggest that Flowserve is "abrogating" the very agreement that made Borg Warner's insurance coverage available to Flowserve. (See Burns Resp. Br. At p.13.) Nothing could be further from the truth. Flowserve's position, as set forth in its Complaint, is based on the language of the agreement. The fact that Burns may disagree with Flowserve's position does not transform Flowserve's contention into one of outright nullification of the agreement itself.

4

It is the language of that letter, and not any "mistaken belief" that Burns may have held regarding Flowserve's assumption of liability for claims under the 1987 Stock Purchase Agreement, that informs the issue whether Flowserve somehow "wrongfully" availed itself of the Borg Warner insurance to Burns' detriment. Consequently, it is irrelevant to Burns' putative restitution claims whether Flowserve had in fact "assumed liability for the underlying claims." Regardless of what Burns believed at the time the underlying claims were tendered, Flowserve was not responsible for the claims to the extent they were covered by the Borg Warner insurance. For Burns to now claim that it is entitled to recoup from Flowserve, as "restitution," any monies paid out by the Borg Warner carriers under those circumstances is therefore utterly without merit.

**WHEREFORE**, it is respectfully requested that the Court issue an Order dismissing BURNS' counterclaims IV (Restitution) and V (Unjust Enrichment) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for BURNS' failure to state a claim upon which relief can be granted.

William Mahoney, Esquire
Ted McCullough, Esquire
Erich Gleber, Esquire
SEGAL McCAMBRIDGE SINGER
     & MAHONEY, LTD.
805 Third Avenue, 19th Floor
New York, NY  10022
(212) 912-3665
**Attorneys for Plaintiff/Third-Party Defendant Flowserve Corporation**

  / s / *Danielle K. Yearick, Esquire*
Danielle K. Yearick, Esquire (#3668)
TYBOUT, REDFEARN & PELL
300 Delaware Avenue, 11th Floor
P.O. Box 2092
Wilmington, DE  19899-2092
(302) 658-6901
**Local Counsel for Plaintiff/Third-Party Defendant Flowserve Corporation**

Dated: May 24, 2005