UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FLOWSERVE CORPORATION,<br><br>               Plaintiff,<br><br>v.<br><br>BURNS INTERNATIONAL SERVICES<br>CORPORATION and BORG-WARNER<br>CORPORATION,<br><br>               Defendants. | )<br>)<br>)<br>)<br>)<br>)   C.A. No. 04-1294-JJF<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF FLOWSERVE'S FIRST SET OF
INTERROGATORIES TO DEFENDANT BURNS**

NOW COMES Plaintiff FLOWSERVE CORPORATION, through its attorneys, and hereby requests Defendant BURNS INTERNATIONAL SERVICES CORPORATION to answer the following Interrogatories under oath, pursuant to Rule 33 of the Federal Rules of Civil Procedure:

      1.    With regard to the entity known as Borg-Warner Security Corporation, state:

          (a)    its date of incorporation;
          (b)    the state in which it was incorporated;
          (c)    the address of its corporate headquarters;
          (d)    the names, business addresses, and positions of its corporate officers;
          (e)    any other corporate name by which it has ever been known (other than "Burns International Services Corporation").

**ANSWER:**

2. For each transaction included within the "transactions undertaken in connection with the liquidation of Borg Warner," as alleged in ¶8 of Burns' Counterclaim, state:

    (a) the names, business addresses, and business phone numbers of each party to the transaction;
    (b) the date of the transaction;
    (c) whether any documents evidencing said transaction exist and, if so, identify and/or describe them by date, author, signatories, title and description of contents;
    (d) the name and address of any person having custody or possession of any document identified in your answer to 2(c).

**ANSWER:**




3. Does Burns contend that Byron Jackson industrial pumps were manufactured by any entity other than Borg Warner Corporation, its Byron Jackson Division, or any of its subsidiaries between 1955 and 1987? If so, state for each such other entity:

    (a) its name and business address;
    (b) the period of time during which it manufactured Byron Jackson industrial pumps.

**ANSWER:**

4.  Identify every person known to Burns (or its attorneys or agents) who participated on behalf of Borg-Warner Corporation in the negotiations with BWIP Acquisitions Corporation pertaining to the 1987 Stock Purchase Agreement. For each such person, state:

    (a)    his employer at the time of the negotiations;
    (b)    his title or position at the time of the negotiations;
    (c)    his current employer and business address;
           his current title or position.

**ANSWER:**

5.  Identify every person known to Burns (or its attorneys or agents) who participated on behalf of BWIP Acquisition Corporation in the negotiations with Borg Warner Corporation pertaining to the 1987 Stock Purchase Agreement. For each such person, state:

pertaining to the 1987 Stock Purchase Agreement. For each such person, state:

    (a)    his employer at the time of the negotiations;
    (b)    his title or position at the time of the negotiations;
    (c)    his current employer and business address;
           his current title or position.

**ANSWER:**

6.  State the date upon which Burns first became "entitled to the rights and benefits of the indemnity provisions of the 1987 Stock Purchase Agreement," as stated in ¶17 of Burns' Answer.

**ANSWER:**

7.  Identify by date, author, signatories, title, and description of contents each and every document that addresses or pertains to Burns' contention that it is entitled to the rights and benefits of the indemnity provisions of the 1987 Stock Purchase Agreement.

**ANSWER:**

8. Identify by date, author, signatories, title, and description of contents each and every document or other form of communication in which Burns expressed any "reservation of rights" with regard to coverage provided to Flowserve by Borg Warner's insurers for underlying asbestos claims.

**ANSWER:**

9. Identify the primary insurer that now contends that the defense and indemnification coverage that has been provided to Flowserve "was subject to a reservation of rights," as alleged in ¶30 of Burns' Answer.

**ANSWER:**

10. Identify by date, author, signatories, title, and description of contents each and every parole evidence document known to Burns (or its attorneys or agents) that may be used by either side in this litigation to interpret the terms of the Stock Purchase Agreement.

**ANSWER:**

_____
Gregory E. Rogus, Esquire
SEGAL, McCAMBRIDGE, SINGER
 & MAHONEY, LTD.
One IBM Plaza, Suite 1900
330 N. Wabash Avenue
Chicago, IL 60611
*Attorney for the Plaintiff*

_____
Danielle K. Yearick, Esq. (#3668)
TYBOUT, REDFEARN & PELL
300 Delaware Avenue, 11th Floor
P.O. Box 2092
Wilmington, DE 19899-2092
(302) 658-6901
*Local Counsel for the Plaintiff*