UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FLOWSERVE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BURNS INTERNATIONAL SERVICES CORPORATION and BORG-WARNER CORPORATION,<br><br>Defendants. | ) | C.A. No. 04-1294-JJF |

**PLAINTIFF FLOWSERVE'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT BURNS**

NOW COMES Plaintiff FLOWSERVE CORPORATION, through its attorneys, and hereby requests Defendant BURNS INTERNATIONAL SERVICES CORPORATION to produce for inspection and copying, pursuant to Rule 34 of the Federal Rules of Civil Procedure, at the offices of Tybout, Redfearn and Pell, 300 Delaware Avenue, 11th Floor, Wilmington DE 19899, the following items:

1. All contracts, agreements, memoranda, correspondence, electronic correspondence, fax transmissions, notes, records, and any other documents that in any way address or pertain to the leveraged buyout of the outstanding stock of Borg Warner, as described in Burns' Answer to ¶15 of Flowserve's Complaint in this case.

**RESPONSE:**

2. Any records, memoranda, correspondence, electronic correspondence, fax transmissions, notes, or other documents that in any way address or pertain to the change

of corporate name from "Borg-Warner Security Corporation" to "Burns International Services Corporation," as stated in Burns' Answer to ¶17 of Flowserve's Complaint.

**RESPONSE:**

3. Any and all drafts of the 1987 Stock Purchase Agreement.

**RESPONSE:**

4. Any and all amendments, and drafts of amendments, to the 1987 Stock Purchase Agreement.

**RESPONSE:**

5. Any and all correspondence, electronic correspondence, memoranda, notes, or other documents that in any way address or pertain to the negotiations between the parties to the 1987 Stock Purchase Agreement.

**RESPONSE:**

6. Any and all correspondence, electronic correspondence, memoranda, notes, or other documents that address or pertain to any negotiation, discussion, or other communication between the parties to the 1987 Stock Purchase Agreement specifically relating to asbestos liabilities, environmental liabilities, disease-related liabilities, or products liabilities arising out of the use of products manufactured and/or sold by the Borg Warner Industrial Division or Borg-Warner Industrial Products Inc.

**RESPONSE:**

7. Any and all correspondence, electronic correspondence, memoranda, notes, lists, exhibits, or other documents identifying or referring to any claims against Borg Warner Corporation, or any of its subsidiaries or divisions, that were pending as of the Closing Date of the 1987 Stock Purchase Agreement and that involved any alleged asbestos liability, environmental liability, disease-related liability, or products liability arising out of the use of products manufactured and/or sold by the Borg Warner Industrial Division or Borg-Warner Industrial Products Inc.

**RESPONSE:**

8. Any and all correspondence, electronic correspondence, memoranda, notes, lists, exhibits, or other documents identifying or referring to any potential future claims against Borg Warner Corporation, or any of its subsidiaries or divisions, that were pending as of the Closing Date of the 1987 Stock Purchase Agreement and that involved any alleged asbestos liability, environmental liability, disease-related liability, or products liability arising out of the use of products manufactured and/or sold by the Borg Warner Industrial Division or Borg-Warner Industrial Products Inc.

**RESPONSE:**

9. Any contracts, agreements, memoranda, correspondence, electronic correspondence, fax transmissions, notes, or other documents that in any way address or pertain to Burns' position, as stated in Burns' Answer to ¶17 of Flowserve's Complaint, that Burns is entitled to the rights and benefits of the indemnity provisions of the 1987 Stock Purchase Agreement.

**RESPONSE:**

10. Any contracts, agreements, memoranda, correspondence, electronic correspondence, fax transmissions, notes, or other documents that in any way address or pertain to Burns' position, as stated in Burns' Answer to ¶17 of Flowserve's Complaint, that Burns is responsible for Borg-Warner's contractual indemnity obligations, if any, under the 1987 Stock Purchase Agreement.

**RESPONSE:**

11. Each and every letter, e-mail message, fax transmittal, memorandum, or other written communication in which Burns asserted a reservation of rights with respect to any coverage provided to Flowserve by any insurance carrier for Borg-Warner for any complaints served upon Flowserve in the Underlying Asbestos Claims, as stated in ¶28 of Burns' Answer to Flowserve's Complaint.

**RESPONSE:**

12. Each and every letter, e-mail message, fax transmittal, memorandum, or other written communication which Burns, or any agent or attorney acting on Burns' behalf, sent to any insurance carrier for Borg-Warner in which Burns asserted an objection to the provision of coverage to Flowserve for any complaint served upon Flowserve in any Underlying Asbestos Claims.

**RESPONSE:**

13. Each and every letter, e-mail message, fax transmittal, memorandum, or other written communication which Burns, or any agent or attorney acting on Burns' behalf, sent to Flowserve, or to any agent or attorney for Flowserve, in which Burns tendered any underlying asbestos claim naming Burns as a Defendant to Flowserve for defense and indemnity.

