```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF DELAWARE
```

FLOWSERVE CORPORATION,            :
                                  :
        Plaintiff,                :
                                  :
   v.                             :   Civil Action No. 04-1294-JJF
                                  :
BURNS INTERNATIONAL SERVICES      :
CORPORATION AND BORG-WARNER       :
CORPORATION,                      :
                                  :
        Defendants.               :

### MEMORANDUM ORDER

Pending before the Court is Plaintiff/Counter-Defendant Flowserve Corporation's Motion To Dismiss Burns International Services Corporation's Counterclaims Counts IV And V (D.I. 14). For the reasons discussed, the Motion will be denied.

**I.   Background**

In 1987, BWIP Acquisition Corporation ("BWIP-AC") purchased all the stock of Borg-Warner Corporation's ("BWC") wholly owned subsidiary Borg-Warner Industrial Products, Inc., and in that transaction, BWIP-AC acquired the Byron Jackson product line. As a part of that purchase, BWC and BWIP-AC executed an agreement ("1987 Agreement"), which included certain indemnification provisions. In May of 1987, BWC and BWIP-AC allegedly exchanged correspondence ("Letter Agreement"), which expanded upon the intent of the 1987 Agreement as to indemnification responsibilities. The construction and interpretation of the 1987 and Letter Agreements are at issue in this case. After several corporate successions, Plaintiff/Counter-Defendant

("Plaintiff") has allegedly succeeded to the rights and obligations of BWIP-AC and Defendant/Counter-Plaintiff ("Defendant") to those of BWC.

Since the 1987 Agreement, several asbestos-related lawsuits have been brought against Plaintiff regarding the Byron Jackson product line. Initially, Plaintiff tendered these lawsuits to Defendant, and BWC's primary insurance carriers fully indemnified Plaintiff. Some of the primary insurance carriers now assert that their liability limits have been exhausted and that they will no longer indemnify Plaintiff. Other umbrella insurance carriers have allegedly agreed to pay only a portion of the indemnification costs.

Defendant was recently named as a defendant in another action and was denied coverage by its insurance carriers allegedly because the liability limits were exhausted. Defendant made a demand for indemnification on Plaintiff pursuant to its alleged rights under the 1987 and Letter Agreements. Plaintiff denied any responsibility to indemnify Defendant under the agreements.

On September 24, 2004, Plaintiff brought this action, alleging that Defendants had breached the 1987 and Letter Agreements and seeking a declaratory judgment of the rights and duties of the parties under the agreements. Defendant counterclaimed, seeking a declaratory judgment that Plaintiff was

2

to indemnify Defendant for all product liability claims asserted after the 1987 Agreement. Defendant also included counterclaims for restitution (Count IV) and unjust enrichment (Count V), seeking $10,000,000 in each count. Plaintiff filed a motion to dismiss the counterclaims for restitution and unjust enrichment.

**II. Parties' Contentions**

Plaintiff contends that Defendant has failed to state a claim for which relief can be granted under Rule 12(b)(6). Specifically, Plaintiff contends that Defendant lacks standing to sue for restitution and unjust enrichment because money paid to Plaintiff was paid by a third party and not by Defendant. In response, Defendant contends that Plaintiff received the benefit of Defendant's insurance coverage and now its primary coverage has been completely exhausted. Defendant further contends that retention of this benefit is unjust enrichment entitling Defendant to restitution because Plaintiff breached its duties under the 1987 and Letter Agreements.

**III. Legal Standard**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). The purpose of a motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993).

3

When considering a motion to dismiss, a court must accept as true all allegations in the complaint and must draw all reasonable factual inferences in the light most favorable to the plaintiff. Neitzke v. Williams, 490 U.S. 319, 326-27 (1989); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255 (3d Cir. 1994). The Court is "not required to accept legal conclusions either alleged or inferred from the pleaded facts." Kost, 1 F.3d at 183. Dismissal is only appropriate when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The burden of demonstrating that the plaintiff has failed to state a claim upon which relief may be granted rests on the movant. Young v. West Coast Industrial Relations Assoc., Inc., 763 F.Supp. 64, 67 (D. Del. 1991) (citations omitted).

**IV. Discussion**

In order to obtain restitution, Defendant must show that Plaintiff obtained a benefit, Plaintiff was unjustly enriched, and it would be unconscionable to allow Plaintiff to keep the benefit. Schock v. Nash, 732 A.2d 217, 232 (Del. 1999). "A person confers a benefit upon another if he gives to the other possession of or some other interest in money, land, chattels, or choses in action, performs services beneficial to or at the request of the other, satisfies a debt or a duty of the other, or

4

in any way adds to the other's security or advantage." Restatement of Restitution § 1, comment a (2005). A person is unjustly enriched if their keeping the conferred benefit would be unfair. <u>Chrysler Corp. v. Airtemp Corp.</u>, 426 A.2d 845, 855 (Del. Super. Ct. 1980).

    Defendant alleges that it has conferred a benefit on Plaintiff by giving Plaintiff an interest in its property, namely its insurance policies. Additionally, Defendant alleges that Plaintiff has been unjustly enriched because Plaintiff breached the 1987 and Letter Agreements only after being indemnified for several million dollars by Defendant's insurance carriers. Finally, Defendant alleges that it would be unconscionable to allow Plaintiff to keep the benefit because the insurance liability limits have been exhausted, and Defendant is left to cover the costs of litigation--costs its insurance carriers would have covered had Plaintiff not exhausted the liability limits.

    Accepting all allegations in Defendant's Counterclaims as true and drawing all reasonable factual inferences in the light most favorable to Defendant, the Court concludes that, at this juncture, Defendant has alleged facts sufficient to withstand a motion to dismiss. Accordingly, the Court will deny Plaintiff/Counter-Defendant Flowserve Corporation's Motion To Dismiss Burns International Services Corporation's Counterclaims Counts IV And V (D.I. 14).

5

**ORDER**

For the reasons discussed, it is hereby ordered that Plaintiff/Counter-Defendant Flowserve Corporation's Motion To Dismiss Burns International Services Corporation's Counterclaims Counts IV And V (D.I. 14) is **DENIED**.

November 4, 2005                    _____
                                    UNITED STATES DISTRICT JUDGE