UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FLOWSERVE CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 04-1294-JJF |
| ) | |
| BURNS INTERNATIONAL SERVICES ) | |
| CORPORATION and BORG-WARNER ) | |
| CORPORATION, ) | |
| ) | |
| Defendants. ) | |

### PLAINTIFF/COUNTER-DEFENDANT, FLOWSERVE CORPORATION'S AMENDED ANSWER TO BURNS INTERNATIONAL SERVICES CORPORATION'S COUNTERCLAIM

The Plaintiff/Counter-Defendant, FLOWSERVE CORPORATION (hereafter "FLOWSERVE", through its attorneys, hereby answers the counterclaims of BURNS INTERNATIONAL SERVICES CORPORATION ("BURNS") as follows:

1.   FLOWSERVE admits that BURNS is a corporation organized under Delaware law, but is without knowledge or information sufficient to form a belief regarding the truth of the remaining allegations of Paragraph 1 and on that basis denies same.

2.   FLOWSERVE admits the allegations of Paragraph 2.

3.   FLOWSERVE admits the allegations of Paragraph 3.

4.   FLOWSERVE admits the allegations of Paragraph 4.

5.   FLOWSERVE admits the allegations of Paragraph 5.

6.   FLOWSERVE admits the allegations of Paragraph 6.

7.   FLOWSERVE admits the allegations contained in the first sentence of

Paragraph 7, but makes no answer to the second sentence, which sets forth BURNS' lack of knowledge or information as to certain matters.

8. FLOWSERVE is without knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 8, and on that basis denies same.

9. FLOWSERVE admits the allegations of Paragraph 9.

10. FLOWSERVE admits that the Agreement contains language substantially similar to that excerpted in Paragraph 10 of the Counterclaim.

11. FLOWSERVE denies the allegations of Paragraph 11.

12. FLOWSERVE admits the allegations of Paragraph 12.

13. FLOWSERVE admits the allegations of Paragraph 13.

14. FLOWSERVE admits the allegations of Paragraph 14.

15. FLOWSERVE is without knowledge or information sufficient to form a belief regarding the truth of the allegations contained in the first sentence of Paragraph 15, and on that basis denies same. FLOWSERVE admits that one of its attorneys received from BURNS' attorney the letter that is attached as Exhibit E to FLOWSERVE's Complaint. FLOWSERVE admits that its attorney sent to BURNS' attorney the letter identified as Exhibit F attached to FLOWSERVE's Complaint, which letter speaks for itself. FLOWSERVE denies the remaining allegations of Paragraph 15.

## COUNT I

16. FLOWSERVE restates its answers to Paragraphs 1 through 15 as set forth above as its answer to Paragraph 16 of this Count I.

17. FLOWSERVE denies that it has any indemnity obligations to BURNS

under the facts and circumstances of this case, and admits there is an actual controversy existing between the parties regarding same.

WHEREFORE, FLOWSERVE denies that BURNS is entitled to the declaratory relief which it seeks and prays for entry of judgment:

(a) denying the declaratory relief sought by BURNS in its Counterclaim;

(b) granting the declaratory relief requested by FLOWSERVE in its Complaint;

(c) denying BURNS' request for costs of suit, including attorneys' fees;

(d) granting FLOWSERVE's request for costs and fees; and

(e) denying BURNS' request for any other relief.

## COUNT II

18. FLOWSERVE restates its answers to Paragraphs 1 through 15 as set forth above as its answer to Paragraph 18 of this Count II.

19. FLOWSERVE denies the allegations of Paragraph 19.

20. FLOWSERVE denies the allegations of Paragraph 20.

21. FLOWSERVE denies the allegations of Paragraph 21.

WHEREFORE, FLOWSERVE denies that BURNS is entitled to any of the relief which BURNS seeks under this count, and prays for entry of judgment in favor of FLOWSERVE and against BURNS, and an award of costs in favor of FLOWSERVE, including reasonable attorneys' fees.

## COUNT III

22. FLOWSERVE restates its answers to Paragraphs 1 through 15 as set forth above as its answer to Paragraph 22 of this Count III.

23. FLOWSERVE admits that the May 1, 1987 letter was sent by BWIP Acquisition Corporation to Borg-Warner Corporation, and that Exhibit B attached to FLOWSERVE's Complaint is a copy of that letter. FLOWSERVE denies that BURNS has accurately excerpted the language contained in that letter. FLOWSERVE admits that the Agreement utilizes the term "LOSSES" to refer collectively to certain claims, actions, causes of action, liabilities, losses, damages, and reasonable out-of-pocket expenses and costs. FLOWSERVE denies the remaining allegations contained in Paragraph 23.

24. FLOWSERVE admits that it has consistently maintained the position that it has been entitled to defense and indemnity of the underlying asbestos claims to be provided by the insurance carried by Borg-Warner. FLOWSERVE admits that it delivered the August 18, 2003 letter, identified as Exhibit A to the Counterclaim, to one of BURNS' attorneys. FLOWSERVE denies the remaining allegations of Paragraph 24.

