# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FLOWSERVE CORPORATION ) | |
| ) | |
| Plaintiff, ) | C.A. No.: 04-1294 |
| ) | |
| v. ) | |
| ) | |
| BURNS INTERNATIONAL SERVICES ) | |
| CORPORATION and BORG-WARNER ) | |
| CORPORATION, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANT/COUNTERPLAINTIFF BURNS INTERNATIONAL SERVICES CORPORATION'S RULE 26(A)(1) DISCLOSURES

Defendant/Counterplaintiff Burns International Services Corporation ("Burns") makes the following disclosures in accordance with Fed. R. Civ. P. 26(a)(1) and the Court's Fed. R. Civ. P. 16 Scheduling Order:

(A)    The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information:

It is Burn's position that the Stock Purchase Agreement and Letter Agreement which are the subjects of this dispute are clear and unambiguous and that parol evidence should not be permitted unless and until Flowserve alleges, and the Court determines, that an ambiguity exists. Should such determination be made and parol evidence be permitted, the following persons may have discoverable information that Burns may use to support its claims or defenses:

(1)     Robert L. Zieg, current address unknown, - former associate counsel Borg Warner Corporation - may have been involved in negotiation, drafting and finalization of Stock Purchase Agreement and/or Letter Agreement;

(2)     Daniel V. Considine, current address unknown, - former associate counsel Borg Warner Corporation - may have been involved in negotiation, drafting and finalization of Stock Purchase Agreement and/or Letter Agreement;

(3)     Keith D. Schultz, current address unknown, - former general counsel Borg Warner Corporation - may have been involved in negotiation, drafting and finalization of Stock Purchase Agreement and/or Letter Agreement;

(4)     Donald E. Trauscht, Oak Brook, Illinois - former officer of Borg Warner Corporation who executed the Stock Purchase Agreement and Letter Agreement and may have been involved in the negotiation, drafting and finalization of Stock Purchase Agreement and Letter Agreement.

(5)     Alberto Cribiore, Bera Capital Partners LLC, 712 Fifth Avenue, New York, New York 10019 - former president of BWIP Acquisition Corporation who executed the Stock Purchase Agreement and may have been involved in the negotiation, drafting and finalization of Stock Purchase Agreement and Letter Agreement.

(6)     Joseph L. Rice, III, address unknown - former president of BWIP Acquisition Corporation who executed the Letter Agreement and may have been involved in the negotiation, drafting and finalization of Stock Purchase Agreement and Letter Agreement.

(7)  Robert L. Roberts, Jr., counsel for Flowserve Corporation - participated in tendering asbestos products liability claims to Burns for defense and indemnity under Borg-Warner policies.

(8)  Lawrence E. Henke, counsel for Flowserve Corporation - participated in tendering asbestos products liability claims to Burns for defense and indemnity under Borg-Warner policies.

(B)  a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody and control of the party and that the disclosing party may use to support it claims or defenses, unless solely for impeachment:

All such documents will be produced.

(C)  a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered:

Burns seeks damages equal to the amount of defense and indemnity payments paid in connection with all of the asbestos bodily injury claims tendered by Flowserve to Burns for defense and indemnity. Burns currently does not have in it its possession documents or information sufficient to allow it to calculate the amount which has been spent on such defense and indemnity. The information is in the possession of the various insurance carriers who have

paid for such defense and indemnity and will be obtained by Burns and made available to Flowserve as part of the discovery in this litigation.

 (D) for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy all or part of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment:

 None.

        MURPHY SPADARO & LANDON

        /s/ Francis J. Murphy
        Francis J. Murphy, I.D. # 223
        1011 Centre Road, Suite 210
        Wilmington, DE  19805
        Office (302)472-8100
        Fax (302)472-8135
        Email  fmurphy@msllaw.com