UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

_____
FLOWSERVE CORPORATION            )
                                 )
                                 )    C.A. No.:  04-1294
        Plaintiff,               )
                                 )
    v.                           )
                                 )
BURNS INTERNATIONAL SERVICES     )
CORPORATION and BORG-WARNER      )
CORPORATION,                     )
                                 )
        Defendants.              )
_____ )

**DEFENDANT BURNS INTERNATIONAL SERVICES CORPORATION'S
ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Defendants Burns International Services Corporation ("Burns") states as its answers and objections to the First Set of Interrogatories served by plaintiff Flowserve Corporation ("Flowserve") as follows:

**GENERAL OBJECTIONS TO INTERROGATORIES**

A.    Burns objects generally to plaintiff's Interrogatories to the extent that any interrogatory calls for information or documents prepared in anticipation of litigation, which constitute attorney work product, which constitute an attorney-client communication, or which are otherwise privileged.

B.    Burns objects generally to plaintiff's Interrogatories insofar as any interrogatory calls for information or documents which are irrelevant to the subject matter of this proceeding or which are inadmissible and not reasonably calculated to lead to the discovery of admissible evidence.

C.    Burns' answers shall not be deemed a waiver of its right to object on any

128425

ground to the relevance or admissibility of any portion of the information or documents contained or referenced in these responses, and Burns expressly reserves all such objections. Burns's response to plaintiffs' Interrogatories shall also not be deemed a waiver of any general or specific objections set forth below and Burns expressly reserves all such objections. Burns also expressly reserves the right to supplement, amend or correct these answers.

## ANSWERS TO INTERROGATORIES

1. With regard to the entity known as Borg-Warner Security Corporation, state:

    (a) the date of incorporation;

    (b) the state in which it was incorporated;

    (c) the address of its corporate headquarters

    (d) the names, business, address, and positions of its corporate officers;

    (e) any other corporate name by which it has ever been known (other than "Burns International Services Corporation").

**Answer:** (a) February 6, 1987;

(b) Delaware;

(c) 200 South Michigan Avenue, Chicago, Illinois;

(d) Burns objects to Interrogatory 1(d) on the grounds that it is over broad, unduly burdensome, vexatious and oppressive, and seeks information that is neither relevant to, nor likely to lead to the discovery of admissible evidence in regard to, any issue presented in this litigation;

(e) AV Holdings Corporation; Borg-Warner Holdings Corporation; Borg-Warner Corporation.

2. For each transaction included within the "transactions undertaken in connection with the liquidation of Borg-Warner" as alleged in of Burns' Counterclaim, state:

 (a) the names, business addresses, and business phone numbers of each party to the transaction;

 (b) the date of the transaction;

 (c) whether any documents evidencing said transaction exist and, if so, identify and/or describe them by date, author, signatories, title and description of contents;

 (d) the name and address of any person having custody or possession of any document identified in your answer to 2(c).

**Answer:** Burns objects to Interrogatory 2 on the grounds that it is over broad, unduly burdensome, vexatious and oppressive, and seeks information that is neither relevant to, nor likely to lead to the discovery of admissible evidence in regard to, any issue presented in this litigation. Without waiving such objections, or any General Objection, Burns states that the transactions undertaken in connection with the liquidation of Borg-Warner Corporation are described in the "Borg-Warner Corporation Plan of Liquidation" produced by Burns as document numbers BI140 -BI184. Investigation continues.

3. Does Burns contend that Byron Jackson industrial pumps were manufactured by any entity other than Borg-Warner Corporation, its Byron Jackson Division, or any of its subsidiaries between 1955 and 1987? If so, state for each such other entity;

 (a) its name and business address;

  (b) the period of time during which it manufactured Byron Jackson industrial pumps.

**Answer:** Burns makes no contention as to the manufacturer of Byron Jackson industrial pumps; however, to the best of Burns' current knowledge, information and belief industrial pumps commonly referred to as Byron Jackson industrial pumps were manufactured by Borg-Warner Corporation, or one of its divisions or subsidiaries, from and after the date Borg-Warner Corporation acquired the Byron Jackson Company in or about 1955, until Borg-Warner Corporation sold its subsidiary, Borg-Warner Industrial Products, Inc. to BWIP Acquisition Corporation in 1987.

  4. Identify every person known to Burns (or its attorneys or agents) who participated on behalf of Borg-Warner Corporation in the negotiations with BWIP Acquisition Corporation pertaining to the 1987 Stock Purchase Agreement.  For each such person, state:

   (a) his employer at the time of the negotiations;

   (b) his title or position at the time of the negotiations;

   (c) his current employer and business address;

    his current title or position.

