UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FLOWSERVE CORPORATION ) | |
| ) | |
| ) | C.A. No.: 04-1294 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| BURNS INTERNATIONAL SERVICES ) | |
| CORPORATION and BORG-WARNER ) | |
| CORPORATION, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANT BURNS INTERNATIONAL SERVICES CORPORATION'S
RESPONSE TO PLAINTIFF FLOWSERVE CORPORATION'S
FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS**

Defendants Burns International Services Corporation ("Burns") states as its response to to the First Request for the Production of Documents served by plaintiff Flowserve Corporation ("Flowserve") as follows:

**GENERAL OBJECTIONS TO DOCUMENT REQUESTS**

1. Burns objects generally to plaintiff's First Request for Production to the extent that any request calls for information or documents prepared in anticipation of litigation, which constitute attorney work product, which constitute attorney-client communications, or which are otherwise privileged.

2. Burns objects generally to plaintiff's First Request for Production to the extent any request calls for the production of any information or documents which are irrelevant to the subject matter of this proceeding or which are inadmissible and not reasonably calculated to lead to the discovery of admissible evidence.

128441

3.  Burn's responses shall not be deemed a waiver of its right to object on any ground to the relevance or admissibility of any portion of the information or documents contained or referenced in these responses, and Burns expressly reserves all such objections. Burn's response to plaintiff's First Request for Production shall also not be deemed a waiver of any general or specific objections set forth below and Burns expressly reserves all such objections. Burns also expressly reserves the right to supplement, amend or correct its response.

## REQUESTS FOR PRODUCTION

1.  All contracts, agreements, memoranda, correspondence, electronic correspondence, fax transmissions, notes, records, and any other documents that in any way address or pertain to the leveraged buyout of the outstanding stock of Borg-Warner, as described in Burns' Answer to ¶15 of Flowserve's Complaint in this case.

**Response:**   Burns objects to Request No. 1 on the grounds that its is over broad, unduly burdensome, vexatious and oppressive, and seeks information that is neither relevant to, nor likely to lead to the discovery of admissible evidence in regard to, any issue presented in this litigation. Without waiving such objections, or any General Objection, Burns states that it will make the closing books for the leveraged buy-out available for inspection and copying.

2.  Any records, memoranda, correspondence, electronic correspondence, fax transmissions, notes, or other documents that in any way address or pertain to the change of corporate name from "Borg-Warner Security Corporation" to "Burns International Services Corporation," as stated in Burns' Answer to ¶17 of Flowserve's Complaint.

**Response:**   Documents responsive to this request were previously produced as part of Burns' Rule 26(a) disclosures.

3.  Any and all drafts of the Stock Purchase Agreement.

128441

**Response:**   Burns has not located any drafts of the Stock Purchase Agreement. Investigation continues.

4. Any and all amendments, and drafts of amendments, to the 1987 Stock Purchase Agreement.

**Response:**   The only Amendment to the 1987 Stock Purchase Agreement of which Burns is aware is included in the closing books for the sale of the stock of Borg-Warner Industrial Products, Inc. to BWIP Acquisition Corporation which were produced by Flowserve in the Illinois declaratory judgment action as document numbers FS1- FS3723. Burns currently has not located any drafts of amendments to the Stock Purchase Agreement. Investigation continues.

5. Any and all correspondence, electronic correspondence, memoranda, notes, or other documents that in any way address or pertain to the negotiations between the parties to the 1987 Stock Purchase Agreement.

**Response:**   Burns currently has not located any documents responsive to this Request. Investigation continues.

6. Any and all correspondence, electronic correspondence, memoranda, notes, or other documents that address or pertain to any negotiation, discussion, or other communication between the parties to the 1987 Stock Purchase Agreement specifically relating to asbestos liabilities, environmental liabilities, disease-related liabilities, or products liabilities arising out of the use of products manufactured and/or sold by the Borg-Warner Industrial Division or Borg-Warner Industrial Products Inc.

**Response:**   See Schedule 4.15 and Schedule 4.23 to the 1987 Stock Purchase Agreement for a list of environmental claims and environmental issues outstanding on the Closing Date of the 1987 Stock Purchase Agreement.  Investigation continues.

