# EXHIBIT A

RLZ:3/11/87:7001:8

## STOCK PURCHASE AGREEMENT

THIS STOCK PURCHASE AGREEMENT (this "Agreement"), dated March 12, 1987, by and between BWIP Acquisition Corporation, a Delaware corporation (the "Buyer"), and Borg-Warner Corporation, a Delaware corporation ("Borg-Warner").

WITNESSETH:

WHEREAS, Borg-Warner is the owner of all of the issued and outstanding shares of capital stock of Borg-Warner Industrial Products, Inc., a Delaware corporation ("BWIP") (such shares being hereinafter referred to as the "BWIP Common Stock"); and

WHEREAS, except for certain foreign operations, the businesses of Borg-Warner's Byron Jackson Division, Mechanical Seal Division and Fluid Controls Division are conducted by BWIP or a subsidiary or subsidiaries of BWIP; and

WHEREAS, Borg-Warner proposes to reorganize BWIP by causing to be transferred to BWIP or to a subsidiary or subsidiaries of BWIP the assets of certain divisions of

- 1 -

RLZ:3/11/87:7001:8

to the businesses of the Divisions. Borg-Warner hereby agrees that to the extent that the transfer of the business of the Divisions intended to be made by it to BWIP in 1984 has not been effectively consummated and, as a result thereof, licenses, permits, agreements, patents, trademarks and other assets (including all environmental permits necessary for the operation and use of the Properties and for the disposal of any wastes or other substances generated or used in the operation of BWIP's or any Subsidiary's business or of the Properties) are held in a name other than that of BWIP or one of the Subsidiaries of BWIP, it will use reasonable efforts to take, or cause to be taken, all action, and to do, or to cause to be done, all things, necessary, proper or advisable to make effective such 1984 transaction, at Borg-Warner's sole cost and expense, including the obtaining of licenses, permits, consents, authorizations and approvals of any requisite United States or foreign governmental entity or third party necessary in connection therewith.

9.04   Indemnification.

(a)   Borg-Warner shall defend, indemnify and hold harmless the Buyer, BWIP and each of their respective

RLZ:3/11/87:7001:8

subsidiaries including, without limitation, the Subsidiaries, and any Affiliate of Buyer that purchases the Dutch Assets and the European Stock or the stock of B-W Holland, from any and all claims, actions, causes of action, liabilities, losses, damages, and reasonable out-of-pocket expenses and costs, ("Losses") resulting from, arising out of or relating to the following:

> (i) (A) the breach or falsity of any representation or warranty made by Borg-Warner in this Agreement or in any of the Collateral Agreements or pursuant hereto or thereto and as to which a written claim with respect to such breach or falsity is submitted to Borg-Warner by the Buyer before the representations and warranties expire as provided in Section 10.02, and (B) the real estate, appurtanant rights thereto and improvements thereon comprising the Charlotte, North Carolina facility of the Byron Jackson Division of BWIP, located at 12200 Steele Creek Road in Mecklenburg County, North Carolina (collectively the "Charlotte Real Estate"), as more particularly described in the Real Estate Sales Agreement, dated February 9, 1987, by and between BWIP and Okuma Machine Tools, Inc. (the

- 101 -

RLZ:3/11/87:7001:8

"Sales Agreement"), including, without limitation, Losses arising from (x) BWIP's ownership, use and occupancy of the Charlotte Real Estate prior to the Effective Date, (y) the transfer of title to the Charlotte Real Estate from BWIP to Borg-Warner (including, without limitation, the adequacy of consideration for such transfer, any failure to record such transfer, to deliver deeds or other requisite documents of conveyance or otherwise to legally effect such transfer of title) and (z) the Sales Agreement, including, without limitation, the execution, delivery and performance thereof and the giving of representations and warranties thereunder; and

(ii)   subject to the provisions in subsections (b) and (c) of this Section 9.04, the Covered Liabilities (as defined below). The term "Covered Liabilities" shall mean the following (but shall not include any of the Specified Liabilities as defined in paragraph (b) of this Section 9.04):

