# EXHIBIT D

Case 1:04-cv-01294-JJF     Document 56-5     Filed 02/27/2006     Page 1 of 3



Gregory E. Rogus
Direct (312) 645-7804
grogus@smsm.com

February 17, 2006

Edward Mueller
Nisen & Elliott LLC
200 W. Adams Street #2500
Chicago, IL 60606

      Re:    *Flowserve vs. Burns*
            Court No. 04-1294 JJF
            Our File No. 7955.301

Dear Ed:

    I have been instructed by my client to provide you with the following letter. As you are aware from Irv Faber's letter of February 8, 2006, CNA has informed Flowserve of certain "unilateral action" that it intends to take against the Insureds in connection with the defense of the underlying asbestos lawsuits.

    The purpose of this letter is to notify you that if by 5:00 p.m. CST on February 22, 2006, Burns has not notified Flowserve in writing that Burns has fully accepted defense and indemnity obligations pursuant to §9.04 of the 1987 Stock Purchase Agreement, Flowserve intends to take certain actions in an effort to ensure that its interests in the underlying asbestos lawsuits are fully protected. Flowserve intends to seek all costs and expenses associated with this action from Burns.

    First, based on CNA's actions, Flowserve will be advising CNA's chosen defense counsel that on or before March 1, 2006, they must forward to Flowserve's National Coordinating Counsel for asbestos claims their complete files for all lawsuits in which said counsel has entered an appearance, whether properly or improperly, on behalf of Flowserve or any Flowserve heritage entity in said lawsuit (collectively "BW/IP").

    Second, with respect to all current and future lawsuits brought against BW/IP for alleged injuries arising out of asbestos-containing products manufactured or sold by Borg Warner prior to 1987, BW/IP will assert all defenses necessary to fully protect its interests, including third-party complaints against Burns International Services Corp.

Edward Mueller
Nisen & Elliott LLC
February 17, 2006
Page 2

Third, Flowserve intends to review each of the files being forwarded by CNA-retained defense counsel. To the extent that Flowserve determines that any CNA-retained defense counsel has violated any provision of the applicable Code of Professional Responsibility by placing the interests of Burns or any other Borg Warner-related entity above those of Flowserve, or by otherwise acting in a manner adverse to Flowserve's interests (e.g. improperly substituting BW/IP into lawsuits naming Burns), Flowserve will file appropriate complaints with the applicable disciplinary bodies. Furthermore, if it is determined that any such defense counsel was instructed by or on behalf of Burns or its counsel to take such action, we will amend our Delaware complaint to seek appropriate additional relief. If any such instruction came from any of Burns' insurers, Flowserve will likewise seek all remedies available at law from the responsible entity.

Lastly, Flowserve and its counsel intends to meet with plaintiffs' counsel in the pending asbestos suits commencing on or shortly after March 15, 2006, to explore common ground with respect to obtaining a global resolution of the asbestos lawsuits brought against Flowserve. These settlement meetings will be comprehensive in nature and will include a discussion of all reasonable options available to the parties to seek the resolution which best protects Flowserve's interests.

Should you have any questions, please feel free to contact either Larry Henke or me.

Sincerely,

Gregory E. Rogus

GER:sd

cc:  Larry Henke

511408_1