UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FLOWSERVE CORPORATION,<br><br>                Plaintiff,<br>v.<br><br>BURNS INTERNATIONAL SERVICES<br>CORPORATION and BORG-WARNER<br>CORPORATION,<br><br>                Defendants. | )<br>)<br>)<br>)   C.A. No. 04-1294-JJF<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### PLAINTIFF/COUNTER-DEFENDANT FLOWSERVE CORPORATION'S MOTION FOR LEAVE TO FILE ITS MOTION IN OPPOSITION TO BURNS INTERNATIONAL SERVICE CORPORATION'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Plaintiff/Counter-Defendant Flowserve Corporation ("Flowserve") hereby moves this Court for entry of an Order allowing Flowserve leave to file its motion in opposition to Burns International Services' Motion for Temporary Restraining Order and Preliminary Injunction, together with supporting memorandum. In support hereof, Flowserve states as follows:

1. The present lawsuit involves claims and counterclaims pertaining to the parties' respective rights and obligations with regard to the defense and indemnification of Flowserve in connection with thousands of pending asbestos liability cases.

2. Burns' present motion seeks extraordinary, unwarranted, and unnecessary relief. Its motion requests an injunction barring Flowserve from terminating its attorney-client relationship with certain national and local counsel who have, until now, been representing both Burns and Flowserve. Burns argues, incorrectly, that it will suffer "irreparable harm" if Flowserve is represented by separate counsel since that would result in "at least two sets of attorneys involved in the same case defending the same claims" and thereby precipitate "inconsistencies and confusion which will invariably interfere with the proper and efficient defense of the claims." Burns' motion, not surprisingly, is silent regarding significant conflict-

of-interest issues that have arisen with respect to Flowserve's continued representation by "the national network of appointed defense counsel" to which Burns' motion refers. The TRO and preliminary injunction sought would place Flowserve into the untenable position of having to allow conflicted counsel to continue with its representation. (In contrast, Burns will still be represented by counsel of its own choosing.) Thus, Burns is incorrect in its assertion that "Flowserve cannot reasonably contend that any harm will befall it if the requested injunctive relief is granted." (Burns' motion at p. 8) Furthermore, Burns' argument regarding "irreparable harm" resulting from separate representation is utterly specious.

Burns' request for a restraining order and injunctive relief is further undermined by its circular reasoning. On the one hand, Burns claims that its actions in forwarding asbestos cases tendered by Flowserve for defense to BWC insurance carriers have been taken solely under the terms of the Letter Agreement (Burns motion, exhibit B), not under the Stock Purchase Agreement itself (Burns motion, exhibit A.) But the Letter Agreement does not confer upon Burns the exclusive right to control designation of defense counsel. Nonetheless, Burns persists in its argument that Flowserve "has no right to select or appoint its own counsel." (Burns motion at p.5.) However, to support this statement, Burns then points to the language contained in Paragraph 9.04(d) *of the Stock Purchase Agreement,* though it glosses over the requirement that counsel must be *reasonably satisfactory to the Indemnified Party.* Burns cannot have it both ways here. To the extent it looks to the contract language as the basis for its purported control over selection of counsel, it cannot engage in such a partial, selective reading. Flowserve clearly has enforceable, contract-based rights to take its present actions consistent with all its remaining rights under the contract documents. Flowserve will expand upon this in its written motion and supporting memorandum.

3.   In addition to seeking Court-sanctioned interference with Flowserve's attorney client relationships, Burns' motion also seeks to prevent Flowserve from engaging in any effort to negotiate a resolution of the underlying asbestos cases filed against it. This extraordinary request

directly contravenes long-standing public policy favoring the resolution of lawsuits. None of the materials submitted by Burns demonstrates a factual basis for its conclusion that it will be irreparably harmed should Flowserve succeed in its contemplated negotiated resolution approach. Furthermore, Burns is without standing to argue irreparable harm on behalf of "others who are relying on the BWC coverage." (Burns' motion at p. 6).

4.  All the potential/anticipated/speculative issues raised by Burns can be efficiently litigated within the four corners of the relief sought by both parties in their pleadings. This case is essentially a contract dispute, and any economic or consequential damages allegedly associated with any breach by either side can be remedied through the balance of this litigation. Nothing remotely approaching "irreparable harm" has been demonstrated.

5.  For these, and other, reasons, Flowserve respectfully requests that the Court refrain from any unwarranted "rush to judgment" and instead allow Flowserve leave to file its motion in opposition, together with supporting memorandum, on or before March 13, so that the Court may be more fully informed regarding the issues precipitating the present activity.

Segal McCambridge Singer & Mahoney, Ltd.

_____
Gregory E. Rogus, Esq.
330 N. Wabash Drive, Suite 200
Chicago, IL 60611
312-645-7800
Attorneys for Flowserve

**TYBOUT, REDFEARN & PELL**

/s/ Danielle K. Yearick
Danielle K. Yearick, I.D. No. 3668
750 South Madison Street, Suite 400
P.O. Box 2092
Wilmington, DE 19899-2092
(302) 658-6901
Local counsel for Plaintiff Flowserve

Dated: March 2, 2006