**IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE**

———————————————————————
                                                    )
FLOWSERVE CORPORATION,                              )
                                                    )
                          Plaintiff,                )        C.A. No.:  04-1294 JJF
                                                    )
            v.                                      )
                                                    )
BURNS INTERNATIONAL SERVICES                        )
CORPORATION and BORG-WARNER                         )
CORPORATION,                                        )
                                                    )
                          Defendants.               )
———————————————————————)


**DEFENDANT/COUNTERCLAIMANT BURNS INTERNATIONAL SERVICE
CORPORATION'S RESPONSE IN OPPOSITION TO
PLAINTIFF/COUNTERCLAIMANT-DEFENDANT FLOWSERVE CORPORATION'S
MOTION FOR LEAVE TO FILE ITS MOTION IN OPPOSITION TO BURNS
INTERNATIONAL SERVICE CORPORATION'S MOTION FOR TEMPORARY
RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Defendant/Counter-claimant Burns International Services Corporation ("Burns") opposes

Plaintiff/Counter-defendant Flowserve Corporation's ("Flowserve") Motion for Leave to File

Motion in Opposition to Burns' Motion for Temporary Restraining Order and Preliminary

Injunction ("Motion for Leave"), which seeks to delay, until March 13, 2006, the filing of

Flowserve's opposition to Burns' motion for temporary restraining order and preliminary

injunction.  Burns respectfully asks the Court to deny Flowserve's motion and enter an

immediate temporary restraining order in order to maintain the status quo, and set an expedited

schedule on Burns' application for preliminary injunction.  The grounds are as follows:

Flowserve filed this action for breach of contract, declaratory judgment, and indemnity

on September 24, 2004.  Burns served its answer and counterclaim on January 10, 2005.

129427

Flowserve moved to dismiss Counts IV and V of Burns' counterclaim, and the Court denied Flowserve's motion on November 4, 2005.  In the pleadings, both parties have asked the Court for a declaration of their rights and obligations under a 1987 Stock Purchase Agreement and a related 1987 Letter Agreement.  Flowserve admits that "[t]his case is essentially a contract dispute. . . ."  Motion for Leave, par. 4.

For years, the parties have cooperated in the defense of thousands of underlying asbestos cases pursuant to the terms of the Stock Purchase and Letter Agreements.  However, shortly before this lawsuit was filed, Flowserve and Burns were advised by Borg-Warner's insurers that they would no longer pay 100% of the defense and indemnity costs in the thousands of underlying asbestos cases.  Flowserve, faced with the prospect of paying any shortfall, began what is characterized as its "Armageddon" strategy to attempt to force Borg-Warner's insurers and Burns to pay for what is clearly its liability.  Flowserve's "Armageddon" strategy consists of steps to : (1) unilaterally terminate and replace all defense counsel who have been competently and properly defending the underlying asbestos cases for many years; (2) file thousands of duplicative third-party indemnity actions against Burns in each of the underlying asbestos cases solely to harass and burden Burns; and (3) unilaterally enter into "global" settlements of the underlying asbestos cases and then assign Borg-Warner's insurance in satisfaction of those settlements.  Flowserve has already fully implemented its first threat by terminating, effective March 1, 2006, all defense counsel previously representing it in the underlying asbestos cases.  It now seeks to delay a ruling on Burns' motion for temporary restraining order so it may implement the second and third parts of its "Armageddon" Strategy.

Flowserve should not be permitted to delay a ruling on the pending motion.  Flowserve claims in its Motion for Leave that there is no need for immediate injunctive relief because Burns

has no right to an injunction "barring Flowserve from terminating its attorney client relationship with certain national and local counsel." As a preliminary matter, under the express terms of section 9.04(d) of the Stock Purchase Agreement, Flowserve has no right to appoint, direct or terminate counsel defending the asbestos claims.[1] To the extent Flowserve is seeking indemnity from Burns, Flowserve bargained away its right to control counsel defending the asbestos claims. Section 9.04(d) provides:

> The Indemnifying Party shall, at its expense, undertake the defense of such Claim with attorneys of its own choosing reasonably satisfactory to the Indemnified Party; provided that an Indemnified Party may *participate* in such defense, *but only at such Indemnified Party's expense.* (emphasis added)

Neither Flowserve nor any of its affiliates have ever paid any of the costs to defend the asbestos cases and thus have no right to participate in or control the defense of the claims. Second, as Burns' motion for temporary restraining order makes absolutely clear, Burns is not seeking to prevent Flowserve from hiring its own counsel to defend the claims. Burns is only seeking to prevent Flowserve from retaining its own counsel and then seeking to have counsel paid with the Borg-Warner insurance coverage which Burns controls.[2] Third, although in its Motion for Leave, Flowserve raises an issue about unspecified "significant conflicts of interest," Flowserve has never complained to Burns about any alleged "conflict of interest." In fact, in its

