IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FLOWSERVE CORPORATION, | ) ) ) | C.A. No.: 04-1294 JJF |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| BURNS INTERNATIONAL SERVICES CORPORATION and BORG-WARNER CORPORATION, | ) ) ) ) | |
| Defendants. | ) ) | |

**BURNS INTERNATIONAL SERVICE CORPORATION'S MOTION TO AMEND RULE 16 SCHEDULING ORDER AND TO ADVANCE CASE FOR TRIAL**

Defendant/Counterclaimant Burns International Service Corporation ("Burns") moves pursuant to Fed. R. Civ. P. 16(b) to amend the Scheduling Order entered in this case on December 22, 2005 and to advance the case for trial. The grounds are as follows:

Flowserve filed this action for breach of contract, declaratory judgment, and indemnity on September 24, 2004. Burns served its answer and counterclaim on January 10, 2005. Flowserve moved to dismiss Counts IV and V of Burns' counterclaim, and the Court denied Flowserve's motion on November 4, 2005. In the pleadings, both parties have asked the Court for a declaration of their rights and obligations under a 1987 Stock Purchase Agreement and a related 1987 Letter Agreement with respect indemnification for pending and future asbestos product liability actions . Flowserve recently admitted in a motion filed with this Court that "[t]his case is essentially a contract dispute…." *See* Flowserve's "Motion for Leave to File Its Motion in Opposition to Burns International Services Corporation's Motion for Temporary

129431

Restraining Order and Preliminary" at par. 4.

For years, the parties have cooperated in the defense of the thousands of underlying asbestos cases pursuant to the terms of the Stock Purchase and Letter Agreements. Flowserve has never before alleged that the Stock Purchase and Letter Agreements are ambiguous in any respect and has not made that allegation in this proceeding.

Previously, the insurers paying the parties' defense and indemnity have shouldered 100% of the costs. Recently, however, the insurers have informed the parties that they no longer intend to do so, which will leave a shortfall in funding the defense of the asbestos cases.

Flowserve is an industrial concern which supplies pumps, valves and seals for the power, oil, gas and chemical industries. Flowserve acquired the Byron Jackson pump product line from the former Borg-Warner Corporation in a stock transaction that was effective as of December 31, 1986. Flowserve sells the very same product lines which have caused plaintiffs to file suits related to pumps, valves and seals allegedly containing asbestos. Common sense dictates that the liability for alleged defects in these industrial products lies with Flowserve, and the Stock Purchase and Letter Agreements so provide, except to the extent the liability was covered by insurance carried by Borg-Warner Corporation. Because Borg-Warner's insurers have advised that they will no longer cover 100% of the cost of the asbestos litigation, Flowserve is now faced with the prospect of paying any shortfall. The costs could be substantial, and Flowserve does not relish the prospect.

Burns is a security company. Burns acquired its interest in the Borg-Warner insurance and succeeded to the rights of Borg-Warner Corporation under the agreements underlying this dispute as the result of the liquidation of Borg-Warner Corporation and the distribution of its assets in December, 1987. Plaintiff's attorneys in asbestos cases sometimes mistakenly sue

Burns as the corporate successor to the Borg-Warner Corporation, which Burns is not. However, as the successor to the rights of Borg-Warner under the Stock Purchase and Letter Agreements, Burns contends that Flowserve must indemnify it for any costs incurred for defense and indemnity in the asbestos cases to the extent such costs are not covered by available Borg-Warner insurance. For years, Flowserve has been tapping into Borg-Warner insurance coverage to pay those costs, which it could not do under the Stock Purchase and Letter Agreements unless Flowserve was liable for claims generated by the Byron Jackson product lines. Flowserve was content to take advantage of millions of dollars of insurance coverage, never denying and in fact acknowledging in writing its liability for the claims in the absence of insurance. Now that the insurers will not pay 100% of the defense and indemnity, Flowserve seeks to change its reading of the agreements.

Burns maintains that a) the Stock Purchase and Letter Agreements are clear and unambiguous, b) they should be interpreted by the Court, and c) Burns' reading of the agreements is the correct one. Neither party has requested a jury trial, so this Court will make the final decision in any event. Because Burns believes its interpretation of the agreements is manifestly correct, Burns has asked Flowserve to agree to expedite the case schedule, so the parties can obtain a decision from the Court as quickly as feasible. Flowserve has refused.

On December 22, 2005, this court entered its Rule 16 Scheduling Order with the agreement of the parties. The schedule was set prior to the exchange of information required by Rule 26(a)(1) and Del. LR 16.2 and contemplated the depositions of 10 witnesses by each party. The schedule is fairly liberal and provides for an extended period of discovery and for the filing of case dispositive motions on June 30, 2006. Subsequent to the entry of the Scheduling Order, the parties made their Rule 26(a)(1) disclosures. Only nine potential witnesses were collectively

identified by the parties (less than half of the 20 witnesses anticipated at the time the Scheduling Order was entered), and most of the witness would in fact not be permitted to testify unless the Court were to determine that there was an ambiguity in the Stock Purchase or Letter Agreements and permitted the admission of parol evidence.

