521237_1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FLOWSERVE CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | C.A. No. 04-1294-JJF |
| ) | |
| BURNS INTERNATIONAL SERVICES ) | |
| CORPORATION and BORG-WARNER ) | |
| CORPORATION, ) | |
| ) | |
| Defendants. ) | |

STATE OF ILLINOIS   )
                    ) SS.
COUNTY OF COOK      )

### AFFIDAVIT OF LAWRENCE HENKE

Lawrence Henke, on oath deposes and states as follows:

1) I am an attorney, and am employed by Flowserve Corporation in the position of Senior Attorney. I have personal knowledge of the facts stated in this affidavit, and, if called as a witness, could testify competently thereto.

2) In my role as Senior Attorney, I hold the responsibility for overseeing, supervising, and managing all asbestos liability litigation in which Flowserve is involved throughout the United States.

3) As part of this overall responsibility, I have held the specific responsibility for overseeing and supervising litigation naming Flowserve, or any of its predecessor corporations or legacy product lines, in claims involving allegations of exposure to asbestos arising out of Borg Warner Corporation's historical manufacture of Byron Jackson pumps.

4) In connection with my overall responsibility, I frequently review case pleadings, motions, and written discovery documents. I confer and communicate on a daily basis with various other attorneys retained to represent Flowserve, including both national coordinating counsel and local counsel situated in various jurisdictions.

521237_1

5) I am familiar with a certain cause of action that has been pending before the Circuit Court of Cook County, Illinois entitled *Continental Casualty Company, et. al. v. Borg-Warner, Inc. et. al.*, case number 04 CH 1708. In that action, the primary and excess liability insurance carriers who had provided policies of insurance for Borg Warner Corporation are seeking declaratory relief as to the scope of coverage which their policies provide for various entities, including Flowserve and Burns International Services Corporation.

6) The lead carrier, CNA Insurance, of the various carriers who are named plaintiffs in the Cook County action have been providing a common network of defense counsel to represent the interests of Flowserve, Burns, and other Borg Warner Corporation legacy companies in connection with asbestos liability claims brought against the various Borg Warner legacy companies in various jurisdictions throughout the United States.

7) At various times throughout 2005, and continuing into 2006, I have learned of numerous instances in which CNA's chosen defense counsel have taken actions which Flowserve never authorized, approved, or directed, but which have directly contravened Flowserve's interests, in an apparent effort to assist other clients and Borg Warner defendants.

8) More specifically, I have learned of multiple instances in which CNA's chosen defense counsel have been directed by Burns' counsel to file an appearance or answer on behalf of Flowserve or its predecessor BW/IP in cases where Flowserve or BW/IP were either not named as defendants, or not served with process.

9) Specific examples of this conduct include the following:

   A) In case number BC342803 (plaintiff name: John McNamara) filed in California, local counsel reported that Burns was named as the defendant, and was the defendant served with summons. BW/IP International was included in the caption as a party, but as of December 19, 2005, had not been served. Nevertheless, on that date, Anthony Packard, one of the attorneys for Burns, wrote a letter to California defense counsel, Steven Mitchell, stating: "Nevertheless, you should appear and answer for BW/IP successor to Byron Jackson, predecessor to Flowserve." In addition to substituting in the unserved party, BW/IP International as a defendant, Burns directed Mitchell to file a motion to dismiss Burns as a defendant due to BW/IP's answer. A copy of that letter is attached to this affidavit as Exhibit A. I was carbon copied. I never gave defense counsel the authorization or approval to appear and answer for BW/IP in the absence of service of process.

521237_1

    B) In the case of *Wanda Sue Brewer v. Georgia Pacific Co. et. al.*, civil action file number 2003VS75250, local counsel filed an answer on behalf of Flowserve on June 22, 2004, despite having no record of service on Flowserve. Defense counsel reported that he had been instructed in a telephone conversation with Ed Mueller of Nisen and Elliott on June 21, 2004 to file an answer on behalf of "Flowserve, solely as successor in interest to BW/IP, Inc. (Borg Warner Industrial Products), and Byron Jackson Co." Counsel further reported that he had not received any further documentation regarding whether Flowserve was ever properly served with the Complaint.

    C) In *Barlow v. American Standard Inc. et. al.*, case no. BC 335153, in the Superior Court of California, the sued defendant was Burns International Security Corporation, f/k/a Borg Warner. Attached hereto as Exhibit B is a true and accurate copy of the first two pages of the Complaint for Personal Injury. Neither Flowserve nor BW/IP is named in the caption. An answer was filed by local counsel Steven M. Mitchell on or about August 23, 2005 on behalf of "BW/IP as successor in interest to Byron Jackson Pumps and predecessor to Flowserve, U. S., Inc." A true and accurate copy of this answer is attached as Exhibit C.

    D) In at least twenty-one cases filed in Texas courts in which the named defendant was Burns International Services, local defense counsel answered on behalf of BW/IP International, Inc. I was informed that the instructions to do so were coming from Burns.

    E) In several cases filed in Illinois, Burns' in-house counsel apparently received and accepted service for BW/IP, even though he was not the registered agent for such service upon BW/IP, and nonetheless instructed local counsel to appear for BW/IP.

    F) In at least eighteen cases filed in Maryland, Burns was named and served. Local counsel was instructed to, and did, file an answer instead for BW/IP.

10)     In light of this unauthorized and prejudicial conduct on the part of CNA's chosen counsel, Flowserve has determined that it is not only reasonable, but imperative, so as to fully protect its interests, that its defense in the underlying asbestos cases be reassigned to other counsel.

521237_1

Further Affiant sayeth not.

_____
LAWRENCE HENKE

SUBSCRIBED and SWORN to before me,
this 13TH day of March, 2006.

_____
Notary Public

OFFICIAL SEAL
SANDRA M DOMAN
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:02/05/09

Gregory E. Rogus, Esq.
Segal McCambridge Singer & Mahoney, Ltd.
330 N. Wabash Drive, Suite 200
Chicago, IL 60611
312-645-7800

Danielle Yearick, Esq.
Tybout, Redfearn & Pell
300 Delaware Avenue 11th Floor
Wilmington, DE 19899
302-658-6901
521237_1