1 | BOOTH, MITCHEL & STRANGE LLP
ATTORNEYS AT LAW
2 | 707 WILSHIRE BOULEVARD, SUITE 4450
LOS ANGELES, CALIFORNIA 90017-3617
(213) 738-0100
3
Steven M. Mitchel, Esq.
4 | State Bar No. 131308

5 | Attorneys for Defendant
BW/IP *as successor-in-interest to*
6 | *Byron Jackson Pumps and predecessor to*
*Flowserve U.S., Inc.*

FILED
LOS ANGELES SUPERIOR COURT

AUG 2 3 2005

JOHN A. CLARKE, CLERK

BY ELIZABETH MARTINEZ, DEPUTY

9 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

10 | FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| GERALD BARLOW AND ANNETTE BARLOW, | ) CASE NO.  BC 335 153 |
| Plaintiffs | ) ANSWER OF DEFENDANT<br>) BW/IP TO COMPLAINT FOR<br>) PERSONAL INJURIES |
| vs. | ) |
| AMERICAN STANDARD, INC., et al., | ) |
| Defendants. | ) |

Defendant BW/IP *as successor-in-interest to Byron Jackson Pumps and predecessor to Flowserve. U.S., Inc.* ("BW/IP), for itself alone and for no other entity, answers Plaintiffs' Complaint as follows:

1. Pursuant to the provisions of California Code of Civil Procedure section 431.30(d), BW/IP denies both generally and specifically each and every allegation in the Complaint and the Causes of Action contained therein, and denies that Plaintiffs have suffered damages in the sum or sums alleged, or in any other sum or sums whatsoever.

23412X001.ANSWER(268)

-1-

ANSWER OF BW/IP TO COMPLAINT FOR PERSONAL INJURIES

*— Affidavit Exhibit C —*

## FIRST AFFIRMATIVE DEFENSE

2. As a first and separate affirmative defense to each and every cause of action in the Complaint, BW/IP is informed and believes and based thereon alleges each cause of action contained therein fails to state facts sufficient to constitute a cause of action against BW/IP.

## SECOND AFFIRMATIVE DEFENSE

3. As a second and separate affirmative defense to each and every cause of action in the Complaint, BW/IP is informed and believes and based thereon alleges that the damages for which Plaintiffs seek to hold BW/IP liable resulted in whole, or in part, from Plaintiff's acts or omissions, and BW/IP is not responsible for, or liable to Plaintiffs.

## THIRD AFFIRMATIVE DEFENSE

4. As a third and separate affirmative defense to each and every cause of action in the Complaint, BW/IP is informed and believes and based thereon alleges the products distributed by BW/IP, if any, were not unsafe or dangerous.

## FOURTH AFFIRMATIVE DEFENSE

5. As a fourth and separate affirmative defense to each and every cause of action in the Complaint, BW/IP is informed and believes and based thereon alleges that the damages for which Plaintiffs seek to hold BW/IP liable resulted in whole, or in part, from the negligent, deliberate, intentional, reckless, or unlawful acts or omissions of third parties, including reckless, or unlawful acts or omissions of third parties including agents of Plaintiffs. BW/IP is in no way responsible for, or liable to Plaintiffs for any such acts or omissions on the part of third parties.

///

///

ANSWER OF BW/IP TO COMPLAINT FOR PERSONAL INJURIES

## FIFTH AFFIRMATIVE DEFENSE

6. As a fifth and separate affirmative defense to each and every cause of action in the Complaint, BW/IP is informed and believes and based thereon alleges that the defect or danger complained of in Plaintiffs' Complaint, if any such danger or defect actually existed, was not known to BW/IP at the time of distribution of the product, nor should it have been known since such defect or danger, if any, was not scientifically determinable at the time the product was distributed.

## SIXTH AFFIRMATIVE DEFENSE

7. As a sixth and separate affirmative defense to each and every cause of action in the Complaint, BW/IP is informed and believes and based thereon alleges there is no causal connection between the product distributed by BW/IP and the injuries or damages, if any, suffered by Plaintiffs.

## SEVENTH AFFIRMATIVE DEFENSE

8. As a seventh and separate affirmative defense to each and every cause of action in the Complaint, BW/IP is informed and believes and based thereon alleges that the damages for which Plaintiffs seek to hold BW/IP liable were proximately caused by Plaintiff's own failure to use reasonable means to mitigate their damages properly.

## EIGHTH AFFIRMATIVE DEFENSE

9. As an eighth and separate affirmative defense to each and every cause of action in the Complaint, BW/IP is informed and believes and based thereon alleges that Plaintiff was not exposed to, nor did he otherwise come into contact with any products distributed by BW/IP.

