# Murphy Spadaro & Landon

1011 Centre Road, Suite 210
Wilmington, Delaware 19805

FRANCIS J. MURPHY
FMURPHY@MSLLAW.COM

April 3, 2006

**VIA HAND DELIVERY & ELECTRONIC FILING**
The Honorable Joseph J. Farnan, Jr.
United States District Court for
The District of Delaware
844 N. King Street
Wilmington, DE 19801

      Re:    *Flowserve Corporation v. Burns International Services Corporation*,
                 No. 04-1294

Dear Judge Farnan:

      Enclosed for this Court's consideration is Burns' proposed Injunction Order. The parties were unable to agree on a form of Order. Burn's proposed Order satisfies the requirements of Federal Rule of Civil Procedure 65(d), is based exclusively upon the findings made in this Court's March 22, 2006 Memorandum Opinion, and conforms to the March 22, 2006 Order, which sets forth the relief being granted and to be included in the Injunction Order. The language used in Burns' proposed Order is taken almost word for word from the March 22, 2006 Memorandum Opinion and Order, without any attempt to manipulate or modify the meaning or intent of the Opinion or Order.

      We submitted a draft of Burns' proposed Order to Flowserve's counsel on March 28, 2006. We received Flowserve's proposed revisions via e-mail at 5:28 p.m. CDT yesterday evening, March 30, 2006. A copy of Burns' proposed Order showing the revisions suggested by Flowserve is attached hereto. Flowserve's proposed deletions are shown and its language changes are in bold.

      Burns objects to Flowserve's proposed revisions on the basis that (1) Flowserve is attempting to manipulate some of the findings made in the Memorandum Opinion by changing or selectively eliminating some of the language used by this Court in the Opinion in an apparent attempt to obtain some kind of tactical advantage; and (2) Flowserve's proposal includes

The Honorable Joseph J. Farnan, Jr.
April 3, 2006
Page 2

substantial material changes to the relief granted.  Under Flowserve's proposed Injunction Order, Flowserve would be permitted to select their own counsel to defend and settle the underlying asbestos cases and use the Borg-Warner insurance coverage to pay for the defense and settlement of the cases.  This is the precise conduct Burns sought to enjoin, and it is the precise conduct which is precluded under the terms of this Court's Memorandum Opinion and Order.

One issue that is addressed in Burns' proposed Order but was not addressed by the parties during the hearing on the motion for temporary restraining order and preliminary injunction is the need for security or bond pursuant to Federal Rule of Civil Procedure 65(c).  The determination of whether or not a bond is required rests entirely within the sound discretion of this Court.  It is Burns' position that no bond is required under the facts of this case, particularly given: (1) Flowserve will not incur any monetary loss by virtue of the injunction; (2) the relevant indemnity provision at issue clearly and unequivocally states that if Flowserve chooses to defend with its own counsel it must do so at its own cost; and (3) the injunction was issued in aid of this Court's exclusive jurisdiction over the subject matter of this litigation.  In support of this position, Burns offers the following discussion of the case law governing this issue.

**Exceptions to Federal Rule of Civil Procedure 65(c)**

Under Federal Rule of Civil Procedure 65(c), "a court generally may not issue a preliminary injunction unless the party seeking the injunction provides security bond in the event the injunction is later found improper, as the rule on its face admits no exceptions." *Borough of Palmyra, Bd. of Educ. v. F.C. Through R.C.*, 2 F.Supp.2d 637, 646 (D.N.J.,1998)  However "the district court possesses discretion over whether to require the posting of security." *Roth v. Bank of the Commonwealth,* 583 F.2d 527, 539 (6th Cir.1978), *cert. denied,* 440 U.S. 944, 99 S.Ct. 1420, 59 L.Ed.2d 632 (1979); see also *Kaepa, Inc. v. Achilles Corp.* 76 F.3d 624, 28 (5th Cir.1996) (holding that in exercise of its discretion the court "may elect to require no security at all.") *Jorgensen v. Cassiday* 320 F.3d 906, 919 (9th Cir. 2003) *Powelton Civic Home Owners Ass'n v. Department of Housing and Urban Development* 284 F.Supp. 809, 840 (E.D. Pa.1968) Indeed, courts have recognized that "there are situations . . .where the bond requirement may be waived. *Id.*  As the Seventh Circuit stated in *Wayne Chemical, Inc. v. Columbus Agency Service*

00130387

The Honorable Joseph J. Farnan, Jr.
April 3, 2006
Page 3

*Corp*. 567 F.2d 692, 701 (7${}^{th}$ Cir. 1977) "under appropriate circumstances bond may be excused, notwithstanding the literal language of Rule 65(c)."

The Third Circuit has recognized that under certain circumstances, a bond will not be required in connection with the granting of a preliminary injunction. As the Court stated in *Temple University v. White,* 941 F.2d 201, 219 (3d Cir.1991):

> While Rule 65(c) does state that a plaintiff shall post a security bond before a district court may grant a preliminary injunction, we have acknowledged, on several occasions, that there may be instances in which a strict reading of Rule 65(c) would be inappropriate.

Applying *Temple*, the district court in *Borough of Palmyra* recognized:

> The Third Circuit has held that in determining whether to waive the bond requirement, the district court should consider the possible loss to the enjoined party together with the hardship that a bond requirement would impose on the applicant.

