

**GRIPPO & ELDEN LLC**
111 South Wacker Drive
Chicago, Illinois 60606
(312) 704-7700
FAX: (312) 558-1195
(312) 263-7356

To Call Writer Direct
(312) 704.7754
ifaber@grippoelden.com

March 27, 2006

<u>Via E-Mail and U.S. Mail</u>

Steven R. Rosenblatt, Esq.
Segal McCambridge Singer & Mahoney
830 Third Avenue
Suite 400
New York, NY 10022

Re:    <u>CNA/Borg-Warner</u>

Dear Mr. Rosenblatt:

I am coverage counsel for CNA in the Borg-Warner declaratory judgment action pending in Illinois. I understand that Segal McCambridge is national counsel for Flowserve and is supervising litigation for Flowserve in the underlying cases arising from allegations that plaintiffs were exposed to asbestos-containing products manufactured or sold by BWIP or Byron Jackson (hereafter, "BWIP claims").

On behalf of CNA, please be advised of the following:

1. My letter of February 8, 2006 to counsel for Flowserve (copy attached) sets forth CNA's policy requirements and cost-sharing percentages for the BWIP claims. Please note especially the requirements that (a) CNA be provided with prompt notice of any new BWIP claims or lawsuits; (b) CNA be associated in the defense of these cases and consulted in advance on defense strategy and proposed settlements; and (c) no time or expenses be billed to CNA for any third-party claims between Flowserve and Burns International.

2. That same letter enclosed a copy of CNA's Litigation Guidelines (copy attached), which all counsel are required to follow, except where the Guidelines may conflict with Flowserve's independent control of the defense. This exception, however, does not affect Flowserve's duties in the preceding paragraph regarding prompt notice and advance consultation regarding defense strategy and proposed settlements. Nor does it affect CNA's decision that no time or expenses be billed to CNA for any third-party claims between Flowserve and Burns International. Please also note that CNA's *pro rata* payment of undisputed defense counsel charges would only include those charges that are billed at reasonable and customary rates. If you have any questions concerning these, please contact me or William Adamski, the CNA claims handler who will be supervising these cases (william.adamski@cna.com, 312.822.7810).

89180v1



GRIPPO
& ELDEN

Steven R. Rosenblatt, Esq.
March 27, 2006
Page 2

3.  We understand that Segal McCambridge may also represent other Flowserve entities in the same asbestos bodily injury cases. Such entities could possibly include Duriron, Valtek, Automax, ACEC Pump, Durametallic, Anchor Darling Valves, Wilson-Snyder, Stork Engineered Pumps, IDP, Invatec, Ecoon, Invensys Flow Control, Thompsons Kelly & Lewis and Interseal (this list may not be exhaustive). Please confirm whether this is in fact the case and, if so, please list all such entities, the asbestos-containing products they manufactured and sold (e.g., gaskets, valves, pumps), the date range that they manufactured or sold such products, the date on which Flowserve acquired each entity and the method of acquisition (e.g., stock purchase, purchase of assets, merger). In addition, please inform CNA of how you propose to allocate (a) your time and costs, and (b) settlements among the different Flowserve entities you are representing in any particular BWIP case.

4.  We also understand that Segal McCambridge may be representing certain non-Flowserve defendants in these same asbestos bodily injury cases, including (but possibly not limited to) H.B. Fuller, Garlock, Green Tweed (Palmetto), Anchor Packing, A.W. Chesterton, Foster Wheeler, Mallinkrodt, 3M, Navistar, Paccar, Weil McLain, Zurn Industries, B.F. Goodrich and Congoleum (this list may not be exhaustive). Please confirm whether this is in fact the case and, if so, list all such companies you represent in these cases. In addition, please inform CNA of how Segal McCambridge proposes to allocate its time and defense costs among all of the entities it may be representing in a particular case.

5.  Please provide CNA with your opinion as to whether you believe there exists a potential for conflicts in the asbestos bodily injury cases between BWIP on the one hand and (a) the other Flowserve entities you represent, or (b) the non-Flowserve entities you represent. For example, is there a potential for cross-claims between BWIP and those other Flowserve or non-Flowserve entities who may have supplied BWIP with asbestos materials or products that were later incorporated into BWIP or Byron Jackson products? If so, how do you propose to resolve such conflicts?

CNA looks forward to your response to the questions listed above. If you have any questions, please do not hesitate to contact me.

Very truly yours,

Irving C. Faber

ICF/ljf

cc:  Lawrence W. Henke
     Christopher M. Bechhold
     William Adamski
         (via e-mail)

89180v1