UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FLOWSERVE CORPORATION, | :    Case No. 04-1294-JJF |
| Plaintiff, | : |
| - vs - | : |
| BURNS INTERNATIONAL SERVICES CORPORATION, et al., | : |
| | : |
| Defendants. | : |
| | : |

### AFFIDAVIT OF CHRISTOPHER M. BECHHOLD

STATE OF NEVADA    )
                               ) ss:
CLARK COUNTY      )

        Christopher M. Bechhold, being first duly cautioned and sworn, deposes and states as follows upon personal knowledge:

        1.    At all times relevant hereto I have been lead trial counsel for the Flowserve Corporation in the case captioned *Continental Casualty Company, et al. v. Borg Warner, Inc., et al.*, Case No. 04 CH 01708, Circuit Court of Cook County, Illinois County Department, Chancery Division ("Insurance Lawsuit").

        2.    On or about March 10, 2006, I was contacted by trial counsel for Royal Insurance Company ("Royal") in the Insurance Lawsuit. In my telephone conversation with Royal's counsel, I was advised that Royal did not agree with the decision of Plaintiffs, Continental Casualty Company, Columbia Casualty Company, Transportation Insurance Company and Continental Insurance Company (collectively "CNA") to stop paying on a pro rata

basis one hundred percent of the reasonable legal fees, expenses and settlements incurred by Flowserve Corporation in the defense of the various asbestos lawsuits which have been filed against Flowserve Corporation or a Flowserve related entity (collectively "Flowserve") arising out of alleged exposure to Byron Jackson pumps ("Asbestos Claims"). Moreover, I was advised that said decision had been made by CNA without consultation with or the knowledge of Royal.

4. As a result of Royal's disagreement with the decision of CNA to discontinue paying one hundred percent of the reasonable legal fees, expenses and settlements incurred by Flowserve in the Asbestos Claims, and subject to a complete reservation of rights to seek reimbursement in accordance with any final decisions in the Insurance Lawsuit, Royal offered to continue paying its pro rata share based upon one hundred percent funding for Flowserve's reasonable fees, expenses and settlements incurred in the defense of the Asbestos Claims.

5. In response to Royal's offer, I advised Royal's counsel that I would discuss said offer with Flowserve and then get back in touch with her.

6. After discussing Royal's offer with Flowserve, I have had additional conversations with Royal's counsel with respect to reaching an agreement with Royal concerning funding the Asbestos Claims which have been filed against Flowserve, and it is my reasonable anticipation that an agreement can be reached with Royal.

7. Based on my nearly twenty years of extensive experience in insurance coverage litigation and knowledge of the insurance policies at issue in the Cook County case, my having beem qualified as an expert in insurance coverage cases, and Royal's communications to me, my understanding is that Royal considers Flowserve to be an "insured" under the policies, and Royal is willing to continue paying Flowserve's reasonable fees, expenses and settlements

incurred in the defense of the Asbestos Claims on a one hundred percent pro rata basis, subject to the normal reservation of rights for reimbursement. As an "insured," Flowserve would have the contractual right to directly access the coverage available to Flowserve under said policies, and, therefore, under no set of circumstances whatsoever would be required to obtain the consent or approval of Burns International Services Corporation ["Burns"]. In this regard, I would note that I have reviewed the Royal insurance policies at issue (as well as the other insurance policies at issue in the Insurance Lawsuit) and I have been unable to find any terms or conditions in these policies which would give Burns the right to "control" Flowserve's access or entitlement to any insurance coverage for the Asbestos Claims. Moreover, in reviewing the transcript of the March 16, 2006 hearing on Burn's Motion for Temporary Restraining Order and Preliminary Injunction, I further note that counsel for Burns failed to cite for the Court a single provision from any insurance policy to support Burns' contention that Burns "controls" Flowserve's access to the insurance coverage at issue in the Insurance Lawsuit.

Further affiant sayeth naught.

_____
Christopher M. Bechhold

Sworn to and subscribed in my presence this ____ day of April, 2006.

_____
Notary Public

SHARON I. GILL
Notary Public - State of Nevada
No: 93-3826-1
My appt. exp. March 17, 2009

582323.1