# EXHIBIT A

**BAKER & McKENZIE**

Baker & McKenzie LLP
One Prudential Plaza, Suite 3500
130 East Randolph Drive
Chicago, Illinois 60601, USA

Tel: +1 312 861 8000
Fax: +1 312 861 2899
chicago.information@bakernet.com
www.bakernet.com

**Asia Pacific**
Bangkok
Beijing
Hanoi
Ho Chi Minh City
Hong Kong
Jakarta
Kuala Lumpur
Manila
Melbourne
Shanghai
Singapore
Sydney
Taipei
Tokyo

**Europe & Middle East**
Almaty
Amsterdam
Antwerp
Bahrain
Baku
Barcelona
Berlin
Bologna
Brussels
Budapest
Cairo
Düsseldorf
Frankfurt / Main
Geneva
Kyiv
London
Madrid
Milan
Moscow
Munich
Paris
Prague
Riyadh
Rome
St. Petersburg
Stockholm
Vienna
Warsaw
Zurich

**North & South America**
Bogotá
Brasilia
Buenos Aires
Calgary
Caracas
Chicago
Dallas
Guadalajara
Houston
Juarez
Mexico City
Miami
Monterrey
New York
Palo Alto
Porto Alegre
Rio de Janeiro
San Diego
San Francisco
Santiago
Sao Paulo
Tijuana
Toronto
Valencia
Washington, DC

VIA ELECTRONIC MAIL

April 10, 2006

Christopher M. Bechhold
Thompson Hine
312 Walnut Street
14th Floor
Cincinnati, OH 45202-4089

Lisa S. Brogan
Tel: +1 312 861 3070
Fax: +1 312 698 2079
lisa.s.brogan@bakernet.com

RE:   Asbestos Cost-Sharing Discussion

Dear Mr. Bechhold:

I understand that you have injected into the Delaware proceedings between Flowserve and Burns, by way of an affidavit, the two conversations we had on March 3 and March 22, 2006, with regard to Royal's participation in the funding of the asbestos claims. I note that I did not authorize for you to make such a disclosure of our two conversations.

On the first call, I did express Royal's willingness to "open a dialogue" with Flowserve. I suggested that Royal might be willing to "stay the course" and continue to pay its *pro rata* share on an interim basis, subject to a mutual and reciprocal reservation of rights, for the immediate future and while issues concerning the "control of the defense" of the asbestos claims were sorted out, and while the parties awaited further direction, if any, from the Circuit Court of Cook County, Illinois, where Royal, Flowserve, and others have been named in a declaratory judgment action involving insurance coverage for these same claims.

At the time of our second conversation on March 22, 2006, I was unaware of the Memorandum Opinion of the Delaware court which I understand to have been issued at some point on that same day.

I note that I did not take any position during either call as to whether "Royal considers Flowserve to be an 'insured' under the policy." Since the time of our second call and the issuance of the Memorandum Opinion on March 22, 2006, I have had no further conversations with you and no agreement has been reached with Royal.

As you are aware, Royal is not a party to the Delaware action, but remains a party to the Illinois action referenced in the foregoing. Royal remains willing to discuss with Flowserve an interim funding arrangement based upon a reciprocal reservation of rights, if such a agreement can be negotiated without running afoul of any Court directives imposed upon the parties.

Baker & McKenzie LLP is a member of Baker & McKenzie International, a Swiss Verein.

**BAKER & McKENZIE**

Finally, if any party sees the need to reference this letter in the Delaware proceedings, it has Royal's authority to do so.

Very truly yours,

*Lisa S. Brogan*

Lisa S. Brogan

LSB/lrb
cc:   Edward B. Miller/ Niesen & Elliott
      Michael H. Moirano/ Niesen & Elliott

CHIDMS1/2422929.1