UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FLOWSERVE CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 04-1294-JJF |
| | ) | |
| BURNS INTERNATIONAL SERVICES | ) | |
| CORPORATION and BORG-WARNER | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

## AFFIDAVIT OF GREGORY E. ROGUS

Gregory E. Rogus, on oath deposes and states:

1.     I am an attorney and member of the law firm Segal McCambridge Singer & Mahoney, Ltd., and am representing Flowserve Corporation ("Flowserve") in this matter. I am licensed to practice law in the State of Illinois. I have personal knowledge of the facts stated in this Affidavit, and if called as a witness, could testify competently thereto.

2.     On March 23, 2006, following my receipt of the court's March 22, 2006 Order, which directed the parties to prepare and submit an agreed upon Injunction Order by March 28, 2006, I sent an email message to opposing counsel Michael Moirano to suggest that Mr. Moirano prepare the initial draft of the Order and forward it to me for review and/or discussion. Mr. Moirano responded by email that he would do so. Exhibit A attached to Flowserve's Reply is a true and accurate print out of those transmissions.

3.     I conferred by telephone with Mr. Moirano on March 24, 2006, regarding the status and the content of the Order, including a provision enabling Flowserve to fund reasonable settlements with insurance money, which Mr. Moirano had mentioned during the course of his oral argument before the Court on March 16.

4.     On March 27, 2006, I received an email from Mr. Moirano late in the afternoon informing me that he would probably not have a draft Order to me until the following day. Exhibit B is a true and accurate printout of that transmission.

5.     Between 2:00 and 2:30 p.m. on March 28, 2006, Mr. Moirano emailed to me an initial draft of the Injunction Order. Exhibit C is a true and accurate print out of that transmission.

6.     After receiving the initial draft from Mr. Moirano, I telephoned him to discuss the need to request additional time from the Court within which to submit the Order. I needed to

confer with my client regarding the content of Mr. Moirano's initial draft before it could be forwarded to the Court as an agreed matter. Mr. Moirano's co-counsel, Francis Murphy, forwarded a letter to the Court later that day requesting that the parties be allowed until March 31 to submit the Order. Exhibit D is a true and accurate printout of that letter.

7.    On March 30, 2006, after having had an opportunity to confer with my client, I forwarded a revised draft of the Order to Mr. Moirano. Exhibit E is a true and accurate printout of that transmission.

8.    On March 31, 2006, I telephoned Mr. Moirano to discuss the basis for the revisions made to the Order. I discussed with Mr. Moirano the reason for incorporating the terms "potentially unreasonable settlements" and "unreasonable settlements." I also discussed our basis for including a reference to "historical case valuations utilized by the insurers."

9.    I did not tell Mr. Moirano that Flowserve intended to negotiate inventory settlements with plaintiff's counsel for amounts that would exceed the historical values that had been paid by Borg-Warner's insurers in settlement of individual claims, as his affidavit states. Instead, while I was discussing the inclusion of language regarding "unreasonable settlements" and "historical case valuation utilized by the insurers," I brought up a possible scenario involving settlement of a group of cases where the amount to be paid on each case within the group was reasonable, i.e., within the historical limits. At that point, Mr. Moirano informed me that Burns would never agree to any inventory or group settlement.

10.    Following that conversation, I informed Mr. Moirano that I would again confer with my client regarding Mr. Moirano's positions. Later that day, I telephoned Mr. Moirano to advise that if Burns was not amenable to including Flowserve's proposed revisions, then the parties would not be able to submit an Agreed Order, and each side would have to submit separate versions to the Court.

FURTHER AFFIANT SAETH NOT.

SUBSCRIBED and SWORN to before me, this 25th day of April, 2006.

_____
            Notary Public

OFFICIAL SEAL
SANDRA M DOMAN
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES 02/05/09

536859_1