**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| FLOWSERVE CORPORATION )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BURNS INTERNATIONAL SERVICES )<br>CORPORATION and BORG-WARNER )<br>CORPORATION, )<br>)<br>Defendants. )<br>) | C.A. No.: 04-1294 JJF |

**DEFENDANT BURNS INTERNATIONAL SERVICES CORPORATION'S
ANSWERS AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS
FOR ADMISSION OF FACTS AND GENUINENESS OF DOCUMENTS**

Defendants Burns International Services Corporation ("Burns") states as its answer and objections to the First Set of Requests for Admission of Facts and Genuineness of Documents served by plaintiff Flowserve Corporation ("Flowserve") as follows:

**General Objections**

1. Burns objects generally to all Requests for Admissions that refer or relate to the documents attached to the Requests on the grounds that the documents as served on Burns were neither tabbed nor clearly marked with Exhibit identifications (and in some case do not appear to have been marked at all). Nevertheless, Burns has endeavored to answer the Requests making an assumption as to Exhibit designation for each document attached. To the extent Burns' assumption was in error, Burns reserves the right to amend its answers to these Requests.

2. Burns objects to the number of Requests for Admission served on the grounds that the number of Requests served violates the express terms of the Rule 16 Scheduling Order

entered on December 22, 2005. Burns will respond only to the number of Requests for Admission permitted under the terms of the Scheduling Order.

## Answers to Requests for Admissions

1. Borg-Warner Corporation manufactured and sold Byron Jackson industrial pumps through its Byron Jackson pump Division from approximately 1955- until 1984.

**Response:** Admitted based on the documents and information currently available to Burns.

2. On or about December 21, 1983 Borg-Warner Industrial Products, Inc was incorporated as a Delaware corporation.

**Response:** Admitted based on the documents and information currently available to Burns.

3. The certificate of incorporation attached hereto as Exhibit A is a true and correct copy of the Certificate of Incorporation of Borg- Warner Industrial Products, Inc.

**Response:** Admitted based on the documents and information currently available to Burns.

4. At the time of its incorporation, Borg-Warner Industrial Products, Inc. was a wholly- owned subsidiary of Borg-Warner Corporation.

**Response:** Admitted based on the documents and information currently available to Burns.

5. Borg- Warner Industrial Products, Inc. remained a wholly-owned subsidiary of Borg-Warner Corporation until May 20, 1987.

**Response:** Denied. Based upon the documents and information currently available to Burns, it appears that all of the stock of Borg-Warner Industrial Products, Inc. was sold by Borg-Warner Corporation to BWIP Acquisition Corporation on May 20, 1987, but the effective date of the sale was December 31, 1986.

6.   May 20, 1987 was the closing date with regard to the Stock Purchase Agreement, dated March 12, 1987, between Borg-Warner Corporation and BWIP Acquisition Corporation.

**Response:** Admitted based on the documents and information currently available to Burns. See Answer to Request No. 5.

7.   On January 1, 1984, Borg-Warner Corporation assigned, transferred and conveyed to Borg-Warner Industrial Products, Inc. all of its right, title and interest in and to the business and assets of its Byron Jackson Pump Division.

**Response:** Denied. On or about January 1, 1984, Borg-Warner Corporation assigned, transferred and conveyed to Borg-Warner Industrial Products, Inc. all of its right, title and interest in and to the business and assets of its Byron Jackson Pump Division operated or held in the United States subject to the assumption by Borg-Warner Industrial Products, Inc of the liabilities of such Division except for the intracompany account payable of such Division.

8.   The "Assignment, Transfer and Conveyance" attached hereto as exhibit B is a true and accurate copy of the written instrument whereby Borg-Warner Corporation assigned, transferred and conveyed to Borg-Warner Industrial Products, Inc. its right, title and interest in and to the business and assets of its Byron Jackson Pump Division.

**Response:** Denied. Based upon information and documents available to Burns that Exhibit B is a true and accurate copy of the "Assignment, Transfer and Conveyance" executed by and between Borg-Warner Corporation and Borg-Warner Industrial Products, Inc. whereby Borg-Warner Corporation assigned, transferred and conveyed to Borg-Warner Industrial Products, Inc. all of its right, title and interest in and to the business and assets of its Byron Jackson Pump Division operated or held in the United States subject to the assumption by Borg-Warner Industrial Products, Inc of the liabilities of such Division except for the intracompany account payable of such Division. See answer to Request No. 7.

