UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FLOWSERVE CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | C.A. No. 04-1294-JJF |
| ) | |
| BURNS INTERNATIONAL SERVICES ) | |
| CORPORATION and BORG-WARNER ) | |
| CORPORATION, ) | |
| Defendants. ) | |

### PLAINTIFF FLOWSERVE CORPORATION'S
### MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Now comes Plaintiff FLOWSERVE CORPORATION ("FLOWSERVE") by its attorneys and hereby moves, pursuant to Rule 15 of the Federal Rules of Civil Procedure and Local Rule 15.1 for the District of Delaware, for leave to file an amended complaint in the above captioned matter and in support hereof, states as follows:

1. FLOWSERVE filed its original complaint against Defendants BURNS INTERNATIONAL SERVICES CORPORATION ("BURNS") and BORG-WARNER CORPORATION on or about September 24, 2004, seeking declaratory relief and damages.

2. The parties have engaged in written discovery, including the exchange of voluminous documentation. Oral discovery remains pending.

3. As a result of additional information gained through the discovery process and in particular, information bearing upon the issue of corporate successorship, FLOWSERVE wishes to amend its pleading so as to conform to the additional facts obtained through the discovery process. In particular, FLOWSERVE's proposed

amended complaint (two copies of which are attached hereto as Exhibit 1) removes reference to Borg-Warner Corporation as a defendant, and amends the allegations setting forth the respective corporate histories of FLOWSERVE and BURNS, both prior to and following the 1987 Stock Purchase Agreement ("SPA") that is the subject of the litigation. (See Exhibit 1, ¶¶ 6 through 9, 21 through 39.)

4. The proposed amended complaint also contains additional allegations addressing the ambiguity of the 1987 SPA (¶ 18); separates the request for declaratory relief under the SPA and the separate Letter Agreement into separate counts (see Counts I and II); and separates the request for money damages arising from breach of the SPA and the separate Letter Agreement into separate counts (See Counts IV and V).

5. The foregoing proposed amendments relate back to the date of the original complaint, as all the allegations and claims affected thereby arise out of the conduct, transactions, and occurrences set forth or attempted to be set forth in the original complaint. The foregoing amendments clarify and itemize with further particularity the applicable corporate histories, the SPA and Letter Agreement claims, and the relief requested.

6. The proposed amended complaint contains a new count (Count III) seeking alternative declaratory relief regarding FLOWSERVE's right to access the historical Borg-Warner Corporation insurance. FLOWSERVE respectfully submits that it is necessary to include this Count in light of the argument advanced by BURNS in support of its motion for preliminary injunction, presented earlier this year, that FLOWSERVE cannot access that insurance directly for purposes of funding reasonable settlements and defense costs in conjunction with the underlying asbestos litigation.

7. In addition, the proposed amended complaint contains a new count (Count VI) alleging BURNS' tortious interference with FLOWSERVE's right to access the Borg--Warner insurance, based upon recent communications directed by BURNS' counsel to counsel for the carriers. The tortious communication is appended as an exhibit to the amended complaint.

8. The foregoing amendments described in paragraphs 6 and 7 seek to supplement the original complaint, pursuant to Rule 15(d), inasmuch as they set forth and/or are based on occurrences or events that have taken place, or arguments that have been raised, since the filing of the original pleading.

9. Pursuant to Local Rule 15.1, FLOWSERVE also attaches hereto as Exhibit 2 a form of the amended complaint that indicates in what respects it differs from the original. Language that has been deleted is bracketed and italicized. Language that has been added is underlined. (Since the amended complaint reorganizes the counts as well as some of the allegations, the paragraph numbering of the amended pleading does not completely track that of the original. FLOWSERVE has, in good faith, identified by paragraph number from the original complaint those matters that have been re-ordered in or removed from the amended pleading.)

10. Under Rule 15, leave to amend "shall be freely given when justice so requires." FLOWSERVE respectfully submits that its proposed amendments fall within the ambit of the Rule. In light of information obtained through discovery, recent document production, and in light of the position taken by BURNS refusing FLOWSERVE access to applicable insurance which is a subject of this litigation, good cause exists for the filing of the amended complaint. Flowserve respectfully requests

modification of the scheduling order and leave of the Court to file the proposed amended pleading, as the originally proposed deadline for the filing of amended pleadings could not reasonably be met.

WHEREFORE, for the foregoing reasons, FLOWSERVE CORPORATION respectfully requests leave of Court to file its Amended Complaint *instanter*, and establish a date certain by which BURNS INTERNATIONAL SERVICE CORPORATION is to respond to same.

                                                    Respectfully submitted,

                                                    Segal McCambridge Singer
                                                    & Mahoney, Ltd.

                                                    By: _____
                                                    Attorneys for Flowserve
                                                    Gregory E. Rogus, Esq.
                                                    Segal McCambridge Singer & Mahoney, Ltd.
                                                    330 N. Wabash Drive, Suite 200
                                                    Chicago, IL 60611
                                                    312-645-7800

Local Counsel:
Danielle Yearick, Esq.
Tybout, Redfearn & Pell
300 Delaware Avenue 11th Floor
Wilmington, DE 19899
302-658-6901

DATED: August 23, 2006

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FLOWSERVE CORPORATION, | ) |
| | ) C.A. No. 04-1294 JJF |
| Plaintiff, | ) |
| v. | ) JURY TRIAL OF 12 DEMANDED |
| | ) |
| BURNS INTERNATIONAL SERVICES | ) |
| CORPORATION, BORG-WARNER | ) |
| CORPORATION, and BORG-WARNER | ) |
| SECURITY CORPORATION, | ) |
| | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I, Danielle K. Yearick, do hereby certify that, on this 24th day of August, 2006, copies of *Plaintiff Flowserve Corporation's Motion for Leave to File Amended Complaint* were served, via electronic mail, and U.S. First Class Mail, postage prepaid, on the following:

Francis J. Murphy, Esquire
MURPHY, SPADARO & LANDON
1011 Centre Road, Suite 210
Wilmington, DE 19805

TYBOUT, REDFEARN & PELL

_____
Danielle K. Yearick, Esquire (#3668)
750 South Madison Street, Suite 400
P.O. Box 2092
Wilmington, DE 19899-2092
(302) 658-6901
dyearick@trplaw.com
*Local Counsel for Plaintiff Flowserve*