IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

FLOWSERVE CORPORATION,           :
                                 :
          Plaintiff,             :
                                 :
     v.                          :     Civil Action No. 04-1294-JJF
                                 :
BURNS INTERNATIONAL SERVICES     :
CORPORATION and BORG-WARNER      :
CORPORATION,                     :
                                 :
          Defendants.            :

**MEMORANDUM ORDER**

Pending before the Court is Plaintiff Flowserve
Corporation's Motion For Leave To File Amended Complaint (D.I.
95).  By its Motion, Flowserve Corporation ("Flowserve") requests
leave to amend its complaint to (1) remove the reference to Borg-
Warner Corporation as a defendant, (2) add allegations concerning
the parties' corporate histories and the alleged ambiguity in the
1987 Stock Purchase Agreement that is the subject of the
litigation, and (3) add two new counts for relief, (i) a count
for declaratory judgment regarding Flowserve's right to directly
access the insurance that was historically Borg-Warner
Corporation insurance, and (ii) a count alleging tortious
interference by Burns with Flowserve's right to access the Borg-
Warner insurance based upon recent communications by Burns'
counsel to counsel for the various insurance carriers.

In response, Burns indicates that it will not oppose
Flowserve's attempt to amend the Complaint if Flowserve agrees to

certain conditions.  Specifically, Flowserve must allow Burns to
file its response to the Amended Complaint within 21 days after
leave is granted, allow Burns to amend its counterclaim, and
agree not to delay the trial scheduled for November 17, 2006.
If the filing of Flowserve's Amended Complaint will post-pone the
November 17 trial date, then Burns objects to the motion,
contending that the amended pleadings were due by May 1, 2006,
the additional factual allegations and count for declaratory
relief that Flowserve seeks to add were available to Flowserve
earlier, and Burns will be prejudiced if the trial is delayed as
a result of the amendments.

     The Court has considered the respective positions of the
parties and concludes that amendment of the Complaint is
appropriate in these circumstances.  The majority of the
amendment request concerns the addition of factual allegations in
order to allow the pleadings to more fully conform to the
evidence discovered and the Court can discern no prejudice
resulting to Burns as a result of that type of amendment.  As for
Flowserve's request to add two new claims for relief, the Court
will permit the amendments on the conditions set forth by Burns,
which the Court finds are reasonable in the circumstances of this
litigation.[1]  Specifically, the Court does not intend to delay

---

[1]    Except that the Court will require Burns to file its
Answer to the Complaint or Motion To Dismiss within twenty (20)
days, rather than the twenty-one (21) days that Burns' requests.

the trial in this matter, and therefore, Burns will not be prejudiced by the addition of the claims.  In addition, both parties were aware of the argument concerning Flowserve's right to directly access the insurance proceeds, and therefore, the Court cannot discern any prejudice to Burns as a result of the addition of this claim.  As for the tortious interference claim, if Flowserve wishes to press such a claim, it must do so in an expedited fashion in light of the November 17 trial date. Accordingly, the Court will grant Flowserve leave to file an Amended Complaint on the terms and conditions set forth by Burns in its Response (D.I. 96).

NOW THEREFORE, IT IS HEREBY ORDERED that:

1.    Plaintiff Flowserve Corporation's Motion For Leave To File Amended Complaint (D.I. 95) is **GRANTED** on the terms and conditions set forth in this Memorandum Order, and the Amended Complaint is deemed filed.

2.    Burns' response to the Amended Complaint, including any Amended Counterclaim, shall be filed **within twenty (20) days** of the date of this Order.

_September 14, 2006_
       Date

_____
UNITED STATES DISTRICT JUDGE

3