UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

_____
FLOWSERVE CORPORATION                  )
                                       )
                                       )    C.A. No.: 04-1294 JJF
      Plaintiff,                       )
                                       )
      v.                               )
                                       )    **Redacted Documents**
BURNS INTERNATIONAL SERVICES           )    **Public Version**
CORPORATION and BORG-WARNER            )
CORPORATION,                           )
                                       )
      Defendants.                      )
_____ )

### BURNS INTERNATIONAL SERVICES CORPORATION'S RESPONSE TO FLOWSERVE CORPORATION'S MOTION FOR THE ENTRY OF AN INJUNCTION BOND

The primary dispute in this action is centered upon the parties' respective indemnification rights and obligations pursuant to the terms of the Stock Purchase Agreement (the "SPA") and a subsequent letter agreement (the "Letter Agreement") entered into by the parties and/or their predecessors in 1987. Burns maintains that, to the extent that Flowserve is entitled to indemnification in the underlying asbestos cases under the terms of these agreements, any such right to defense and indemnification from Burns is conditioned upon Burns' right to control such defense and indemnification pursuant to Section 9.04(d) of the SPA by directing the appointment of counsel to defend claims, and by authorizing and approving all settlements. For this reason, and in response to certain threatened conduct on the part of Flowserve, Burns sought and obtained from this Court preliminary injunctive relief precluding Flowserve from *inter alia* terminating and replacing Burn's choice of national and local defense counsel who have, for years, been providing the defense of Burns and Flowserve in the underlying asbestos claims "unless Flowserve

undertakes to pay such replacement counsel with its own funds." Injunction Order, p. 6. In granting this preliminary injunctive relief, this Court expressly recognized:

> In the Court's view, the language contained in Section 9.04(d) of the Stock Purchase Agreement is clear and unambiguous that if Flowserve seeks to participate in the claims to be indemnified by Burns, it must do so at its own expense, and Burns has the right, as the Indemnifying Party to select counsel and control the defense of claims.

*Id.* p. 5. In entering its Injunction Order, this Court did not require Burns to furnish an injunction bond.

In fact, prior to the entry of the Injunction Order in this case, Flowserve had specifically requested that this Court require Burns to post an injunction bond in connection with the entry of preliminary injunctive relief. Indeed, after this Court issued its Memorandum and Opinion granting Burns' motion for a temporary restraining order and preliminary injunctive relief, Flowserve filed a motion requesting *inter alia* the entry of an injunction bond, which was denied in its entirety. As such, this Court has previously considered the merits of Flowserve's request for security and has declined to require an injunction bond in this case. Nevertheless, Flowserve has elected to resurrect this settled issue through its present motion for security. In this motion, Flowserve maintains that "as a result" of this Court's Injunction Order, it is entitled to the entry of an injunction bond in the amount of $ **(REDACTED)**, which it maintains reflects the costs and expenses it has incurred and will incur in connection with its individual defense of the underlying asbestos claims pending appeal of the injunction order. Flowserve's argument is defective in several material respects.

First, to the extent that any injunction bond is warranted under the facts of this case, it is limited to the costs incurred by Flowserve during the period when the injunction Order was in

136349         2

effect, and to the extent the security requested by Flowserve is not tailored to this time period, it is improper. Moreover, and more importantly, Flowserve has not established that the entry of a $ **(REDACTED)** is warranted under the facts of this case. Indeed, in the event that it is later determined that Flowserve was (a) entitled to indemnification of the underlying asbestos suits; and (b) was not required to tender such claims to Burns and/or to obtain Burns' consent and approval in selecting counsel or otherwise administering these claims, reimbursement for any costs incurred during the injunction period is available through the existing Borg-Warner insurance, and thus - the requested security is unnecessary and unwarranted. Flowserve's assertions that it may be unable to obtain reimbursement out of these insurance funds if it is later determined that reimbursement is required is based entirely on the unsupported affidavit of its counsel, Mr. Christopher M. Bechhold, which is itself based on nothing more than inadmissible hearsay and unsubstantiated predictions of future events. For these reasons, set forth below, Flowserve has not and cannot establish that the requirement of any security from Burns is warranted.

