IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FLOWSERVE CORPORATION, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 04-1294-JJF |
| | : | |
| BURNS INTERNATIONAL SERVICES | : | |
| CORPORATION, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM ORDER

Pending before the Court is Plaintiff Flowserve

Corporation's Motion To Set Security Pursuant To Federal Rule Of

Civil Procedure 65(c), Filed Under Seal (D.I. 104). By its

Motion, Flowserve requests the Court to require Burns to set

security in the amount of $3,122,420.00 for the Injunction Order

(D.I. 102) entered by the Court in connection with the Court's

decision to grant Burns' preliminary injunctive relief.

According to Flowserve, this amount reflects the costs Flowserve

expects to incur as a result of the Court's Injunction Order from

the period of March 1, 2006, through April 1, 2007, the date

which Flowserve estimates the Third Circuit will render a

decision on its appeal of the Injunction Order. Flowserve

contends that as a result of the Court's Injunction Order, the

policy limits of Borg-Warner Corporation's ("Borg-Warner") first

layer excess carrier insurance are being eroded by payments to

other insureds, and therefore, Borg-Warner insurance coverage may

not be available to Flowserve by the time the Third Circuit

addresses Flowserve's appeal. Flowserve also contends that the second layer excess insurance carriers are expected to take the position that they are not obligated to reimburse Flowserve for costs that should have been paid by the first layer excess carriers. Thus, Flowserve contends that it will either have no insurance coverage, or be forced to litigate another coverage dispute with the Borg-Warner first and second layer excess carriers.

Defendant Burns International Services Corporation ("Burns") has filed a sealed Response (D.I. 108) opposing the entry of an injunction bond.[1] Burns contends that the security Flowserve seeks is not warranted for several reasons. First, Burns points out that the Court's preliminary Injunction Order was issued on September 14, 2006, and therefore, the applicable time period for any security should not begin on March 1, 2006, the date Flowserve unilaterally elected to take over its own defense and settlement of the insurance claims which were being handled by defense counsel approved by Burns. Burns also contends that Trial is scheduled in this action for November 13, 2006, and that the injunction issue will be resolved at that time either:  (1) through the entry of a permanent injunction for which no bond is required if the Court rules in favor of Burns, or (2) through the mooting of the preliminary Injunction Order if the Court rules in

_____

[1]     To date, Flowserve has not filed a Reply Brief.

2

favor of Flowserve. Thus, Burns contends that security should not be required for the time period extending until April 1, 1007. Burns also contends that there are adequate funds available through Borg-Warner's insurance to reimburse Flowserve, if that result is required, and Flowserve's contention that funds will be unavailable is based on speculation and hearsay.

Federal Rule of Civil Procedure 65(c) provides:

> No restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained.

The Court of Appeals for the Third Circuit has strictly interpreted the bond requirement holding that "[w]hile there are exceptions, the instances in which a bond may not be required are so rare that the requirement is almost mandatory." Frank's GMC Truck Center v. Gen. Motors Corp., 847 F.2d 100, 110 (3d Cir. 1988). Courts have declined to require a bond where the "equities of potential hardships to the parties . . . weighed in favor of waiving the bond requirement." Temple University v. White, 941 F.2d 201, 220 (3d Cir. 1991). By way of specific example, courts have waived the security requirement where there has been no proof of likelihood of harm to the party enjoined, where the party posting security would experience financial difficulty, or where the suit involves the enforcement of important federal rights or public interests. Id. at 219-220 &

3

n.26 (collecting cases). Courts have also drawn a distinction between commercial and non-commercial cases with the above-listed circumstances concerning the balance of the equities applying more typically in non-commercial cases. See e.g., Frank's GMC Truck Center, 847 F.2d at 103; System Operations, Inc. v. Scientific Games Development Corp., 555 F.2d 1131, 1145 (3d Cir. 1977). In commercial cases, however, the failure to post a bond can be reversible error, unless there is no risk of monetary harm to the party bound by the injunction. Hoxworth v. Blinder, Robinson & Co., Inc., 903 F.2d 186, 210 (3d Cir. 1990) (recognizing Third Circuit cases like Frank's GMC Truck and System Operations "[a]t most . . . excuse the posting of a bond when complying with the preliminary injunction 'raises no risk of monetary harm to the defendant'") (emphasis in original) (citations omitted). If security is required, the district court has the discretion to set the amount. Frank's GMC Truck Center, 847 F.2d at 103.

Reviewing the circumstances in this case, the Court cannot conclude that there is absolutely no risk of monetary harm to Flowserve as a result of the Court's injunction. However, in light of the funds currently available under the policies and the speculative nature of Flowserve's allegations that the first and second layer excess insurance carriers do not intend to reimburse

Flowserve[2], the Court is persuaded that Flowserve has significantly overstated the potential harm it faces. Further, the time period for which Flowserve bases the amount of security it seeks is inconsistent with the Court's entry of the Injunction Order. Although the Court issued its opinion on March 22, 2006 and its Order requiring the parties to submit an agreed upon Injunction Order on March 23, 2006, the parties ultimately could not agree on a form of Order. Further briefing and letters were submitted by the parties in connection with this issue, and it was not until September 14, 2006, that the Court issued the final preliminary Injunction Order. Indeed, Flowserve maintained that no temporary restraining order had been issued by the Court as of May 23, 2006, and thus, it is apparent to the Court that Flowserve did not view the Court's Memorandum Opinion granting Burns' motion for injunctive relief to be the equivalent of the Injunction Order. See Bechhold 5/23/06 Letter at ¶ 6. Thus, any fees and costs Flowserve may have incurred as a result of the Court's Injunction Order cannot predate September 14, 2006, the date on which the Court issued the Injunction Order.

---

[2]     Through the affidavit of Christopher M. Bechhold, Flowserve contends that the first layer excess insurance carriers are "refraining from reimbursing Flowserve" and are taking the position that "once their limits of liability are exhausted, they no longer have any obligation to pay Flowserve." Bechhold Affidavit at ¶ 8. Flowserve also contends that "it appears that the [second layer excess insurance carriers] will take the position that they are not obligated to reimburse Flowserve . . ." Id. at ¶ 9.

As for the April 7, 2007 date, the Court likewise agrees with Burns that this date is unreasonable. Trial in this matter will be held on November 13, 2006, and the Court does not expect its decision to be delayed. If the Court finds in favor of Burns, Burns will seek the entry of a permanent injunction, which if granted by the Court, will obviate the need for a preliminary injunction bond. Glaxo Group Ltd. v. Apotex, Inc., 376 F.3d 1339, 1349 n.3 (7th Cir. 2004); G.C. and K.B. Investments, Inc. v. Wilson, 326 F.3d 1096, 1108 (9th Cir. 2003). If the Court finds in favor of Flowserve, however, the preliminary Injunction Order will be dissolved. Thus, in either event, the Court's decision in this case will moot the requirement of bond for the preliminary Injunction Order. Using the amount of bond sought by Flowserve and dividing that number by the approximate number of months during which the Court foresees Flowserve being bound by the preliminary Injunction Order, the Court concludes, in its discretion, that the appropriate amount of security for the Injunction Order in this case should be set at $1,000,000.

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. Plaintiff Flowserve Corporation's Motion To Set Security Pursuant To Federal Rule Of Civil Procedure 65(c), Filed Under Seal is **GRANTED**.

2. The Injunction Order entered September 14, 2006, is hereby amended to require Defendant Burns International Services

Corporation to furnish security in the amount of $1,000,000.

October 26, 2006
     Date

            UNITED STATES DISTRICT JUDGE