**RESPONSE:**

14. Any and all correspondence, e-mail messages, fax transmittals, memoranda, notes, or other documentation that pertain to the "Second Defense," i.e. that Borg Warner has ceased to exist as an entity and is not a necessary or proper party.

**RESPONSE:**

15. Any and all correspondence, e-mail messages, fax transmittals, memoranda, notes, or other documentation that pertains to Burns' "Third Defense" that Flowserve has breached its indemnity obligations under the 1987 Stock Purchase Agreement and thereby lost any benefit or any rights it may otherwise have had under such agreement.

**RESPONSE:**

16. Any and all correspondence, e-mail messages, fax transmittals, memoranda, notes, or other documentation that in any way address or pertain to Burns' "Fourth Defense" of estoppel.

**RESPONSE:**

17. Any and all correspondence, e-mail messages, fax transmittals, memoranda, notes, or other documentation that in any way address or pertain to Burns' "Fifth Defense" of waiver.

**RESPONSE:**

18. Any contracts, agreements, memoranda, correspondence, electronic correspondence, fax transmissions, notes, or other documents that in any way address or pertain to Burns' position, as stated in ¶8 of Burns' Counterclaim, that Burns now possesses the rights of Borg-Warner under the terms of the 1987 Stock Purchase Agreement, including the rights of Borg-Warner under the indemnity provisions.

**RESPONSE:**

19. Any correspondence, electronic correspondence, fax transmissions, notes, or other documents pertaining to Burns' allegation, set forth in ¶15 of its Counterclaim, that Burns was advised that the insurance carriers that had been providing the defense and indemnity for the claim would not pay 100% of the defense and indemnity costs associated with the claim or any other Underlying Asbestos Claims.

**RESPONSE:**

20. Any correspondence, other than Exhibit E attached to Flowserve's Complaint, that Burns, or any agent or attorney of Burns, sent to Flowserve in which Burns made demand upon Flowserve for defense and indemnity under the terms of the 1987 Stock Purchase Agreement.

**RESPONSE:**

21. Any correspondence, electronic correspondence, fax transmissions, notes, memoranda, data compilations, spreadsheets, or other documents that pertain to Burns' position, as set forth in ¶21 of its Counterclaim, that Burns has been damaged and will continue to be damaged.

**RESPONSE:**

22. Any records, spreadsheets, memoranda, invoices, correspondence, or other documentation that in any way address or pertain to the amount of damages that Burns has incurred.

**RESPONSE:**

23. Any correspondence, electronic correspondence, fax transmissions, notes, memoranda, or other documents that pertain to Burns' position that Flowserve has repeatedly and consistently asserted that the defense and indemnity of the Underlying Asbestos Claims was to be provided by available insurance carried by Borg-Warner, as alleged in ¶24 of Burns' Counterclaim.

**RESPONSE:**

24. Any correspondence, electronic correspondence, fax transmissions, notes, memoranda, or other documents that pertain to Burns' "express understanding that Flowserve was asserting its rights under the May 1, 1987 letter because Flowserve recognized and agreed that it was the legal successor to BWIP and was responsible for Losses arising out of the Underlying Asbestos Claims to the extent such Losses were not covered by insurance carried by Borg-Warner," as alleged in ¶25 of Burns' Counterclaim.

**RESPONSE:**

25. Any correspondence, electronic correspondence, fax transmissions, notes, memoranda or other documents that pertain to Burns' position that Flowserve "disavowed its liability for Losses arising out of such [Underlying Asbestos] Claims," as alleged in ¶26 of Burns' Counterclaim.

**RESPONSE:**

26. Any correspondence, electronic correspondence, fax transmissions, notes, memoranda, data compilations, spreadsheets, or other documents that in any way address or pertain to Burns' position that Flowserve has realized in excess of $10,000,000 in insurance benefits, as alleged in ¶35 of Burns' Counterclaim.

**RESPONSE:**

27. All correspondence, electronic correspondence, memoranda, notes, records, agreements, or other documents that in any way address or pertain to the transfer of all of the Byron Jackson industrial pump business to Borg-Warner Industrial Products Inc. or its subsidiaries, as alleged in ¶6 of the Burns' Counterclaim.

**RESPONSE:**

28. Any documents not produced in response to the aforesaid requests numbered 1 through 27 that negate or tend to negate any of the allegations contained in Flowserve's Complaint.

**RESPONSE:**

29. Any documents not produced in response to requests 1 through 27 that address or pertain to any matters asserted by Burns in its Answer or Counterclaim.

**RESPONSE:**

Gregory E. Rogus, Esquire
SEGAL, McCAMBRIDGE, SINGER & MAHONEY, LTD.
One IBM Plaza, Suite 1900
330 N. Wabash Avenue
Chicago, IL 60611
*Attorney for the Plaintiff*

Danielle K. Yearick, Esq. (#3668)
TYBOUT, REDFEARN & PELL
300 Delaware Avenue, 11th Floor
P.O. Box 2092
Wilmington, DE 19899-2092
(302) 658-6901
*Local Counsel for the Plaintiff*