25. FLOWSERVE admits that its defense and any indemnity paid in connection with the underlying asbestos claims have been provided through insurance carried by Borg-Warner. FLOWSERVE denies that BURNS had, until recently, issued any "reservation of rights," and otherwise denies the remaining allegations contained in Paragraph 25.

26. FLOWSERVE denies that it has, or has ever had, any "'liability for LOSSES arising out of such Claims," and for that reason denies that it "disavowed its liability" as alleged in the first sentence of Paragraph 26. FLOWSERVE admits that it contends it is not responsible for such LOSSES and that it is entitled to indemnity for such LOSSES, for the reasons stated in its Complaint.

27. FLOWSERVE moves to strike the allegations of Paragraph 27 as

conclusory and speculative, and otherwise denies the allegations of Paragraph 27.

28.  FLOWSERVE admits the allegations of Paragraph 28.

WHEREFORE, FLOWSERVE denies that BURNS is entitled to any of the declaratory, or other, relief that it seeks under this Count, and prays for entry of judgment:

(a)  dismissing Count III; and

(b)  awarding FLOWSERVE its costs of suit, including reasonable attorneys' fees.

## COUNT IV

29.  FLOWSERVE restates its answers to Paragraphs 1 through 15 and 23 through 28 as set forth above as its answer to Paragraph 29 of this Count IV.

30.  FLOWSERVE denies the allegations set forth in paragraph 30.

31.  FLOWSERVE denies that "by requesting Burns to provide such defense and indemnity pursuant to the May 1, 1987 letter" it "was acknowledging its responsibility for the Underlying Asbestos claims." Flowserve denies knowledge or information about the remaining allegations in paragraph 31.

32.  FLOWSERVE moves to strike the allegations of Paragraph 32 as conclusory and speculative, and otherwise denies the allegations of Paragraph 32.

33.  FLOWSERVE denies the allegations set forth in paragraph 33.

WHEREFORE, FLOWSERVE denies that BURNS is entitled to any of the relief which BURNS seeks under this count, and prays for entry of judgment in favor of FLOWSERVE and against BURNS, and an award of costs in favor of FLOWSERVE, including reasonable attorneys' fees.

## COUNT V

34. FLOWSERVE restates its answers to Paragraphs 29 through 33 as set forth above as its answer to Paragraph 34 of this Count V.

35. FLOWSERVE denies the allegations in paragraph 35.

36. FLOWSERVE denies the allegations in paragraph 36.

37. FLOWSERVE denies the allegations set forth in paragraph 37.

WHEREFORE, FLOWSERVE denies that BURNS is entitled to any of the relief which BURNS seeks under this count, and prays for entry of judgment in favor of FLOWSERVE and against BURNS, and an award of costs in favor of FLOWSERVE, including reasonable attorneys' fees.

## COUNT VI

38. FLOWSERVE restates its answers to Paragraphs 1 through 15 as set forth above as to its answer to Paragraph 38 of this Count VI.

39. FLOWSERVE denies the allegations of Paragraph 39.

40. FLOWSERVE denies the conclusory, and other, allegations of Paragraph 40.

41. FLOWSERVE admits the allegations of Paragraph 41.

42. FLOWSERVE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42 and on that basis denies same.

43. FLOWSERVE denies the conclusory, and other, allegations of Paragraph 43.

44. FLOWSERVE denies the allegations of Paragraph 44.

45. FLOWSERVE denies the allegations of Paragraph 45.

WHEREFORE, FLOWSERVE denies that Burns is entitled to any of the relief which it seeks, and prays for entry of judgment in favor of FLOWSERVE and against Burns, and an award of costs in favor of FLOWSERVE, including reasonable attorneys fees.

### Affirmative Defenses

1. Burns is estopped from making any claim for restitution or unjust enrichment because of its failure to timely object to the provision of any defense or indemnification to FLOWSERVE by any insurer of Borg Warner.

2. Burns has waived any claim for restitution or unjust enrichment because of its failure to timely object to the provision of any defense or indemnification to FLOWSERVE by any insurer of Borg Warner.

Erich Gleber, Esquire
SEGAL, McCAMBRIDGE, SINGER
 & MAHONEY, LTD.
805 Third Avenue, 19th Floor
New York, NY 10022
(212) 912-3665
*Attorney for the Plaintiff*

Danielle K. Yearick, Esq. (#3668)
TYBOUT, REDFEARN & PELL
300 Delaware Avenue, 11th Floor
P.O. Box 2092
Wilmington, DE 19899-2092
(302) 658-6901
*Local Counsel for the Plaintiff*

## CERTIFICATE OF SERVICE

PLEASE TAKE NOTICE that the undersigned, DANIELLE K. YEARICK, did serve upon the attorney listed below, Plaintiff/Counter-Defendant, Flowserve Corporation's Amended Answer to Burns International Services Corporation's Counterclaim. Same was served on counsel electronically and via U.S. Mail on November 30, 2005:

Francis J. Murphy, Esquire
MURPHY, SPADARO & LANDON
1011 Centre Road, Suite 210
Wilmington, DE 19805

TYBOUT, REDFEARN & PELL

_____
DANIELLE K. YEARICK, I.D. # 3668
300 Delaware Avenue, 11th Floor
P.O. Box 2092
Wilmington, DE 19899-2092
(302) 658-6901