**Answer:** See Burns' Rule 26(a) disclosures served herein.

  5. Identify every person known to Burns (or its attorneys or agents) who participated on behalf of BWIP Acquisition Corporation in the negotiations with Borg Warner Corporation pertaining to the 1987 Stock Purchase Agreement.  For each such person state:

   (a) his employer at the time of the negotiations;

   (b)  his title or position at the time of the negotiations;

   (c)  his current employer and business address;

      his current title or position.

**Answer:**  See Burns' Rule 26(a) disclosures served herein.

  6. State the date upon which Burns first became "entitled to the rights and benefits of the indemnity provisions of the 1987 Stock Purchase Agreement," as stated in paragraph 17 of Burns' Answer.

**Answer:**  On or about December 31, 1987.

  7. Identify by date, author, signatories, title, and description of contents each and every document that addresses or pertains to Burns' contention that is entitled to the rights and benefits of the indemnity provisions of the 1987 Stock Purchase Agreement.

**Answer:**  See "Borg-Warner Corporation Plan of Liquidation" produced by Burns as document numbers BI140 -BI184.  Investigation continues.

  8. Identify by date, author, signatories, title, and description of contents each and every document or other form of communication in which Burns expressed any "reservation of rights" with regard to coverage provided to Flowserve by Borg Warner's insurers for underlying asbestos claims.

**Answer:**  Burns' reservation of rights letters were produced as part of Burns' Rule 26(a) disclosures served herein. Additional documents will be produced in response to Flowserve's Request for Production.

  9. Identify the primary insurer that now contends that the defense and indemnification coverage that has been provided to Flowserve "was subject to a reservation of rights," as alleged in of Burns' Answer.

**Answer:** The primary insurers which Burns contends provided Flowserve defense and indemnification coverage "subject to a reservation of rights" are the same primary insurers Flowserve alleged in paragraph 30 of its Complaint provided defense and indemnification coverage subject to a reservation of rights.

10. Identify by date, author, signatories, title, and description of contents each and every parol evidence document know to Burns (or its attorneys or agents) that may be used by either side in this litigation to interpret the terms of the Stock Purchase Agreement.

**Answer:** Burns objects this Interrogatory on the grounds that it assumes parol evidence will be admitted to interpret the terms of the Stock Purchase Agreement. Neither Burns nor Flowserve has alleged that the Stock Purchase Agreement is ambiguous in any respect and unless and until the Court determines that the Stock Purchase Agreement is ambiguous this Interrogatory is premature. Burns further objects to this Interrogatory to the extent it calls for the disclosure of information protected by the work product privilege.

MURPHY, SPADARO &LANDON

/s/ Francis J. Murphy
Francis J. Murphy, I.D. No. 223
1011 Centre Road, Suite 210
Wilmington, DE 19805
Tel: (302) 472-8100
Fax: (302) 472-8135
E-mail: Fmurphy@msllaw.com

Attorneys for Defendant Burns International Services Corporation

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| _____ ) | |
| FLOWSERVE CORPORATION, ) | |
| ) | C.A. No.: 04-1294 JJF |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| BURNS INTERNATIONAL SERVICES ) | |
| CORPORATION and BORG-WARNER ) | |
| CORPORATION, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

### NOTICE OF SERVICE

I, Francis J. Murphy, Esquire, do hereby certify that on this 3rd day of February, 2006, I have caused the following documents to be served in the manner indicated on the parties listed below: **DEFENDANT BURNS INTERNATIONAL SERVICES CORPORATION'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES.**

**By Electronic Filing**
Danielle K. Yearick, Esquire
Tybout, Redfearn & Pell
300 Delaware Avenue, 11th Floor
P.O. Box 2092
Wilmington, DE 19899-2092

**By First Class Mail**
William Mahoney, Esquire
Ted McCullough, Esquire
Erich Gleber, Esquire
Segal McCambridge Singer & Mahoney, Ltd.
805 Third Avenue, 19th Floor
New York, NY 10022

**By First Class Mail**
Christopher M. Bechhold, Esquire
Thompson Hine, LLP
312 Walnut Street, 14th Floor
Cincinnati, OH 45209

MURPHY SPADARO & LANDON

/s/ Francis J. Murphy
Francis J. Murphy, I.D. # 223
1011 Centre Road, Suite 210
Wilmington, DE 19805
Office (302)472-8100
Fax    (302)472-8135
Email  fmurphy@msllaw.com