7. Any and all correspondence, electronic correspondence, memoranda, notes, lists, exhibits, or other documents identifying or referring to any claims against Borg-Warner Corporation, or any of its subsidiaries or divisions, that were pending as of the Closing Date of the 1987 Stock Purchase Agreement and that involved any alleged asbestos liability, environmental liability, disease-related liability, or products liability arising out of the use of products manufactured and/or sold by the Borg-Warner Industrial Division or Borg-Warner Industrial Products Inc.

**Response:**   See answer to Request No. 6.

8. Any and all correspondence, electronic correspondence, memoranda, notes, lists, exhibits, or other documents identifying or referring to any potential future claims against Borg-Warner Corporation, or any of its subsidiaries or divisions, that were pending as of the Closing Date of the 1987 Stock Purchase Agreement and that involved any alleged asbestos liability, environmental liability, disease-related liability, or products liability arising out of the use of products manufactured and/or sold by the Borg-Warner Industrial Division or Borg-Warner Industrial Products Inc.

**Response**:   See response to Request No. 6.

9. Any contracts, agreements, memoranda, correspondence, electronic correspondence, fax transmissions, notes, or other documents that in any way address or pertain to Burns' position, as stated in Burns' Answer to ¶17 of Flowserve's Complaint, that Burns is

entitled to the rights and benefits of the indemnity provision for the 1987 Stock Purchase Agreement.

**Response:** See Borg-Warner Corporation Plan of Liquidation previously produced as part of Burns' Rule 26(a) disclosures. Additional documents concerning the Plan of Liquidation will be produced. Investigation continues.

10. Any contracts, agreements, memoranda, correspondence, electronic correspondence, fax transmissions, notes, or other documents that in any way address or pertain to Burns' position, as stated in Burns' answer to ¶17 of Flowserve's Complaint, that Burns is responsible for Borg-Warner's contractual indemnity obligations, if any, under the 1987 Stock Purchase Agreement.

**Response:** See response to Request No. 9.

11. Each and every letter, e-mail message, fax transmittal, memorandum, or other written communication in which Burns asserted a reservation of rights with respect to complaints served upon Flowserve in the Underlying Asbestos Claims, as stated in ¶28 of Burns' Answer to Flowserve's Complaint.

**Response:** Documents responsive to this request were previously produced as part of Burns' Rule 26(a) disclosures. Additional documents responsive to this Request will be produced. Investigation continues.

12. Each and every letter, e-mail message, fax transmittal, memorandum, or other written communication, which Burns or any other agent or attorney acting on Burns' behalf, sent to any insurance carrier for Borg-Warner in which Burns asserted an objection to the provisions

of coverage to Flowserve for any complaint served upon Flowserve in any Underlying Asbestos Claims.

**Response:**    None.

13.    Each and every letter, e-mail message, fax transmittal, memorandum, or other written communication, which Burns, or any agent or attorney acting on Burns' behalf, sent to Flowserve, or to any agent or attorney for Flowserve, in which Burns tendered any underlying asbestos claim naming Burns as a Defendant to Flowserve for defense and indemnity.

**Response**:    Documents responsive to this request were previously produced as part of Burns' Rule 26(a) disclosures. Additional documents responsive to this Request will be produced. Investigation continues.

14.    Any and all correspondence, e-mail messages, fax transmittals, memoranda, notes or other documentation that pertain to the "Second Defense," i.e. that Borg-Warner has ceased to exist as an entity and is not a necessary or proper party.

**Response:**    See Borg-Warner Corporation Plan of Liquidation and Borg-Warner Corporation corporate records previously produced as part of Burns' Rule 26 disclosures. Investigation continues.

15.    Any and all correspondence, e-mail messages, fax transmittals, memoranda, notes or other documentation that pertains to Burns' "Third Defense" that Flowserve has breached its indemnity obligations under the 1987 Stock Purchase Agreement and thereby lost any benefit or any rights it may otherwise have had under such agreement.