(A)  any liability of BWIP and the Subsidiaries (other than intercompany

RLZ:3/11/87:7001:8

liabilities of BWIP and Subsidiaries eliminated in the 1986 BWIP Financial Statements) that, in accordance with generally accepted accounting principles, should have been shown as a liability on the BWIP Balance Sheet or in the notes thereto and was not so shown;

(B) any Loss to the extent that it results from, relates to or arises out of any business of Borg-Warner or any of its subsidiaries or affiliates other than the businesses of the Divisions;

(C) any product liability claim, whether based on theories of negligence, warranty or strict liability, made prior to the Closing Date, with respect to products manufactured or sold by the businesses of the Divisions;

(D) any product liability claim, whether based on theories of negligence, warranty or strict liability, whenever made (i.e., whether made prior to,

- 103 -

RL2:5/11/87:7001:8

on or after the Closing Date), in connection with a product which is in a product category that as of Effective Date was no longer manufactured or held out for sale or for which parts were no longer manufactured or held out for sale by the businesses of the Divisions;

(E) any occurrence, conduct or condition existing on or prior to the Effective Date with respect to the businesses of Borg-Warner, BWIP and its Subsidiaries and the Divisions that:

(1) violated, is alleged to violate or gives rise to a claim under any law, rule, or ordinance in effect as of the Effective Date, or any judgment, order or decree in any case relating to conduct prior to the Effective Date with respect to handling or disposal of toxic or hazardous materials, air or water pollution or otherwise relating to protection of or damage to the environment;

RLZ:3/11/87:7001:8

(2) is the basis for any common law tort, nuisance or similar claim by a party (other than the Buyer or an affiliate of Buyer) in connection with which Borg-Warner, BWIP or any of the Subsidiaries or any business of the Divisions is alleged to have released harmful, toxic or hazardous substances into the environment; or

(3) is the basis for a claim that the claimant contracted a disease as a result of exposure prior to the Effective Date to any product of or raw material used by Borg-Warner, BWIP or any of the Subsidiaries or any business of the Divisions, except to the extent that such a claim is made after the Effective Date and arises out of third party use of a product after sale;

(F) any worker's compensation claim by an employee or former employee of

RLZ:3/11/87:7001:8

Borg-Warner, BWIP or any of its Subsidiaries or any business of the Divisions with respect to an accident or occurrence prior to the Closing Date;

(G) any claim that is first asserted within six months after the Effective Date by an employee or former employee of BWIP or any of its Subsidiaries or of any of the businesses of the Divisions which claim involves or alleges discrimination on the basis of race, religion, sex, age or other factors that occurred or are alleged to have occurred on or prior to the Effective Date;

(H) any claim or obligation which Borg-Warner assumes or agrees to perform or be responsible for or pay under the terms of the Tax Agreement provided for in Section 6.06 or the Employee Assets Agreement provided for in Section 6.07;

(I) any cause of action or judicial or administrative action, suit, proceeding or

RLZ:3/11/87:7001:8

investigation pending or threatened that is set forth in or should have been set forth in Schedule 4.15 hereto or in Schedule 4.23 or in Schedules 4.2EA and 4.4EA to the Employee Assets Agreement provided for in Section 6.07;

(J) any failure or alleged failure to comply with, or any violation or alleged violation of, any law, rule, regulation, statute, ordinance, permit, judgment, injunction, order, decree, license or other governmental authorization or approval applicable to BWIP or any of its Subsidiaries or any of the businesses of the Divisions, which failure or violation occurred or was alleged to have occurred on or prior to the Effective Date except for failures or violations relating to subjects specifically covered by paragraphs E, G, H or K of this Section 9.04(a) which the parties intend to be covered by the provisions thereof;

RLZ:3/11/87:7001:8

(K) any payment or other use of any assets on or prior to the Effective Date by Borg-Warner or any of its subsidiaries, including BWIP or any of its Subsidiaries, to or on behalf of an official of any government, or for any purpose related to political activity, except as permitted by applicable law, or for any of the purposes described in Section 162(c) of the Code or for establishment or maintenance of any concealed fund or concealed bank account;