---

[1] Flowserve contends that Burns' motion for TRO is "further undermined by its circular reasoning" because Burns is both claiming that Flowserve's right to indemnity arose solely under the terms of the 1987 Letter Agreement and at the same time relies on certain provisions of the Stock Purchase Agreement. This argument, of course, completely ignores the fact that the indemnity provision in the Letter Agreement specifically states "Accordingly, *as provided by Section 9.04(a) of the Stock Purchase Agreement*, Borg-Warner will indemnify the Buyer, BWIP and each of their respective subsidiaries against all Losses to the extent such Losses are covered by [Borg-Warner's] insurance." (emphasis added)

[2] Burns specifically stated in its motion for temporary restraining order that "In seeking injunctive relief, [Burns] does not intend to inhibit or impair in any respect Flowserve's ability to retain its own counsel to defend and/or settle any of the pending or future asbestos litigation at its own expense. However, to the extent Flowserve is claiming a right to indemnity from Burns under the [1987 Stock Purchase and Letter Agreements], it has no right to retain its own counsel and undertake the settlement or defense of the asbestos cases and then look to the BWC insurance coverage or Burns for reimbursement of such expenses." Motion for Temporrary Restraining Order, ¶ 8.

February 17, 2006 letter, which prompted the filing of Burns' request for injunctive relief, Flowserve says nothing whatsoever about alleged "conflicts of interest."  However, Flowserve now seeks to justify its actions and thus delay a ruling by this Court by asserting "[T]he TRO and injunction sought would put Flowserve in the untenable position of having to allow conflicted counsel to continue with its representation."  If Flowserve had a legitimate concern about a perceived conflict of interest and in good faith wished to have new counsel appointed, it should have brought the issue to the attention of Burns and not unilaterally terminated all national and local counsel in violation of the Stock Purchase Agreement.

Flowserve also claims that the ruling on Burns' motion should be further delayed because Burns cannot seek to prevent Flowserve from implementing its plan to negotiate a "global settlement" of all its asbestos cases.  According to Flowserve, such an injunction would directly contravene "long-standing public policy favoring resolution of lawsuits."  However, Burns is not seeking to enjoin Flowserve from settling any or all of the asbestos cases.  What Burns' objects to, and what it seeks to enjoin, is Flowserve's use of, or attempt to use, by assignment or otherwise, the Borg-Warner insurance coverage to pay for any "global" or individual settlements it chooses to negotiate.  The insurance coverage is a unique and irreplaceable asset.  Any unauthorized attempt by Flowserve to utilize or interfere with this extremely valuable asset would create untold conflict and confusion for Burns, its insurers and the other Borg-Warner entities who also look to the insurance for the defense of the continuing onslaught of asbestos litigation.  Indeed, Flowserve's threatened actions may cause the Borg-Warner insurers to claim a breach of the cooperation clause contained in each policy and deny all coverage whatsoever.  Further, Flowserve's actions may significantly diminish or exhaust certain coverage.  Burns should not be in the position of having its insurance asset wrongfully diminished, threatened or

jeopardized by Flowserve' irresponsible actions.  Immediate injunctive relief without further delay is warranted.

Immediate injunctive relief is also warranted to prevent Flowserve from filing thousands of unnecessary and duplicative third-party actions raising the identical issues raised by Flowserve in this Court.  This Court has the inherent equitable authority and authority under the All Writs Act to enjoin Flowserve from taking such action and Flowserve does not argue in its Motion for Leave that such injunctive relief should not be granted.  Indeed, conspicuously absent from Flowserve's Motion for Leave is any discussion whatsoever of Burns' request to enjoin Flowserve from filing these harassing and vexatious third-party indemnity actions.  The reason Flowserve did not address this issue and instead seeks to delay a ruling on Burns' motion for temporary restraining order is because Flowserve intends to implement its plan to file the actions thus making it more difficult for Burns to obtain injunctive relief. [3]  Burns knows that this is Flowserve's intent because, after being notified by Flowserve's counsel that Flowserve intended to seek an additional 7-10 days to file a response to Burns' TRO motion, Burns' counsel indicated that Burns would agree to the request for additional time if Flowserve agreed to stand down and not to take the threatened actions which prompted the filing of Burns' TRO motion.  Specifically, Burns was most concerned with the threat by Flowserve to begin filing thousands of third-party actions against Burns in the underlying asbestos cases and its threat to negotiate a "global" settlement of all pending cases.  Flowserve's counsel declined Burns' offer and indicated that Flowserve intended to proceed as threatened and would not forestall any actions.