Flowserve seeks to modify the Scheduling Order and advance the time for resolving this matter for two reasons. First, there is far less discovery required than initially anticipated by the parties. Discovery can be completed in less than sixty days. Second, as discussed in detail in Burns' pending Motion for Temporary Restraining Order and Preliminary Injunction, Flowserve is presently in the process implementing what it terms its "Armageddon" strategy to interfere with the orderly administration and resolution of the underlying asbestos cases. The strategy includes firing defense counsel located throughout the United States who have been handling the thousands of pending asbestos claims, replacing them with counsel who have instructions to file thousands of third-party actions against Burns seeking indemnity on the same basis as indemnity is being sought in this case, and entering into "global" settlement negotiations with the plaintiffs in the underlying asbestos cases and using or attempting to use the Borg-Warner insurance coverage to pay the settlement costs. The harm to Burns in terms of the interference with its defense of the asbestos cases and the orderly administration of its insurance asset will be significant and irreparable by an award of money damages. And there is no compelling reason for Flowserve to take such action. Flowserve is engaged in litigation blackmail. Flowserve is attempting to force Burns to share the burden of defending the asbestos cases, even though that obligation falls squarely upon Flowserve under the Stock Purchase and Letter Agreements. Hence the need for the prompt resolution of the central issue in this case - an interpretation of the indemnity obligations of the parties, which are clearly set forth in the Stock Purchase and Letter

Agreements.

If Flowserve is confident that its interpretation of the Stock Purchase and Letter Agreements is correct, obtaining a decision on the merits from this Court, as quickly as possible, should be its paramount goal. Indeed, Flowserve does not dispute that the relevant agreements are clear and unambiguous. Thus, the dispute over the meaning of the agreements could be promptly resolved on cross-motions for summary judgment.

Accordingly, Burns respectfully requests the Court to modify its Rule 16 Scheduling Order by: (1) shortening the discovery schedule so all discovery including expert discovery, if any, is completed by May 31, 2006; (2) setting a date for a trial thereafter, in June 2006, limited to any issues concerning contract interpretation should the Court determine that the Agreements are ambiguous and parol evidence is required; and (3) postpone until after the contract issues have been resolved a trial on Burns' claims for damages.

                                MURPHY SPADARO & LANDON

Of Counsel:  
Michael H. Moirano                        /s/ Francis J. Murphy _____  
NISEN & ELLIOTT, LLC              Francis J. Murphy, I.D. # 223  
200 West Adams Street, Suite 2500    1011 Centre Road, Suite 210  
Chicago, Illinois 60606              Wilmington, DE 19805  
Tel: (312) 346-7800                 Office (302)472-8100  
Fax: (312) 346-9316                 Fax    (302)472-8135  
E-mail: mmoirano@nisen.com         Email  fmurphy@msllaw.com  
Attorneys for Defendant Burns  
International Services Corporation

**IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| FLOWSERVE CORPORATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BURNS INTERNATIONAL SERVICES ) <br> CORPORATION and BORG-WARNER ) <br> CORPORATION, ) <br> ) <br> Defendants. ) | C.A. No.: 04-1294 JJF |

**CERTIFICATION OF FRANCIS J. MURPHY, ESQUIRE**

Pursuant to Local Rule 7.1.1, Francis J. Murphy, counsel for Defendant/Counter-claimant Burns International Services Corporation certifies as follows:

1. On March 1, 2006, I spoke with Gregory Rogus, counsel for Plaintiff/Counter-defendant Flowserve Corporation, about the subject of the attached motion by telephone.

2. On March 3, 2006, I attempted to contact Gregory Rogus by telephone, but was informed that he was not in the office.

3. Under the circumstances, and given the Burns has filed a motion for a temporary restraining order and a preliminary injunction, I believe I have made reasonable efforts to reach agreement with Flowserve's counsel about the matter set forth in the attached motion.

129431                                                                 6

        MURPHY SPADARO & LANDON


        <u>/s/ Francis J. Murphy</u>
        Francis J. Murphy, I.D. # 223
        1011 Centre Road, Suite 210
        Wilmington, DE  19805
        Office (302)472-8100
        Fax     (302)472-8135
        Email  fmurphy@msllaw.com

## IN THE UNITED STATES DISTRICT COURT

## IN AND FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| FLOWSERVE CORPORATION, ) | |
| ) | C.A. No.: 04-1294 JJF |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| BURNS INTERNATIONAL SERVICES ) | |
| CORPORATION and BORG-WARNER ) | |
| CORPORATION, ) | |
| ) | |
| Defendants. ) | |

## CERTIFICATE OF SERVICE

I, Francis J. Murphy, Esquire, do hereby certify that on this 3rd day of March, 2006, I have caused the following documents to be served in the manner indicated on the parties listed below:

**BURNS INTERNATIONAL SERVICE CORPORATION'S MOTION TO AMEND RULE 16 SCHEDULING ORDER AND TO ADVANCE CASE FOR TRIAL**

**By Electronic Filing**
Danielle K. Yearick, Esquire
Tybout, Redfearn & Pell
300 Delaware Avenue, 11th Floor
P.O. Box 2092
Wilmington, DE 19899-2092

**By Electronic Filing**
Christopher M. Bechhold, Esquire
Thompson Hine, LLP
312 Walnut Street, 14th Floor
Cincinnati, OH 45209

**By Electronic Filing**
William Mahoney, Esquire
Ted McCullough, Esquire
Erich Gleber, Esquire
Segal McCambridge Singer & Mahoney, Ltd.
805 Third Avenue, 19th Floor
New York, NY 10022

129431

                                    MURPHY SPADARO & LANDON

                                    /s/ Francis J. Murphy_____
                                    Francis J. Murphy, I.D. # 223
                                    1011 Centre Road, Suite 210
                                    Wilmington, DE  19805
                                    Office (302)472-8100
                                    Fax     (302)472-8135
                                    Email  fmurphy@msllaw.com

Of Counsel:
Michael H. Moirano
NISEN & ELLIOTT, LLC
200 West Adams Street, Suite 2500
Chicago, Illinois 60606
Tel: (312) 346-7800
Fax: (312) 346-9316
E-mail: mmoirano@nisen.com
Attorneys for Defendant Burns
International Services Corporation

129431