///

///

23412\001_ANSWER\2681

- 3 -

ANSWER OF BW/IP TO COMPLAINT FOR PERSONAL INJURIES

## NINTH AFFIRMATIVE DEFENSE

10. As a ninth and separate affirmative defense to each and every cause of action in the Complaint, BW/IP is informed and believes and based thereon alleges that the Complaint is barred by the doctrine of laches.

## TENTH AFFIRMATIVE DEFENSE

11. As a tenth and separate affirmative defense to each and every cause of action in the Complaint, BW/IP is informed and believes and based thereon alleges that punitive damages are not recoverable by Plaintiffs.

## ELEVENTH AFFIRMATIVE DEFENSE

12. As an eleventh and separate affirmative defense to each and every cause of action in the Complaint, BW/IP is informed and believes and based thereon alleges that Plaintiffs' request for punitive damages violates the due process clause of the Fourteenth Amendment to the United States Constitution and Article I, section 7 of the California Constitution.

## TWELFTH AFFIRMATIVE DEFENSE

13. As a twelfth and separate affirmative defense to each and every cause of action in the Complaint, BW/IP is informed and believes and based thereon alleges that the Complaint is barred by all applicable statutes of limitations, including but not limited to sections 340(3), 340.2(a)(1), 340.2(a)(2), 340.2(c)(1), 340.2(c)(2), 338, 343 and 339 of the California Code of Civil Procedure.

## THIRTEENTH AFFIRMATIVE DEFENSE

14. As a thirteenth and separate affirmative defense to each and every cause of action in the Complaint, BW/IP is informed and believes and based thereon alleges that Plaintiff failed to

23412\001 ANSWER(268)

- 4 -

ANSWER OF BW/IP TO COMPLAINT FOR PERSONAL INJURIES

1   use ordinary care, caution or prudence for his own safety and protection of his own person, and

2   was careless and negligent in and about the matters alleged in the Complaint; said carelessness

3   and negligence proximately caused and contributed to the Plaintiffs' damages, if any.

4

5   ## FOURTEENTH AFFIRMATIVE DEFENSE

6   15.  As a fourteenth and separate affirmative defense to each and every cause of action in

7   the Complaint, BW/IP is informed and believes and based thereon alleges Plaintiff voluntarily

8   assumed said risks in working with or near potentially dangerous substances, and his assumption

9   of said risk was the sole proximate cause of his alleged injuries.

10

11  ## FIFTEENTH AFFIRMATIVE DEFENSE

12  16.  As a fifteenth and separate affirmative defense to each and every cause of action in

13  the Complaint, BW/IP is informed and believes and based thereon alleges that the alleged injuries

14  complained of in Plaintiffs' Complaint were proximately caused by the negligence or other

15  tortious misconduct of other persons, corporations, associations or entities named or to be named,

16  apart from BW/IP, and said negligence and/or tortious misconduct comparatively and

17  proportionately reduces the percentage of liability, if any, of BW/IP.

18

19  ## SIXTEENTH AFFIRMATIVE DEFENSE

20  17.  As a sixteenth and separate affirmative defense to each and every cause of action in

21  the Complaint, BW/IP is informed and believes and based thereon alleges if any loss, damage or

22  detriment occurred as alleged in Plaintiffs' Complaint, the loss, injury, damage or detriment was,

23  and is the result of the failure of the Plaintiff and/or other persons' use of BW/IP's products in an

24  unreasonable manner for which they were not manufactured, warranted, designed or distributed.

25  Plaintiff and other persons' misuse or failure to use properly BW/IP's products, proximately

26  caused and contributed to the loss, injury, damage or detriment, if any, alleged by Plaintiffs.

27  23412001 ANSWER(268)                                    -5-

28

ANSWER OF BW/IP TO COMPLAINT FOR PERSONAL INJURIES

## SEVENTEENTH AFFIRMATIVE DEFENSE

18. As a seventeenth and separate affirmative defense to each and every cause of action in the Complaint, BW/IP is informed and believes and based thereon alleges that there was no privity between BW/IP and Plaintiff, and BW/IP made no warranties of any kind, express or implied.

## EIGHTEENTH AFFIRMATIVE DEFENSE

19. As a eighteenth and separate affirmative defense to each and every cause of action in the Complaint, BW/IP is informed and believes and based thereon alleges that the Workers' Compensation carrier for Plaintiff has made certain payments by reason of Plaintiff's alleged injuries, which allegedly occurred during the course and scope of his employment and as a proximate result and actual result of his employment for said employers. The carelessness and negligence of Plaintiff's employers, their agents, servants, and employees bar recovery against BW/IP for all sums paid or to be paid, to or on behalf of Plaintiff by way of Workers' Compensation benefits.