2 F.Supp.2d 637, 646 (D.N.J.1998) Courts have routinely recognized that the posting of a bond is unnecessary where: (1) where "there is no realistic likelihood of harm to the defendant from enjoining his or her conduct." (see e.g., *Jorgensen v. Cassiday* 320 F.3d 906, 919 (9${}^{th}$ Cir. 2003)); (2) where "there is no risk of monetary loss to the party subject to the injunction" (see e.g. *Liveware Publishing Inc v. Best Software Inc.* 125 Fed.Appx. 428, 434 (3d Cir.2005)); and (3) where an injunction is granted in order to aid or protect the court's jurisdiction (see e.g. *Doyne v. Saettele*, 112 F.2d 155, 162 (8${}^{th}$ Cir.1940)). Each of these circumstances exists in the present case.

### *Flowserve Has Not Demonstrated Any Likelihood of Harm*

In its March 22, 2006 Order granting Burns injunctive relief, this Court specifically held that "Flowserve will suffer no harm if an injunction issues." (3/22/06 Order, p.10) Courts have recognized that the bond requirement may be dispensed with where there has been no proof of likelihood of harm to the party enjoined." *International Controls Corp. v. Vesco*, 490 F.2d 1334, 1356 (2${}^{nd}$ Cir.1974); see also See also *Urbain v. Knapp Brothers Manufacturing Co.*, 217 F.2d 810 (6${}^{th}$ Cir. 1954), cert. denied, 349 U.S. 930, 75 S.Ct. 772, 99 L.Ed. 1260 (1955); *Jorgensen v.*

00130387

The Honorable Joseph J. Farnan, Jr.
April 3, 2006
Page 4

*Cassiday* 320 F.3d 906, 919 (9th Cir. 2003) where "no harm will result to defendants" if the injunction "is later vacated or determined to have been improvidently entered" a bond has been deemed unnecessary. *Brookins v. Bonnell*, 362 F.Supp. 379, 384 (E.D. Pa 1973); citing *Continental Oil Co. v. Frontier Refining Co.*, 338 F.2d 780 (10th Cir. 1964)  Because, as this Court specifically held in its March 22, 2006 Order, "Flowserve will suffer no harm" by virtue of the injunctive relief granted, no bond is required under the facts of this case.

### *The Injunction Will Not Subject Flowserve to Any Monetary Loss*

In addition, counsel for Burns inquired of Flowserve's counsel about the amount of any security Flowserve believed the Court should require Burns to post in order to secure the injunction and was told that Flowserve had no idea as to the amount, and that it would be the duty of this Court to determine the appropriate amount.  Obviously, Flowserve recognizes that its ability to seek a recovery from Burns depends on the ultimate outcome of this litigation.  Until a final determination is made that Burns has an indemnity obligation to Flowserve for the underlying asbestos cases, Flowserve cannot claim that it has suffered any damage or monetary loss.  Moreover, with respect to the specific issue raised by the injunction Order, it is undisputed that the indemnity agreement between the parties requires Flowserve to pay for the cost of defending the asbestos cases if it elects to use it own counsel.  The Third Circuit has stated that if the imposition of an injunction imposes no risk of monetary harm to defendant, the court need not address whether it may dispense with the security requirement. *System Operations v. Scientific Games Dev. Corp.,* 555 F.2d 1131, 1146 (3d Cir.1977); see also *McCormack v. Township of Clinton*, 872 F.Supp. 1320, 1328 (D.N.J.1994); *Liveware Publishing Inc v. Best Software Inc*. 125 Fed.Appx. 428, 434 -435 (3d Cir. 2005).

### *Injunctive Relief was Granted, in part, as a Means of Aiding  and Protecting  this Court's Jurisdiction over the Subject Matter of this Suit*

Lastly, in its March 22, 2006 Order this Court expressly recognized that injunctive relief was necessary to protect "the integrity of this Court's jurisdiction to render a full, complete and final adjudication of the issues pending here." (3/22/06 Order, p.8)  Courts have recognized that where the injunction is issued to aid and preserve the court's jurisdiction over the subject matter involved the injunction is "not limited by Rule 65(c)." *Magidson v. Duggan*, 180 F.2d 473, 479

00130387

The Honorable Joseph J. Farnan, Jr.
April 3, 2006
Page 5

(8th Cir. 1950); see also *Doyne v. Saettele*, 112 F.2d 155, 162 (8th Cir.1940); *Guaranty Trust Co. v. Broadway & Seventh Ave. R. Co.*, 43 F.2d 130 (S.D.N.Y.1930); *Urbain v. Knapp Brothers Manufacturing Co.*, 217 F.2d 810, 815 (6th Cir. 1954); *Ferguson v. Tabah*, 288 F.2d 665, 675 (2d Cir. 1961).

      In light of the foregoing, Burns believes that under the facts of this case, no security should be required. However, should the Court determine in its discretion to require the posting of some security for the injunction, Burns respectfully submits that, considering the terms of the injunction, and its relatively short duration pending a final decision in this case, reasonable security would be $50,000.00.

                                      Respectfully yours,

                                      /s/ Francis J. Murphy
                                      Francis J. Murphy, I.D. # 223

FJM/dla

Cc:    Danielle K. Yearick, Esq. (by electronic filing)
        Erich Gleber, Esq. (by email w/ enc.)
        Christopher M. Bechhold, Esq. (by email w/enc.)
        Gregory E. Rogus, Esq. (by email w/enc.)