9. The assets transferred, pursuant to the "Assignment, Transfer and Conveyance" described in paragraphs 7 and 8 above included, but were not limited to, all land and buildings, machinery, equipment, tools, jigs, dies, raw material on order or on hand, work in process, inventory of finished goods, notes, evidences of indebtedness, accounts receivable, contract rights, claims and choses in action, agreements with distributors and manufacturer's representatives, books of account, files, papers, records and other things of value.

**Response:** Admitted only that assets of Borg-Warner's Byron Jackson Division operated or held in the United States which were transferred pursuant to the Assignment, Transfer and Conveyance attached as Exhibit B are those specifically set forth in Exhibit B which speaks for itself. Burns denies Request No. 9 to the extent it is inconsistent with the express terms of Exhibit B.

10. The "Assignment, Transfer and Conveyance" described in paragraphs 7 and 8 above does not contain a definition for the term "contract rights".

**Response:** Admitted that Exhibit B does not contain a definition of the term "contract rights."

11. The "Assignment, Transfer and Conveyance" described in paragraphs 7 and 8 above does not contain a definition for the term "other things of value."

**Response** Admitted that Exhibit B does not contain a definition of the term "other things of value."

12. Between January 1, 1984 and January 1, 1987, there was no amendment or modification made to the "Assignment, Transfer and Conveyance" described above.

**Response:** Admitted based on the documents and information currently available to Burns.

13. Between January 1, 1984 and January 1, 1987, there were no written contracts, agreements or other documents executed by both Borg-Warner Corporation and Borg-Warner Industrial Products, Inc. that eliminated, limited or defined the "contract rights" referenced in the "Assignment, Transfer and Conveyance".

**Response:** Admitted based on the documents and information currently available to Burns.

14. Between January 1, 1984 and January 1, 1987, there were no written contracts, agreements or other documents executed by both Borg-Warner Corporation and Borg-Warner Industrial Products, Inc. that eliminated, limited or defined the "other things of value" referenced in the "Assignment, Transfer and Conveyance".

**Response:** Admitted based on the documents and information currently available to Burns.

15. Borg-Warner Corporation and Borg-Warner Industrial Products, Inc. amended the "Assignment, Transfer and Conveyance" in 1987, prior to the closing of the Stock Purchase Agreement between Borg-Warner Corporation and BWIP Acquisition Corporation.

**Response:** Admitted based on the documents and information currently available to Burns.

16. The documents attached hereto as Exhibit C is a true and accurate copy of the "Amended Assignment, Transfer and Conveyance" by and between Borg-Warner Corporation and Borg-Warner Industrial Products, Inc.

**Response:** Admitted based on the documents and information currently available to Burns.

17. The "Amended Assignment, Transfer and Conveyance" was dated as of January 1, 1987.

**Response:** Admitted based on the documents and information currently available to Burns.

18. Borg-Warner Corporation and Borg-Warner Industrial Products, Inc. intended the amendments contained in the "Amended Assignment, Transfer and Conveyance" to be effective as of January 1, 1984.

**Response:** Admitted only that the "Amended Assignment, Transfer and Conveyance" attached as Exhibit C states that the parties wish "to have such amendment be effective as of January 1, 1984."

19. The assets transferred, pursuant to the "Amended Assignment, Transfer and

Conveyance" included but were not limited to all land and buildings, machinery, equipment, tools, jigs, dies, raw material on order or on hand, work in process, inventory of finished goods and all other tangible properties of the Divisions, whether or not listed on the accounts of the Divisions ( including all items of fully depreciated plant, property and equipment) notes, evidences of indebtedness, accounts receivable, contract rights, claims and choses in action, agreements with distributors and manufacture's representatives, books of account, files, papers, records and other things of value, including all intangible assets and intangible personal property owned by the Divisions or owned by Borg-Warner Corporation and used exclusively by or in connection with the activities and business of the Divisions, as well as royalty-free, non-exclusive license in perpetuity or for such shorter period as Borg-Warner Corporation has a right to grant a license to use all such intangible personal property not owned by the Divisions but used on a non-exclusive basis by or in connection with the activities and businesses of the Divisions.