      **A.    The Requested Security Is Based on an Erroneous Time Period Which Bears No Relation to Entry of the Preliminary Injunction Order or the Anticipated Resolution of this Controversy.**

As an initial matter, the time period identified by Flowserve for which a bond could be required is inaccurate and improper. The $ **(REDACTED)** security requested reflects the estimated defense costs and expenses from the period beginning March 1, 2006 - the date Flowserve first elected to take over its own defense and settlement of the underlying asbestos case from National Coordinating Counsel (the network of experienced asbestos defense counsel, approved by Burns and the Borg-Warner insurers, which had prior thereto been successfully

handling the Flowserve asbestos claims for many years) through April 1, 2007 - the approximate date upon which Flowserve expects a decision in its intended appeal of the preliminary injunction. However, this Court's Injunction Order was entered on September 14, 2006, and Flowserve has consistently maintained that prior to that date there was no injunction pending. *See e.g.* Letter dated May 23, 2006 from Christopher M. Bechhold (one of Flowserve's counsel in this matter) to Irving C. Faber (counsel for the CNA insurance companies) stating "no temporary restraining order has been entered by the Trial Court with respect to CNA's umbrella policies (or any other Borg Warner insurance policies)." A copy of the letter is attached as Exhibit A.

The purpose of an injunction bond is to provide "a fund to use to compensate incorrectly enjoined defendants." *Sprint Communications Co. L.P. v. Cat Communications Intern., Inc*. 335 F.3d 235, 240 (3d Cir. 2003). It is axiomatic that the injunction bond need only reflect the period in which the party is wrongfully enjoined. As such the April 1, 2007 proposed start date suggested by Flowserve is inaccurate and inapplicable in determining the relevant time period for the security requested. To the extent that any security is warranted, it must be specifically tailored to reflect only those costs incurred during the pendency of this preliminary injunction. As such, any fees and costs allegedly "resulting from" this Order must necessarily have been incurred following its entry on September 14, 2006.

Security is also not required for any period following the November 13, 2006 trial in this matter. At the trial, Burns will seek the entry of a permanent injunction on the same terms as the Injunction Order entered September 14, 2006. If the Court grants the request and enters a final permanent injunction, no bond is required. Any bond required under Fed. R. Civ. P. 65(c) is limited to the pendency of the temporary restraining order and/or preliminary injunction entered

136349                                  4

by a district court. Courts have recognized that "the entry of a permanent injunction obviates the need for a preliminary injunction bond." *Glaxo Group Ltd. v. Apotex, Inc*. 376 F.3d 1339, 1349 (7th Cir. 2004); see also *G.C. and K.B. Investments, Inc. v. Wilson* 326 F.3d 1096, 1108 (9th Cir. 2003) (holding that an injunction bond is "required only for a temporary restraining order or a preliminary injunction, not for a permanent injunction.") Thus, if Burns' request for a permanent injunction is granted, no bond is required and the preliminary injunction, for which a bond may be required, will be terminated.

On the other hand, if the Court determines that Burns is not entitled to a permanent injunction, the September 14, 2006 Order will be rendered moot and the injunction will be dissolved. Thus, whatever the Court's final determination of the injunction issue, it will effectively be resolved at the November trial either through the entry of a permanent injunction or dissolution of the current preliminary injunction. In either case any need for a bond will terminate at that time.

> **B.      There Are Adequate Funds Available Through the Borg Warner Insurance for Any Reimbursement Owed by Burns, and Flowserve's Assertions Otherwise Are Unfounded, Speculative, and Do Not Support the Entry of a $ (REDACTED) Injunction Bond.**

Assuming, *arguendo*, that next month the Court decides to deny Burns permanent injunctive relief and dissolves the pending injunction and further determines that Flowserve is entitled to reimbursement for the costs and expenses incurred and to be incurred in procuring its own individual defense in the underlying Asbestos cases absent Burns' consent, approval, or participation as required under Section 9.04(d) of the SPA (a position Burns vehemently opposes, and which was expressly rejected by this Court in granting Burns' motion for preliminary injunctive relief), the costs of such reimbursement will be part of the final judgment Flowserve is

136349                                                           5

seeking in this action and can be obtained through the available Borg Warner insurance funds. In Count IV of the Amended Complaint, Flowserve is seeking damages to compensate it for the amounts it has paid and which it may have to continue to pay for defense costs and to fund settlements in the underlying asbestos cases. Should the Court determine, following the November trial on the merits, that Flowserve is entitled to reimbursement from Burns for any defense and settlement costs it has incurred through the date of the trial, the final judgment will presumably include an award of damages to reimburse Flowserve for these costs. Thus, the bond Flowserve is now seeking will be subsumed in the final judgment. If Burns elects to appeal the judgment, it will have to post an appeal bond.