**Response**:    Documents responsive to this request were previously produced as part of Burns' Rule 26(a) disclosures. Investigation continues.

16. Any and all correspondence, e-mail messages, fax transmittals, memoranda, notes or other documentation that in any way addresses or pertain to Burns' "Fourth Defense" of estoppel.

**Response**:   Documents responsive to this request were previously produced as part of Burns' Rule 26(a) disclosures.  Investigation continues.

17. Any and all correspondence, e-mail messages, fax transmittals, memoranda, notes, or other documentation that in any way address or pertain to Burns' "Fifth Defense" of waiver.

**Response**:   Documents responsive to this request were previously produced as part of Burns' Rule 26(a) disclosures.  Investigation continues.

18. Any contracts, agreements, memoranda, correspondence, electronic correspondence, fax transmissions, notes, or other documents that in any way address or pertain to Burns' position, as stated in ¶8 of Burns' Counterclaim, that Burns now possesses the rights of Borg-Warner under the terms of the 1987 Stock Purchase Agreement, including the rights of Borg-Warner under the indemnity provisions.

**Response:**   See response to Request No. 9.

19. Any correspondence, electronic correspondence, fax transmissions, notes, or other documents pertaining to Burns' allegation, set forth in ¶15 of its Counterclaim, that Burns was advised that the insurance carriers that had been providing the defense and indemnity for the claim would not pay 100% of the defense and indemnity costs associated with the claim or any other Underlying Asbestos Claims.

**Response:** Documents responsive to this request were previously produced as part of Burns' Rule 26(a) disclosures. Investigation continues.

20. Any correspondence, other than Exhibit E attached to Flowserve's Complaint, that Burns, or any agent or attorney of Burns, sent to Flowserve in which Burns made demand upon Flowserve for defense and indemnity under the terms of the 1987 Stock Purchase Agreement.

**Response:** See response to Request No. 13.

21. Any correspondence, electronic correspondence, fax transmissions, notes, memoranda, data compilations, spreadsheets, or other documents that pertain to Burns' position, as set forth in ¶21 of its Counterclaim, that Burns has been damaged and will continue to be damaged .

**Response:** Documents responsive to this request were previously produced as part of Burns' Rule 26(a) disclosures. Investigation continues.

22. Any records, spreadsheets, memoranda, invoices, correspondence, or other documentation that in any way address or pertain to the amount of damages that Burns has incurred.

**Response:** See response to Request No. 21.

23. Any correspondence, electronic correspondence, fax transmissions, notes, memoranda, or other documentation that pertain to Burns' position that Flowserve has repeatedly and consistently asserted that the defense and indemnity of the Underlying Asbestos Claims was to be provided by available insurance carried by Borg-Warner, as alleged in ¶24 of Burns' Counterclaim.

**Response:** Documents responsive to this request were previously produced as part of Burns' Rule 26(a) disclosures. Investigation continues.

24. Any correspondence, electronic correspondence, fax transmissions, notes, memoranda or other documents that pertain to Burns' "express understanding that Flowserve was asserting its rights under May 1, 1987 letter because Flowserve recognized and agreed that it was legal successor to BWIP and was responsible for Losses arising out of the Underlying Asbestos Claims to the extent such Losses were not covered by insurance carried by Borg-Warner," as alleged in ¶25 of Burns' Counterclaim.

**Response:** Documents responsive to this request were previously produced as part of Burns' Rule 26(a) disclosures. Investigation continues.

25. Any correspondence, electronic correspondence, fax transmissions, notes, memoranda or other documents that pertain to Burns' position that Flowserve "disavowed its liability for Losses arising out of such Underlying Asbestos Claims," as alleged in ¶26 of Burns' Counterclaim.

**Response:** Documents responsive to this request were previously produced as part of Burns' Rule 26(a) disclosures. Additional documents responsive to this Request will be produced. Investigation continues.

26. Any correspondence, electronic correspondence, fax transmissions, notes, memoranda, data compilations, spreadsheets, or other documents that in any way address or pertain to Burns' position that Flowserve has realized in excess of $10,000,000 in insurance benefits, as alleged in ¶35 of Burns' Counterclaim.