(L) any recourse obligation against Borg-Warner, BWIP or any of its Subsidiaries with respect to any notes, bonds, accounts receivable or other evidences of indebtedness of or rights to receive payments from any person, which recourse obligation existed on the Effective Date and has not been disclosed on Schedule 9.04 hereto, but excluding any such obligation to the extent offset by a related acquisition of assets by the Buyer, BWIP and the Subsidiaries or any Affiliate of the Buyer and excl

- 108 -

RLZ:3/11/87:7001:8

performance obligations for which Buyer is responsible under subsection (b)(B) of this Section 9.04; and

(M) any liability of BWIP or any of its Subsidiaries to the extent covered by insurance carried by Borg-Warner.

(b) The Buyer shall defend, indemnify and hold harmless Borg-Warner and its subsidiaries from, and there shall be excluded from Borg-Warner's obligation to defend, indemnify and hold harmless under preceding paragraph (a) of this Section 9.04, the following Losses (the "Specified Liabilities"):

(A) any Losses to the extent reserved or otherwise provided for in the BWIP Balance Sheet or resulting from operations in the ordinary course of business of BWIP and the Subsidiaries after the Effective Date and any debt, liability, contract, commitment, engagement, lease or other obligation relating to the businesses of BWIP and the Subsidiaries and properly transferred to BWIP or any of its Subsidiaries or to the Buyer or an Affiliate of the Buyer on or prior to the Closing

RLZ:3/11/87:7001:8

Date in accordance with Section 1.02(a) and the other terms of this Agreement, <u>provided</u> that none of the foregoing Losses shall be "Specified Liabilities" to the extent that the Collateral Agreements or another section of this Agreement provides that Borg-Warner is to be responsible for any such Loss;

(B)  any claim based solely upon an express warranty, to the extent that such claim involves Loss within the scope of such warranty, with respect to a product manufactured or sold by BWIP or any of its Subsidiaries, except those claims set forth in Schedule 4.15 hereto and those claims required to be disclosed in Schedule 4.15 hereto that are not so disclosed;

(C)  any product liability claim asserted after the Effective Date, whether based on theories of negligence, warranty or strict liability, arising from a product manufactured or sold by any of the businesses of the Divisions, whenever manufactured or sold, unless set forth in Schedule 4.15 or required to be disclosed in Schedule 4.15 and not so disclosed, <u>provided</u>,

RLZ:3/11/87:7001:8

however, that BWIP or one of its Subsidiaries manufactures or holds out for sale such product or parts therefor as of the Effective Date;

(D) any claim that is first asserted more than six months after the Effective Date by an employee or former employee of the businesses of the Divisions, which claim involves or alleges discrimination on the basis of race, religion, sex, age or other factors that occurred on, prior to or after the Effective Date;

(E) any claim or obligation which the Buyer assumes or agrees to perform or be responsible for or to pay under the terms of the Employee Assets Agreement provided in Section 6.07;

(F) any claim or obligation which the Buyer assumes or agrees to perform or be responsible for or to pay under the terms of the Tax Agreement provided for in Section 6.06; and

(G) Losses arising from BWIP's failure to perform its obligations under the Occupancy

RLZ:3/11/87:7001:3

Agreement, dated March 2, 1987, between BWIP and Okuma Machine Tools Inc.

(c) Notwithstanding the provisions of subsection (a) of this Section 9.04, Borg-Warner shall not be required to defend, indemnify and hold harmless the Buyer, BWIP, their subsidiaries or any Affiliate of Buyer for:

(i) all of the first $1,000,000; 50% of the next $4,000,000; and 30% of the next $5,000,000 of the amounts that otherwise would be due from Borg-Warner under subsection (a) of this Section 9.04, but for the provisions of this clause (i), _provided_, however, that this clause (i) shall not apply to any Loss for which Borg-Warner is liable under the provisions of clause (ii)(H) and clause (i)(B) of Section 9.04(a);

(ii) any claim, action, cause of action or liability that, but for this provision, would involve an indemnification payment by Borg-Warner of less than $10,000, _provided_, however, that this clause (ii) shall not apply to any Loss for which