---

[3] As Burns pointed out in its memorandum in support of its TRO motion, the requested injunctive relief is necessary at this precise juncture to avoid irreparable harm to Burns, as the threatened state court actions have not yet been filed.  Because this Court's ability to enjoin pending state court proceedings may be limited under the Anti-Injunction Statute and other considerations of comity, once these threatened actions are actually filed, it is necessary that the requested injunction prohibiting Flowserve from initiating these claims be granted while the threatened litigation is still only a threat.

129427

Burns urges the Court to carefully consider the motivations for the delay sought by

Flowserve.  Flowserve received Burns' motion for temporary restraining order on February 27,

2006.  It took three days to file its 2 ½ page Motion for Leave.  It refused Burns' request to delay

implementation of its threatened "Armageddon" strategy even for a few days in order to allow

more time to prepare its response to the motion.  Flowserve urges the Court "to refrain from any

unwarranted 'rush to judgment'" yet at the same time admits it intends to move "full steam

ahead" with the conduct sought to be enjoined.  If Flowserve was acting in good faith it would

have agreed to Burns' proposal to delay its threatened actions in order to allow it more time to

respond to Burns' motion.  Flowserve's failure to agree to maintain the status quo makes clear

that its Motion for Leave is nothing more than a ruse for further delay in order to allow

additional time to implement its "Armageddon" strategy.  Flowserve's Motion for Leave should

be summarily denied and the requested temporary restraining order should be immediately

granted and this matter set for hearing on Burns' request for preliminary injunction as soon as

practicable.

MURPHY SPADARO & LANDON


Of Counsel:
Michael H. Moirano                              /s/ Francis J. Murphy
NISEN & ELLIOTT, LLC                       Francis J. Murphy, I.D. # 223
200 West Adams Street, Suite 2500           1011 Centre Road, Suite 210
Chicago, Illinois 60606                     Wilmington, DE  19805
Tel: (312) 346-7800                         Office (302)472-8100
Fax: (312) 346-9316                         Fax     (302)472-8135
E-mail: mmoirano@nisen.com                  Email  fmurphy@msllaw.com
Attorneys for Defendant Burns
International Services Corporation

129427                                           6

## IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE DISTRICT OF DELAWARE

---

|  |  |  |
|---|---|---|
| FLOWSERVE CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.:  04-1294 JJF |
| | ) | |
| v. | ) | |
| | ) | |
| BURNS INTERNATIONAL SERVICES | ) | |
| CORPORATION and BORG-WARNER | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

---

### CERTIFICATE OF SERVICE

I, Francis J. Murphy, Esquire, do hereby certify that on this 3rd day of March, 2006, I have caused the following documents to be served in the manner indicated on the parties listed below:

**DEFENDANT/COUNTERCLAIMANT BURNS INTERNATIONAL SERVICE CORPORATION'S RESPONSE IN OPPOSITION TO PLAINTIFF/COUNTERCLAIMANT-DEFENDANT FLOWSERVE CORPORATION'S MOTION FOR LEAVE TO FILE ITS MOTION IN OPPOSITION TO BURNS INTERNATIONAL SERVICE CORPORATION'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

**By Electronic Filing**
Danielle K. Yearick, Esquire
Tybout, Redfearn & Pell
300 Delaware Avenue, 11th Floor
P.O. Box 2092
Wilmington, DE 19899-2092

**By Electronic Filing**
William Mahoney, Esquire
Ted McCullough, Esquire
Erich Gleber, Esquire
Segal McCambridge Singer & Mahoney, Ltd.
805 Third Avenue, 19th Floor
New York, NY 10022

**By Electronic Filing**
Christopher M. Bechhold, Esquire
Thompson Hine, LLP
312 Walnut Street, 14th Floor
Cincinnati, OH  45209

129427

MURPHY SPADARO & LANDON

/s/ Francis J. Murphy
Francis J. Murphy, I.D. # 223
1011 Centre Road, Suite 210
Wilmington, DE  19805
Office (302)472-8100
Fax      (302)472-8135
Email   fmurphy@msllaw.com

Of Counsel:
Michael H. Moirano
NISEN & ELLIOTT, LLC
200 West Adams Street, Suite 2500
Chicago, Illinois 60606
Tel: (312) 346-7800
Fax: (312) 346-9316
E-mail: mmoirano@nisen.com
Attorneys for Defendant Burns
International Services Corporation

129427