## NINETEENTH AFFIRMATIVE DEFENSE

20. As a nineteenth and separate affirmative defense to each and every cause of action in the Complaint, BW/IP is informed and believes and based thereon alleges if any loss, injury, damage or detriment occurred as alleged in the Complaint, that loss was directly and proximately caused and contributed to by the actions of Plaintiff and/or other persons in that they caused changes and alterations to be made in products distributed by BW/IP, if any were used and, and said changes and alterations proximately caused or contributed to the loss, injury, damage or detriment. Such alterations, and changes voided any and all alleged warranties, express and/or implied, by reason of such use and misuse of products distributed by BW/IP.

23413001.ANSWER(2041)

-6-

ANSWER OF BW/IP TO COMPLAINT FOR PERSONAL INJURIES

## TWENTIETH AFFIRMATIVE DEFENSE

21. As a twentieth and separate affirmative defense to each and every cause of action in the Complaint, BW/IP is informed and believes and based thereon alleges that Plaintiff has waived whatever rights he might otherwise have had to claim a breach of warranty in that Plaintiff failed to notify BW/IP of any alleged breach of express or implied warranty and/or of alleged defects in the products distributed by BW/IP within a reasonable time after he discovered or should have discovered any defect or non-conformity, if any existed, thereby prejudicing BW/IP from being able to fully investigate and defend the allegations made against it in the Complaint.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

22. As a twenty-first and separate affirmative defense to each and every cause of action in the Complaint, BW/IP is informed and believes and based thereon alleges that Plaintiffs' claims are barred by the doctrine of estoppel.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

23. As a twenty-second and separate affirmative defense to each and every cause of action in the Complaint, BW/IP is informed and believes and based thereon alleges Plaintiff's employers were knowledgeable and sophisticated users of asbestos and asbestos-containing products and their negligent, careless, and reckless manner was a superseding, intervening cause of the Plaintiff's alleged injuries.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

24. As a twenty-third and separate affirmative defense to each and every cause of action in the Complaint, BW/IP is informed and believes and based thereon alleges that Plaintiffs' claims are barred by Code of Civil Procedure section 389, in that Plaintiffs have failed to joins a

23413\001 ANSWER(268)

-7-

1  party to this action a party or parties whose absence complete relief cannot be accorded among

2  those parties already subject to this action without BW/IP being exposed to substantial risk of

3  incurring double, multiple or otherwise inconsistent obligations.

4

5         WHEREFORE, BW/IP *as successor-in-interest to Byron Jackson Pumps and predecessor*

6  *to Flowserve U.S., Inc.,* prays for judgment as follows:

7        1.      That Plaintiffs take nothing from BW/IP by virtue of their

8             Complaint herein;

9        2.      That BW/IP be awarded its costs of suit herein; and

10        3.      That BW/IP be granted such other and further relief as the court

11             deems just and proper.

12

13  DATED:    August 22, 2005          BOOTH, MITCHEL & STRANGE LLP

14

15                                      By: _____

16                                          STEVEN M. MITCHEL

                                        Attorneys for Defendant

17                                        BW/IP *as successor-in-interest to*

                                      *Byron Jackson Pumps and predecessor*

18                                        *in interest to Flowserve U.S., Inc.*

19

20

21

22

23

24

25

26

27

28

**ANSWER OF BW/IP TO COMPLAINT FOR PERSONAL INJURIES**

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

     I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 707 Wilshire Boulevard, Suite 4450, Los Angeles, CA 90017-3617.

     On the date of execution below, I served the following document

**ANSWER OF DEFENDANT BW/IP TO COMPLAINT FOR PERSONAL INJURIES**

on interested party(ies) in this action by placing ( ) the original (X) a true copy thereof in a sealed envelope addressed as follows:

WATERS & KRAUS, LLP
Michael L. Armitage, Esq.
300 N. Continental Boulevard, Suite 500
El Segundo, CA 90245

[X]   **VIA U.S. MAIL:** I am readily familiar with this firm's practice of collection and processing of correspondence for mailing. Under said practice, such envelope(s) would be deposited with postage thereon fully prepaid, with the U.S. postal service at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party(ies) served, service is presumed invalid if postage meter date is more than one day after date of mailing in this affidavit.

[ ]  **VIA OVERNIGHT MAIL:** FEDERAL EXPRESS. I placed said document(s) in envelope(s) provided by said courier and deposited in the box regularly maintained in this office by same, with delivery fees pre-paid. I am familiar with said courier's practice of collection with this firm.

[ ]   **VIA FACSIMILE:** At approximately _____.m. I caused said document(s) to be transmitted to: **SEE ATTACHED SERVICE LIST** pursuant to CRC Rule 2003. The transmission(s) was/were reported complete and without error.

[X]   **STATE:** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this was executed on **August 22, 2005** at Los Angeles, California.

[Print Name]__NINA R. FIGUERA__      [Signature] _____