**Response:**    Admitted that assets of Borg-Warner's Byron Jackson Division, together with the liabilities of such Division, were transferred pursuant to the Assignment, Transfer and Conveyance attached as Exhibit B and that such document was amended as reflected in Exhibit C. Further admitted that the assets transferred are specifically set forth in Exhibit B and Exhibit C which speak for themselves. Burns denies Request No. 19 to the extent it is inconsistent with the express terms of Exhibits B and C.

20.    The "Amended Assignment, Transfer and Conveyance" does not contain a definition for the term "contract rights".

**Response:**   Admitted that Exhibit C does not contain a definition of the term "contract rights."

21.   The "contract rights" that were assigned, transferred and conveyed pursuant to the original "Assignment, Transfer and Conveyance" included the right to seek and obtain insurance coverage for Borg- Warner Industrial Products, Inc. under Borg-Warner Corporation's liability insurance policies for the liabilities assumed by Borg-Warner Industrial Products, Inc. under the terms of the "Assignment, Transfer and Conveyance".

**Response:**   Denied.  Exhibit B does not make reference to insurance.  Further, the Stock Purchase Agreement and related Letter Agreement executed by and between Borg-Warner Corporation and BWIP Acquisition Corporation specifically addresses Borg-Warner Industrial Products, Inc.'s right to seek and obtain insurance coverage under Borg-Warner Corporation's liability insurance policies.

22.   The "contract rights" that were assigned, transferred and conveyed pursuant to the "Amended Assignment, Transfer and Conveyance" included the right to seek and obtain insurance coverage for  Borg- Warner Industrial Products, Inc. under Borg-Warner Corporation's liability insurance policies for the liabilities assumed by Borg- Warner Industrial Products, Inc. under the terms of "Amended Assignment, Transfer and Conveyance".

**Response:**   Denied.  Exhibit C does not make reference to insurance.  Further, the Stock Purchase Agreement and related Letter Agreement executed by and between Borg-Warner Corporation and BWIP Acquisition Corporation specifically addresses Borg-Warner Industrial Products, Inc.'s right to seek and obtain insurance coverage under Borg-Warner Corporation's liability insurance policies.

23.     The "other things of value" that were assigned, transferred and conveyed pursuant to the "Assignment, Transfer and Conveyance" included the right to seek and obtain insurance coverage for Borg-Warner Industrial Products, Inc. under Borg-Warner Corporation's liability insurance policies for the liabilities assumed by Borg-Warner Industrial Products, Inc. under the terms of the "Assignment, Transfer and Conveyance".

**Response:**     Denied.  Exhibit B does not make reference to insurance.  Further, the Stock Purchase Agreement and related Letter Agreement executed by and between Borg-Warner Corporation and BWIP Acquisition Corporation specifically addresses Borg-Warner Industrial Products, Inc.'s right to seek and obtain insurance coverage under Borg-Warner Corporation's liability insurance policies.

24.      The "other things of value" that were assigned, transferred and conveyed pursuant to the "Amended Assignment, Transfer and Conveyance" included the right to seek and obtain insurance coverage for Borg-Warner Industrial Products, Inc. under Borg-Warner Corporation's liability insurance policies for the liabilities assumed by Borg-Warner Industrial Products, Inc. under the terms of the "Amended Assignment, Transfer and Conveyance".

**Response:**     Denied.  Exhibit C does not make reference to insurance.  Further, the Stock Purchase Agreement and related Letter Agreement executed by and between Borg-Warner Corporation and BWIP Acquisition Corporation specifically addresses Borg-Warner Industrial Products, Inc.'s right to seek and obtain insurance coverage under Borg-Warner Corporation's liability insurance policies.

25.     The "intangible assets... owned by Borg-Warner Corporation and used...

in connection with the activities and business of the Divisions." which were assigned, transferred and conveyed to Borg-Warner Industrial Products, Inc. pursuant to the "Amended Assignment, Transfer and Conveyance" included the right to seek and obtain insurance coverage for Borg-Warner Industrial Products, Inc. under Borg-Warner Corporation's liability instance polices for the liabilities assumed by Borg-Warner Industrial Products, Inc. under the terms of the "Amended Assignment, Transfer and Conveyance".

**Response:**   Denied. Exhibit C does not make reference to insurance. Further, the Stock Purchase Agreement and related Letter Agreement executed by and between Borg-Warner Corporation and BWIP Acquisition Corporation specifically addresses Borg-Warner Industrial Products, Inc.'s right to seek and obtain insurance coverage under Borg-Warner Corporation's liability insurance policies.