**(REDACTED)**

First, the statements and/or representations allegedly made to Mr. Bechhold by the first layer excess carriers is, at best, inadmissable hearsay which cannot be relied upon as the basis for requiring Burns to furnish the security requested.

**(REDACTED)**

In sum, Mr. Bechhold's improper affidavit cannot serve as a basis for requiring Burns to furnish an injunction bond in any amount, much less an amount in excess of $ **(REDACTED)**.

**Conclusion**

For the reasons set forth above, this Court's initial decision to deny Flowserve's request for security was and remains well founded and Flowserve has not established any basis for modifying the decision not to require security. Moreover, assuming there was some new basis not previously asserted which would require the posting of security, the amount of security Flowserve is seeking is not tailored to the relevant two month time period when the preliminary injunction will be in place. Finally, Flowserve's right to obtain reimbursement for expenses it has incurred defending the underlying asbestos cases since it unilaterally decided to terminate the national network of defense counsel that Burns had approved to defend the cases, which is the sole basis for which it seeks security, will be the subject of the claims Flowserve is pursuing at the trial next month. If Flowserve is successful in prosecuting its claims, the amount Flowserve is seeking to secure in connection with the Injunction Order will be the subject of the final judgment entered by the Court. Burns will either have to pay the judgment or post an appeal bond at that time to secure the judgment. Under the circumstances, the Court's initial decision not to require

security for the preliminary injunction should not be disturbed and Flowserve's Motion to Set Security should be denied.

                **MURPHY, SPADARO & LANDON**

                /s/ Francis J. Murphy
                Francis J. Murphy, I.D. No. 223
                1011 Centre Road, Suite 210
                Wilmington, DE 19805
                Tel: (302) 472-8100
                Fax: (302) 472-8135
                E-mail: Fmurphy@msllaw.com

                Michael H. Moirano
                NISEN & ELLIOTT, LLC
                200 West Adams Street, Suite 2500
                Chicago, Illinois 60606
                Tel: (312) 346-7800
                Fax: (312) 346-9316
                E-mail: mmoirano@nisen.com

                Attorneys for Defendant Burns International Services Corporation

**IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| FLOWSERVE CORPORATION, ) | |
| ) | C.A. No.: 04-1294 JJF |
| Plaintiff, ) | |
| v. ) | |
| BURNS INTERNATIONAL SERVICES ) | |
| CORPORATION and BORG-WARNER ) | **Redacted Documents** |
| CORPORATION, ) | **Public Version** |
| Defendants. ) | |

**CERTIFICATE OF SERVICE**

    I, Francis J. Murphy, Esquire, do hereby certify that on this 24th day of October, 2006, I have caused the following documents to be served in the manner indicated on the parties listed below:  BURNS INTERNATIONAL SERVICES CORPORATION'S RESPONSE TO FLOWSERVE CORPORATION'S MOTION FOR THE ENTRY OF AN INJUNCTION ORDER (REDACTED PUBLIC VERSION).

**By Hand Delivery**
Danielle K. Yearick, Esquire
Tybout, Redfearn & Pell
300 Delaware Avenue, 11th Floor
P.O. Box 2092
Wilmington, DE 19899-2092

**By First Class Mail**
Christopher M. Bechhold, Esquire
Thompson Hine, LLP
312 Walnut Street, 14th Floor
Cincinnati, OH  45209

**By First Class Mail**
William Mahoney, Esquire
Ted McCullough, Esquire
Erich Gleber, Esquire
Segal McCambridge Singer & Mahoney, Ltd.
805 Third Avenue, 19th Floor
New York, NY 10022

**By First Class Mail**
Gregory E. Rogus, Esquire
Segal McCambridge Singer
& Mahoney, Ltd.
One IBM Plaza
330 N. Wabash
Chicago, IL  60611


**MURPHY SPADARO & LANDON**

/s/ Francis J. Murphy
Francis J. Murphy, I.D. No. 223
1011 Centre Road, Suite 210
Wilmington, DE  19805
Office (302)472-8100
Fax     (302)472-8135
Email   fmurphy@msllaw.com
Attorneys for Defendant Burns
International Services Corporation

Of Counsel:
Michael H. Moirano
NISEN & ELLIOTT, LLC
200 West Adams Street, Suite 2500
Chicago, Illinois 60606
Tel: (312) 346-7800
Fax: (312) 346-9316
E-mail: mmoirano@nisen.com
Attorneys for Defendant Burns
International Services Corporation