**Response**:   Documents responsive to this request were previously produced as part of Burns' Rule 26(a) disclosures.  Investigation continues.

27. Any correspondence, electronic correspondence, fax transmissions, notes, memoranda , notes, records, agreements, or other documents that in any way address or pertain to the transfer of all of the Byron Jackson industrial pump business to Borg-Warner Industrial Products, Inc., or its subsidiaries, as alleged in ¶6 of the Burns' Counterclaim.

**Response:**   Documents pertaining to this Request are included in the closing books for the sale of the stock Borg-Warner Industrial Products, Inc. to BWIP Acquisition Corporation which were produced by Flowserve in the Illinois declaratory judgment action as document numbers FS1- FS3723.  Investigation continues.

28. Any documents not produced in response to the aforesaid requests numbered 1 through 27 that negate or tend to negate any of the allegations contained in Flowserve's Complaint.

**Response:**   Burns objects to Request 28 on the grounds that it is over broad, unduly burdensome, vexatious and oppressive.  Burns further objects to this Request to the extent it calls for the disclosure of information protected by the work product privilege.  Without waiving such objections, or the General Objections, Burns states that it has and will produce documents that it may use to support its claims or defenses in the trial of this matter in accordance with the requirements of the Federal Rules of Civil Procedure or as ordered by the Court.

29. Any documents not produced in response to requests 1 through 27 that address or pertain to any matters asserted by Burns in its Answer to Counterclaim.

**Response:** Burns objects to Request 29 on the grounds that it is over broad, unduly burdensome, vexatious and oppressive, and seeks information that is neither relevant to, nor likely to lead to the discovery of admissible evidence in regard to, any issue presented in this litigation.  Burns further objects to this Interrogatory to the extent it calls for the disclosure of information protected by the work product privilege.  Without waiving such objections, or the General Objections, Burns states that it has and will produce documents that it may use to support its claims or defenses in the trial of this matter in accordance with the requirements of the Federal Rules of Civil Procedure or as ordered by the Court.

        MURPHY, SPADARO &LANDON

        /s/ Francis J. Murphy
        Francis J. Murphy, I.D. No. 223
        1011 Centre Road, Suite 210
        Wilmington, DE 19805
        Tel: (302) 472-8100
        Fax: (302) 472-8135
        E-mail: Fmurphy@msllaw.com

        Attorneys for Defendant Burns International Services Corporation

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FLOWSERVE CORPORATION,<br><br>               Plaintiff,<br><br>     v.<br><br>BURNS INTERNATIONAL SERVICES CORPORATION and BORG-WARNER CORPORATION,<br><br>               Defendants. | )<br>)<br>)   C.A. No.: 04-1294 JJF<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**NOTICE OF SERVICE**

      I, Francis J. Murphy, Esquire, do hereby certify that on this 3rd day of February, 2006, I have caused the following documents to be served in the manner indicated on the parties listed below: **DEFENDANT BURNS INTERNATIONAL SERVICES CORPORATION'S RESPONSE TO PLAINTIFF FLOWSERVE CORPORATION'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS.**

**By Electronic Filing**
Danielle K. Yearick, Esquire
Tybout, Redfearn & Pell
300 Delaware Avenue, 11th Floor
P.O. Box 2092
Wilmington, DE 19899-2092

**By First Class Mail**
William Mahoney, Esquire
Ted McCullough, Esquire
Erich Gleber, Esquire
Segal McCambridge Singer & Mahoney, Ltd.
805 Third Avenue, 19th Floor
New York, NY 10022

**By First Class Mail**
Christopher M. Bechhold, Esquire
Thompson Hine, LLP
312 Walnut Street, 14th Floor
Cincinnati, OH 45209

                                              MURPHY SPADARO & LANDON

                                              /s/ Francis J. Murphy
                                              Francis J. Murphy, I.D. # 223
                                              1011 Centre Road, Suite 210
                                              Wilmington, DE 19805
                                              Office (302)472-8100
                                              Fax    (302)472-8135
                                              Email  fmurphy@msllaw.com