RLZ:3/11/87:70C1:8

Borg-Warner is liable under the provisions of clause (ii)(H) and clause (i)(B) of Section 9.04(a); and

(iii) any claim, action, cause of action or liability arising out of the operation of the Divisions prior to the Effective Date not specifically set out in subsection (a) of this Section 9.04 requiring Borg-Warner to defend, indemnify and hold harmless the Buyer, BWIP and each of their respective subsidiaries; and

(iv) any claim, action, cause of action, or liability, loss or damage pursuant to subsection (a) of this Section 9.04 which is not submitted to Borg-Warner for defense within five years after the Effective Date except for such claims, action, cause of action, liability, loss or damage covered by the provisions of clauses (ii)B, E, H, J and K and clause (i)(B) of Section 9.04(a);

provided, however, that none of the provisions of this subsection (c) shall apply to Borg-Warner's obligations under clause (I) of subsection (a) of this Section 9.04.

- 113 -

RLZ:3/11/87:7001:8

(d)    Whenever any claim, action, cause of action or liability (a "Claim") shall be asserted against a party entitled to be defended and indemnified under this Section 9.04 (the "Indemnified Party"), the Indemnified Party shall give written notice of the Claim, with reasonable promptness after such Indemnified Party has actual knowledge of the Claim, to the party who is required to provide indemnification and defense with respect to the Claim (the "Indemnifying Party"); provided, however, that the failure to give such notice shall not relieve the Indemnifying Party of its indemnification obligations under this Agreement except to the extent that the omission results in a failure of actual notice to the Indemnifying Party and such Indemnifying Party is injured as a result of the failure to give such notice. The Indemnifying Party shall, at its expense, undertake the defense of such Claim with attorneys of its own choosing reasonably satisfactory to the Indemnified Party; provided that an Indemnified Party may participate in such defense, but only at such Indemnified Party's expense. In the event the Indemnifying Party, within a reasonable time after receiving notice of the Claim from the Indemnified Party, fails to defend the Claim, the Indemnified Party may, at the expense of the Indemnifying Party and after giving notice to the

- 114 -

RLZ:3/11/87:7001:8

Indemnifying Party of such action, undertake the defense of the Claim and compromise or settle the Claim, all for the account of and at the risk of the Indemnifying Party. No Indemnifying Party, in the defense of any Claim, shall, except with the consent of each Indemnified Party (which consent will not be unreasonably withheld), consent to entry of any judgment or enter into any settlement that does not include as an unconditional term thereof the giving by the person or persons asserting such Claim to such Indemnified Party of a release from all liability with respect to such Claim. In each case, the Indemnified Party will cooperate with the Indemnifying Party, so long as the Indemnifying Party is conducting the defense of the Claim, in the preparation for and prosecution of the defense of such Claim, including making available evidence within the control of the Indemnified Party and persons needed as witnesses who are employed by Indemnified Party, in each case as reasonably needed for such defense and at cost, which costs, to the extent reasonably incurred, shall be paid by the Indemnifying Party.

(e) All product warranty repair or replacement required to be paid for by Borg-Warner under subsection (a) of this Section 9.04 shall be performed at fully allocated cost by the Buyer, through BWIP and its Subsidiaries, at Borg-Warner's request.

- 115 -

RLZ:3/11/87:7001:8

(f)  In any case in which a matter giving rise to a Loss of the type specified in Section 9.04(a)(ii)(G) or a claim under such Section that could result in a Loss requires a hiring or a rehiring or a change in the conduct or practices of BWIP and the Subsidiaries to avoid the Loss or to avoid a continuation of the Loss by bringing such conduct and practice into compliance with the requirements of applicable law, Buyer will cause BWIP and the Subsidiaries at their expense to comply with ordered specific performance or to change their conduct or practices to bring them into compliance with the such requirements.

(g)  In any instance in which each party hereto would be liable for a portion of a particular Loss under the provisions of this Section 9.04 (other than the provisions of clause (i) of subsection (c)), then the portion of the Loss for which each party is responsible under this Section 9.04 shall be determined by an equitable allocation of the Loss between Borg-Warner and the Buyer before applying the sharing provisions in subsection (c) of this Section 9.04.