26.   There were no other amendments made to the "Assignment, Transfer and Conveyance" by and between Borg-Warner Corporation and Borg-Warner Industrial Products, Inc. other than those contained in the "Amended Assignment, Transfer and Conveyance" dated as of January 1, 1987.

**Response:**   Admitted based on the documents and information currently available to Burns.

27.   Between January 1, 1987 and May 20, 1987, there were no other written contracts, agreements or other documents executed by both between Borg-Warner Corporation and Borg-Warner Industrial Products, Inc. that eliminated, limited or defined the "contract rights" referenced in the "Amended Assignment, Transfer and Conveyance" .

**Response:**   Admitted based on the documents and information currently available to Burns.

28.   Between January 1, 1987 and May 20, 1987, there were no other written contracts, agreements or other documents executed by both between Borg-Warner Corporation and Borg-Warner Industrial Products, Inc. that eliminated, limited or defined "other things of value" referenced in the "Amended Assignment, Transfer and Conveyance."

**Response:**   Admitted based on the documents and information currently available to Burns.

29.   On June 30, 1987, the Board of Directors of Borg-Warner Corporation adopted a series of resolutions pertaining to the liquidation of the corporation.

**Response:**   Admitted that as of June 30, 1987, the Board of Directors of Borg-Warner Corporation consented, without a Board of Directors' meeting, to the adoption of certain resolutions set forth in Exhibit D.

30.   The documents attached hereto as Exhibit D is a true and accurate copy of the "Consent of Directors in Lieu of Board of Directors' Meeting" that contains the resolutions adopted by Borg-Warner Corporation's Directors on June 30, 1987.

**Response**:   Admitted, based on the documents and information currently available to Burns, that Exhibit D is a true and accurate copy of the "Consent of Directors in Lieu of Board of Directors' Meeting" dated as of June 30, 1987, executed by the members of Borg-Warner Corporation's Board of Directors and that Exhibit D contains resolutions which the Board of Directors agreed to adopt.

31.   The documents attached hereto as Exhibit E is a true and accurate copy of the"

"Schedule of Liquidating Distributions" that was attached to and referenced in the Consent described in paragraph 30 above.

**Response:** Admitted, based on the documents and information currently available to Burns, that Exhibit E is a true and accurate copy of the "Schedule of Liquidating Distributions" that was attached to and referenced in Exhibit D.

32. On July 30, 1987, the Board of Directors of Borg-Warner Corporation adopted a resolution to clarify and expend the Schedule of Liquidating Distributions, and another resolution to adopt the Schedule of Liquidating Distributions, as clarified and expanded, to supersede the schedule that had been attached to and made a part of the Board's June 30, 1987 resolutions.

**Response:** Admitted that as of July 30, 1987, the Board of Directors of Borg-Warner Corporation consented, without a Board of Directors' meeting, to the adoption of certain resolutions set forth in Exhibit F.

33. The documents attached hereto at Exhibit F is a true and accurate copy of the "Consent of Directors in Lieu of Board of Directors' Meeting" that contains the resolutions adopted by Borg-Warner Corporation's Directors on July 30, 1987.

**Response:** Admitted, based on the documents and information currently available to Burns, that Exhibit F is a true and accurate copy of the "Consent of Directors in Lieu of Board of Directors' Meeting" dated as of July 30, 1987, executed by the members of Borg-Warner Corporation's Board of Directors and that Exhibit F contains resolutions to which the Board of Directors agreed to adopt.

34. The documents attached hereto at Exhibit G is a true and accurate copy of the

133502                                    12

Schedule of Liquidating Distributions adopted by Borg-Warner Corporation's Directors on July 30, 1987.

**Response:** Admitted, based on the documents and information currently available to Burns, that Exhibit G is a true and accurate copy of the "Schedule of Liquidating Distributions" that was attached to and referenced in Exhibit F.

35. On August 7, 1987, the Board of Directors of Borg-Warner Corporation adopted a revised Plan of Liquidation and an Amended and Restated Schedule of Liquidating Distributions.

**Response:** Admitted that an "Amended and Restated Schedule of Liquidating Distributions" was prepared and, based upon documents and information currently available to Burns, it appears that the Amended and Restated Schedule of Liquidating Distributions was prepared on or about August 7, 1987. Denied that the Plan of Liquidation was revised on such date.

36. The document attached hereto at Exhibit H is a true and accurate copy of the revised Plan of Liquidation adopted by Borg-Warner Corporation's Board of Directors on August 7, 1987.

**Response:** Admitted that Exhibit H appears to be a unsigned document entitled "Plan of Liquidation" which was consented to by the Board of Directors of Borg-Warner Corporation pursuant to the "Consent of Directors in Lieu of Board of Directors' Meeting" dated as of June 30, 1987 and attached as Exhibit D. All remaining allegations are denied.

37. The documents attached hereto at Exhibit I is a true and accurate copy of the

Amended and Restated Schedule of Liquidating Distributions attached to the Plan of Liquidation adopted by Borg-Warner Corporation's Board of Directors on August 7, 1987.

**Response:** Admitted that Exhibit I is a true and correct copy of the Amended and Restated Schedule of Liquidating Distributions which was attached to Exhibit H and, based upon documents and information available to Burns, it appears the Amended and Restated Schedule of Liquidating Distributions was prepared on August 7, 1987. All remaining allegations are denied.

38. On December 31, 1987 Borg-Warner Corporation granted, conveyed, transferred, assigned and delivered to Borg-Warner Holdings Corporation certain Borg-Warner Corporation's assets and liabilities.

**Response:** Admitted, based upon the documents and information currently available to Burns, that effective on December 31, 1987, Borg-Warner Corporation granted, conveyed, transferred, assigned and delivered to Borg-Warner Holdings Corporation certain of Borg-Warner Corporation's assets and liabilities identified in Exhibit J.

39. The documents attached hereto at Exhibit J is a true and accurate copy of the " Conveyance, Assignment and Assumption" between and by Borg-Warner Corporation and Borg-Warner Holdings Corporation dated December 31, 1987.

**Response:** Admitted, based upon the documents and information currently available to Burns.

40. Among the items that were granted, conveyed, transferred, assigned or delivered by Borg-Warner Corporation to Borg-Warner Holdings Corporation, and that Borg-Warner Holdings Corporation agreed to accept, were all of Borg-Warner Corporation's right, title and

interest in and to any assets and liabilities not otherwise provided for pursuant to the Plan of Liquidation .

**Response:**     Admitted, based upon the documents and information currently available to Burns, that among the assets and liabilities that were granted, conveyed, transferred, assigned or delivered by Borg-Warner Corporation to Borg-Warner Holdings Corporation, and that Borg-Warner Holdings Corporation agreed to accept, as set forth in Exhibit J, were "Any assets and liabilities not otherwise provided for pursuant to the Plan of Liquidation."

41.     The Plan of Liquidation in effect as of December 31, 1987 did not contain any provisions that specifically reference any liabilities of Borg-Warner Corporation pursuant to Section 9.04 of its Stock Purchase Agreement with BWIP Acquisition Corporation.

**Response:**     Admitted that none of the documents pertaining to Borg-Warner Corporation's Plan of Liquidation, as reflected in Exhibits D-I, contain any reference to any liabilities, if any, of Borg-Warner Corporation under Section 9.04 of the Stock Purchase Agreement with BWIP Acquisition Corporation.

42.     The Plan of Liquidation in effect as of December 31, 1987 did not contain any provision that conveyed, transferred, assigned or delivered any of the Borg-Warner Corporation's liabilities pursuant to 9.04 of its  Stock Purchase Agreement with BWIP Acquisition Corporation to any person or entity other than Borg-Warner Holdings Corporation .

**Response:**     Admitted that none of the documents pertaining to Borg-Warner Corporation's Plan of Liquidation, as reflected in Exhibits D-I, contain any provision that specifically conveyed, transferred, assigned or delivered any of the Borg-Warner Corporation's

liabilities, if any, pursuant to 9.04 of the Stock Purchase Agreement with BWIP Acquisition Corporation to any person or entity. All remaining allegations are denied.

43. Borg-Warner Corporation did not grant, convey, transfer, assign or deliver to any person or entity other than Borg-Warner Holdings Corporation any of Borg-Warner Corporation's liabilities pursuant to 9.04 of its Stock Purchase Agreement with BWIP Acquisition Corporation.

**Response:**   Admitted that none of the documents pertaining to Borg-Warner Corporation's Plan of Liquidation, as reflected in Exhibits D-I, contain any provision that specifically granted, conveyed, transferred, assigned or delivered to any person or entity any of the Borg-Warner Corporation's liabilities, if any, pursuant to 9.04 of its Stock Purchase Agreement with BWIP Acquisition Corporation.

44. On December 31, 1987, after executing and delivering its "conveyance, Assignment and Assumption" to Borg-Warner Holdings Corporation, and after Borg-Warner Holdings Corporation had accepted same Borg-Warner Corporation then merged with and into BW-Transmissions and Engine Components Corporation.

**Response:**   Admitted, based upon the documents and information currently available to Burns that on December 31, 1987, Borg-Warner Corporation merged with and into BW-Transmissions & Engine Components Corporation. All remaining allegations are denied.

45. The document attached hereto as Exhibit K is a true and accurate copy of the "Certificate of Ownership and Merger" filed with Delaware Secretary of State's Office on December 31, 1987 whereby Borg-Warner Corporation merged with and into BW-Transmissions and Engine Components Corporation.

**Response:**   Admitted that Exhibit K is a true and accurate copy of the "Certificate of Ownership and Merger" filed with Delaware Secretary of State's Office on December 31, 1987 whereby Borg-Warner Corporation merged with and into BW-Transmissions & Engine Components Corporation.

46. On January 25, 1988, Borg-Warner Holdings Corporation changed its corporate name to Borg-Warner Corporation.

**Response:**   Admitted.

47. The document attached hereto as Exhibit L is a true and accurate copy of the Certificate of Amendment filed with the Delaware Secretary of State's Office pertaining to the corporate name change and referred to in paragraph 46 above.

**Response:**   Admitted that Exhibit L is a true and accurate copy of the Certificate of Amendment filed with the Delaware Secretary of States office which indicates that on January 25, 1988 Borg-Warner Holdings Corporation changed its name to Borg-Warner Corporation.

48. On January 19, 1993 Borg-Warner Corporation changed its corporate name to Borg-Warner Security Corporation.

**Response:**   Admitted.

49. The document attached hereto as Exhibit M is a true and accurate copy of the Certificate of Amendment filed with the Delaware Secretary of State's Office pertaining to the corporate name change referred to in paragraph 48.

**Response:**   Admitted that Exhibit M is a true and accurate copy of

the Certificate of Amendment filed with the Delaware Secretary of States office which indicates that on January 19, 1993 Borg-Warner Corporation, formerly known as AV Holdings Corporation and Borg-Warner Holdings Corporation, again changed its name to Borg-Warner Security Corporation.

50.     On July 6, 1999, Borg-Warner Security Corporation changed its corporate name to Burns International Services Corporation.

**Response:**     Admitted.

51.     The document attached hereto as Exhibit N is a true and accurate copy of the Certificate of Amendment filed with the Delaware Secretary of States office pertaining to the corporate name change referred to in paragraph 50 above.

**Response:**     Object.  Request 51 exceeds the number of Requests for Admission permitted under the Rule 16 Scheduling Order.

52.     Burns International Services Corporation's position that it either owns or controls access to the liability insurance policies issued to Borg-Warner Corporation prior to May 20, 1987, is based upon the "Conveyance, Assignment and Assumption" attached hereto as Exhibit J.

**Response:**     Object.  Request 52 exceeds the number of Requests for Admission permitted under the Rule 16 Scheduling Order.

53.     Other than the documents that are attached hereto as Exhibit D through J and L through N, inclusive, there were no other assignments, conveyances, contracts, agreements or other documents known to Burns International Service Corporation or its attorneys upon which

Burns bases its position that either owns or controls access to the liability insurance policies issued to Borg-Warner Corporation prior to May 20, 1987.

**Response:**   Object.  Request 53 exceeds the number of Requests for Admission permitted under the Rule 16 Scheduling Order.

MURPHY SPADARO & LANDON

/s/ Francis J. Murphy
Francis J. Murphy, I.D. No. 223
1011 Centre Road, Suite 210
Wilmington, DE 19805
Tel: (302) 472-8100
Fax: (302) 472-8135
E-mail: Fmurphy@msllaw.com

Attorneys for Defendant Burns International Services Corporation
